The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

                  Plaintiffs,

v.

FORD MOTOR COMPANY,

                  Defendant.

Case No. 3:11-cv-05503-BHS

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

Jury Trial Demanded

Pursuant to the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's July 5, 2011, Minute Order (Dkt. No. 7), the parties submit this Joint Status Report and Discovery Plan, together with one Exhibit. Exhibit A is a chart identifying the parties' proposed case schedules.

**I.      ISSUES IDENTIFIED BY THE COURT'S JULY 5, 2011, MINUTE ORDER**

In accordance with the Court's July 5, 2011, Minute Order, the parties hereby address the following issues:

     **1.      Statement of the nature and complexity of the case.**

This is a complex patent case. Plaintiffs Eagle Harbor Holdings, LLC, and MediusTech, LLC, initiated this action against Defendant Ford Motor Company ("Ford"),

*Joint Status Report*
*Page 1 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

asserting that Ford is liable for knowing and willful infringement of United States Patents 6,615,137, 6,629,033, 6,771,208, 6,778,073, 7,146,260, 7,778,739, and 7,793,136.

Ford answered the Plaintiffs' Complaint by denying the allegations of infringement and asserting counterclaims for a declaratory judgment of non-infringement and invalidity of the asserted patents.

On October 16, 2011, Plaintiffs indicated that they intended to amend their Complaint to withdraw U.S. Patent 6,771,208 and add five additional patents: U.S. Patent Nos. 8,006,117; 8,006,118; 8,006,119; 8,020,028; and 8,027,268.  Plaintiffs' First Amended Complaint was filed on Thursday, October 20, and reflected the addition of those five patents and the withdrawal of the '208 patent.  There are now a total of eleven patents asserted in this case.  Ford's response to the Amended Complaint is due November 7, 2011.

**2.      The results of the FRCP 26(f) conference.**

On October 11, 2011, counsel for Plaintiffs and counsel for Ford conducted a telephone conference pursuant to FRCP 26(f). As a result of that conference and subsequent discussions, the parties were able to reach agreements as stated in this Report and its attendant Exhibits.

**3.      A proposed deadline for joining additional parties.**

See Exhibit A.

**4.      A statement of which ADR method (mediation, arbitration, or other) should be used.**

The parties prefer mediation.

**5.      A statement of when mediation should take place.**

See Exhibit A.

**6.      A proposed discovery plan.**

The parties have agreed upon the following proposed discovery plan:

> (a.)      The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took or will take place.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5

The FRCP 26(f) conference took place on October 11, 2011.  For the patents asserted in Plaintiffs' original complaint, the parties exchanged the initial disclosures required by FRCP 26(a)(1)(A)(i) on October 26, 2011, and agreed to dispense with the other disclosures listed in FRCP 26(a)(1).  The parties agreed to exchange initial disclosures, if any, for the newly-asserted patents on December 2, 2011.

6
7

      (b.)   The subjects upon which discovery may be needed and whether discovery should be conducted in phases or limited to or focused upon particular issues.

8
9
10

The parties agree that discovery may be needed with respect to alleged patent infringement and validity, damages, and other related issues. The parties also propose that discovery should not be phased or limited to or focused upon particular issues.

11
12
13

      (c.)   What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed.

14
15
16
17
18
19
20
21
22

Ford proposes the following changes to the discovery limitations in the Federal or Local Civil Rules: (1) each side will be permitted to take fifteen (15) depositions of the opposing party and/or its employees, principals, or agents, and thirty (30) depositions of third parties; and (2) each side will be permitted to serve thirty-five (35) interrogatories. Ford further proposes that Ford should be entitled to depose each inventor for seven (7) hours per patent, to be counted as a single deposition.  Ford submits that these limitations are appropriate in light of the number of patents at issue and the fact that Plaintiffs' initial disclosures identify fifty-four  (54) persons who allegedly have knowledge relevant to this case.

23
24
25
26
27

Plaintiffs propose that each side be limited to a total of seventy hours of deposition time from all sources, excluding experts.  Plaintiffs submit that allowing Defendant to take fifteen depositions of the Plaintiffs would be excessive in light of the fact that only three of the persons identified in the Plaintiffs' initial disclosures are presently or formerly associated with them.  Plaintiffs are prepared to abide by the seventy-hour deposition limit

28

*Joint Status Report*
*Page 3 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

they have proposed despite having identified fifty-one persons presently or formerly associated with the Defendant in their initial disclosures.  Plaintiffs propose that depositions of the inventors beyond two seven (7) hour days or interrogatories in excess of twenty-five (25) as provided in FRCP 33(a)(1) are unwarranted in light of the mandatory disclosures required by the Local Patent Rules and the fact that the eleven asserted patents derive from only five applications directed to related subject matter.

      (d.)    A statement of how discovery will be managed so as to minimize expense.

To manage discovery and to minimize expense, the parties propose to the following:

1. *Court reporting*: the parties will use a single national court reporting agency and videographer service, provided that the agency or service applies substantially identical fee schedules and promotions to all parties.

2. *Videotaped depositions*: if expert depositions are videotaped, the deposing party will bear the cost of the videotaping.

3. *Discovery disputes*: any discovery disputes will be addressed promptly in a telephone conference between lawyers with authority, subject only to client approval, to resolve the dispute.  The parties further respectfully request that the Court first attempt to resolve discovery disputes with a telephone conference.

4. *Rolling document production*: documents will be produced on a rolling basis as they become available.

5. *Exceptions to privilege logging*: documents withheld from production based on a reasonable, good faith assertion of attorney-client privilege or work product protection need not be included in the withholding party's privilege log if the privileged communication in question (a) occurred after June 30, 2011 (the date this action was filed), or (b)

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

was a communication with ultimate trial counsel in anticipation of or preparation for this litigation. However, the parties agree that communications with ultimate trial counsel prior to the filing of this lawsuit in connection with any offers to anyone to license the patents-in-suit must be logged.

6. *Inadvertent production claw-back*: inadvertent production of documents that are protected by the attorney-client privilege, or the attorney work-product doctrine, shall not constitute a waiver of the producing party's privilege or protection. Upon a request by the producing party, the receiving party will promptly return or destroy the original and all copies of such protected documents, and no such inadvertently produced document shall be used in evidence against the producing party unless first put into evidence by the producing party.

7. *Service of papers by email*: the parties will serve all papers (complete with all attachments) by email to a designated service list of opposing counsel, and such service shall be deemed service-in-hand as described by FRCP 5(b)(2)(A), so that the three-day addition described in FRCP 6(d) will not apply to such service.

8. *Expert discovery*: In addition to the limitations on expert discovery set forth in FRCP 26(b)(4), the parties agree they will not seek discovery concerning, or inquire into information exchanged between, the parties, their attorneys, and their experts, except to the extent that such communications or exchanged documents form the basis, in whole or part, of the expert's opinion in this case. This agreement covers drafts of expert reports, as well as work product of the experts that may not have been directly shared with the party or its counsel.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

This agreement does not, however, prohibit counsel from inquiring of the expert whether publicly available materials and/or documents produced by either party were considered by the expert, regardless of whether such materials actually form the basis for the expert's opinions. .

    (e.)    Any other orders that should be entered by the Court under FRCP 26(C) or under Local Rule CR 16(b) and (c).

The parties are in the process of negotiating a stipulated protective order.

**7.    The date by which the remainder of discovery can be completed.**

See Exhibit A.

**8.    Do the parties consent to assignment of this case to a full-time United States Magistrate Judge, pursuant to 28 U.S.C. § 636?**

The parties do not consent to assignment of this case to a full-time United States Magistrate Judge.

**9.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way?**

At this time, the parties do not propose that this case should be bifurcated.  In light of the early stage of the case and the complexity of the issues to be tried, Ford reserves its right to seek bifurcation at a later date.

**10.    Whether the pretrial statements and pretrial order called for Local Rules CR 16(e), (h), (i) and (1), and 16.1 should be dispensed with in whole or in part for the sake of economy?**

Plaintiffs propose that the pretrial statements called for by Local Rules CR 16(e), (h), (i) and (1), and 16.1 should be dispensed with in whole.  Ford does not agree that dispensing with the Rule 16 and 16.1 statements is appropriate in light of the complexity of this case.

**11.    Any other suggestions for shortening or simplifying the case.**

At this time, the parties propose no other suggestions for shortening or simplifying the case.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

**12.     The date the case will be ready for trial.**

See Exhibit A.

**13.     Whether the trial will be by jury or non-jury.**

The trial will be by jury.

**14.     The total number of trial days required.**

Plaintiffs anticipate that the trial will require ten full days.  Defendant anticipates that the  trial will require fifteen full days.  The parties agree to split time evenly between Plaintiffs and Defendant.

**15.     The dates on which trial counsel may have complications to be considered in setting a trial date.**

The parties are aware of no scheduled complications to be considered in setting a trial date within a month of the trial dates proposed in Exhibit A.

**16.     Whether this case should be considered for designation for trial at the Federal Building in Vancouver?**

The parties propose that this jury trial should not be considered for trial at the Federal Building in Vancouver, Washington.

**17.     If on the date of the Report, all Defendant(s) or Respondent(s) have not been served, why not and when will service be complete?**

Service is complete and all parties have appeared.

**II.    ISSUES IDENTIFIED BY LOCAL PATENT RULE 110**

In addition to the issues this Court identified in its July 5, 2011, Minute Order, Local Patent Rule 110 directs the parties to address the following issues in this Report:

**1.     Whether changes should be made to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were or will be made.**

The parties propose that subsections (ii), (iii), and (iv) of FRCP 26(a)(1)(A) should not apply to initial disclosures in this matter, and that initial disclosures should be deemed complete if their substance contains only the information described in FRCP 26(a)(1)(A)(i).

*Joint Status Report*
*Page 7 of 17*

SUSMAN  GODFREY  L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

Ford further proposes that the parties exchange initial disclosures, if any, relating to the newly-asserted patents on December 2, 2011, as set forth in Section I.6.a, above.

**2.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

See Section I, paragraph 6(b), above.

**3.     Whether changes should be made on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

See Section I, paragraph 6(c), above.

**4.     Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

See Section I, paragraph 6(e), above.

**5.     Any proposed modification of the deadlines provided for in these Local Patent Rules, and the effect of any such modification on the date and time of the Claim Construction, if any.**

The parties propose the modifications to the Local Patent Rule deadlines set forth in Exhibit A.

**6.     Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' position on how they should be addressed.**

The parties agree that confidentiality concerns with respect to disclosures pursuant to the Federal Rules of Civil Procedure and the Local Civil and Patent Rules of this Court should be addressed with the proposed stipulated motion for protective order.

**7.     Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology.**

The parties propose that a live technology tutorial take place on the day before the claim construction hearing.

**8.     Whether discovery should be allowed before the disclosures required by Local Patent Rule 120.**

Plaintiffs propose that discovery commence immediately, dispute that Local Patent Rule 110(8) creates any other presumption, and note that Ford has already served

*Joint Status Report*
*Page 8 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

comprehensive document requests and interrogatories in this case, while Plaintiffs have only served narrowly-targeted requests for documents sufficient to show the operation of the accused instrumentalities in order to more accurately prepare their Local Patent Rule 120 contentions.

Defendant proposes that, in light of the eleven asserted patents and consistent with Local Patent Rule 110(8), discovery begin after Plaintiffs have served the disclosures required by Local Patent Rule 120. Defendant's position is that such a schedule will significantly streamline the case and avoid unnecessary discovery. Defendant served the above-referenced discovery provisionally, because a scheduling order has not yet entered in this case. To the extent the Court agrees with Ford that discovery should commence after Plaintiffs' Patent Rule 120 disclosures, Ford agrees that its discovery requests (along with those served by the Plaintiffs) should be deemed served on the date of those disclosures.

> **9.** **Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing and, if so, the nature of such motion.**

Plaintiffs do not plan to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing. Defendant intends to file a motion pursuant to FRCP 12(c).

> **10.** **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

The parties agree there is no need for specific limits on discovery relating to claim construction, including depositions of lay and expert witnesses, except to the extent provided by the Federal Rules of Civil Procedure and the Local Civil and Patent Rules, and as set forth in Section I.6(c).

> **11.** **Whether the Court should appoint an expert to hear and make recommendations on claim construction issues.**

The parties propose that this Court not appoint an expert to make recommendations on claim construction issues.

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

12.     **The nature of the Claims Construction Hearing (e.g., an evidentiary hearing).**

The parties propose that the Claim Construction Hearing be non-evidentiary.

13.     **Proposed deadlines for discovery, dispositive motions, mediation, and trial dates.**

See Exhibit A.

14.     **Whether the Court should hold a Scheduling Conference to address the issues raised in the Joint Status Report.**

Plaintiffs' position is that a scheduling conference is not necessary in this case. Ford's position is that a scheduling conference is appropriate in light of Plaintiffs' recent addition of five new patents to the case, as well as the significant disparity between the schedules the parties have proposed in Exhibit A.

Dated: November 2, 2011

By:/s/  Parker C. Folse III
Parker C. Folse III (WSBA No. 24895)
E-Mail:  pfolse@susmangodfrey.com
Ian B. Crosby (WSBA No. 28461)
E-mail:  icrosby@susmangodfrey.com
Floyd G. Short (WSBA No. 21632)
E-Mail:  fshort@susmangodrey.com
SUSMAN GODFREY L.L.P.
1201 3rd Avenue, Suite 3800
Seattle, WA 98101
Tel:  (206) 516-3861
Fax:  (206) 516-3883

*Counsel for Plaintiffs*

By:/s/  Duncan E. Manville
Duncan E. Manville
Savitt Bruce & Willey LLP
Joshua Green Building
1425 Fourth Avenue, Suite 800
Seattle, WA 98101
Tel:  (206) 749-0500

*Joint Status Report*
*Page 10 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

Fax:  (206) 749-0600

Michael  J. Summersgill
Sarah Beigbeder Petty
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

Todd C. Zubler
Grant K. Rowan
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Tel: (202) 663-6636
Fax:  (202) 663-6363

Frank A. Angileri
John S. LeRoy
Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI  48075
Tel: (248) 358-4400
Fax:  (248) 358-3351

*Counsel for Defendant*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

1

# **Exhibit A: Proposed Case Schedule**

2

3

4

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Rule 120 Disclosure of Asserted Claims and Infringement Contentions | December 2, 2011 | February 2, 2012 |
| Rule 121 Non-infringement and Invalidity Contentions | January 31, 2011 | May 2, 2011 |
| Rule 130(a) Proposed Terms for Construction | March 1, 2012 | August 2, 2012 |
| Rule 131(a) Preliminary Claim Construction | April 5, 2012 | September 6, 2012 |
| Rule 132(a) Joint Claim Construction Statement and 132(f) Expert Disclosures | May 21, 2012 | October 3, 2012 |
| Rule 133 Completion of Claim Construction Discovery | July 10, 2012 | January 11, 2013 |
| Rule 134(a) Opening Claim Construction Brief | July 16, 2012 | January 31, 2013 |
| Rule 134(c) Responsive Claim Construction Brief | August 15, 2012 | March 15, 2013 |
| Rule 135 Claim Construction Hearing | TBD | TBD |
| Motions to Join Parties | December 1, 2012 | December 1, 2012 |
| Discovery Deadline (including discovery motions pursuant to L.R. 16(f)) | April 24, 2013 | February 12, 2014 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Joint Status Report*
*Page 12 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|-------|---------------------------|---------------------------|
| Dispositive Motion Deadline | May 21, 2013 | March 14, 2014 |
| Deadline for Rule 39.1(c) Mediation | July 22, 2013 | May 14, 2014 |
| Trial Begins | September 3, 2013 (ten days) | June 16, 2014 (fifteen days) |

**Plaintiffs' Argument in Support of Their Proposed Case Schedule:**

Plaintiffs' proposed schedule is substantially the same as the schedule proposed by Defendant at the Rule 26(f) conference based on the original Complaint. It differs only in proposing (1) thirty days from the service of Defendant's non-infringement and validity contentions under L.P.R. 121 to the exchange of proposed terms for construction, rather than sixty days, as Defendant had proposed, or twenty days, as provided by L.P.R. 130(a); and (2) a trial date in September rather than November 2013, as Defendant indicated it was considering, or June, as Plaintiffs had proposed.

Plaintiffs propose that no deviation from this prior proposal is warranted because the Amended Complaint actually reduces the complexity of the case. The original Complaint asserted seven U.S. patents: 6,615,137, 6,629,033, 6,771,208, 6,778,073, 7,146,260, 7,778,739, and 7,793,136. These seven patents derived from six different applications, and were asserted against six vehicle systems, namely SYNC, MyKey, Active Park Assist, Stability Control, Blind Spot Identification System, and Cross Traffic Alert. The Amended Complaint withdrew U.S. Patent 6,771,208 and Plaintiffs' allegations of infringement by Blind Spot Identification System and Cross Traffic Alert. It also added the assertion of U.S. Patents 8,006,117, 8,006,118, 8,006,119, 8,020,028, and 8,027,268, all against SYNC.

Although the Amended Complaint increased the number of asserted patents, it in fact reduced the overall complexity of the case. The '117, '118, '119, and '028 patents are all

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

continuations of the application that issued as the '360 patent—that is, they share a common specification (i.e., drawings and written description of the invention).  Their claims are directed toward the same subject matter as the claims of the '360 patent, and have similar, though not identical scope.  Similarly, the '268 patent is a continuation of the application for the '260 patent, and its claims are likewise directed toward similar subject matter.  Thus, the effect of the Amended Complaint was to withdraw the subject matter of an entire patent specification (that of the '208 patent) and the operation of two vehicle systems (Blind Spot Identification System and Cross Traffic Alert), while adding only the issues associated with modest variations on and permutations of claim elements that were already in issue under the original Complaint.

The number of individuals identified in Plaintiffs' initial disclosures also provides no basis for adopting a longer schedule.  Fifty-one of the fifty-four persons identified in Plaintiffs' initial disclosures are inventors of Ford patents relating to the accused vehicle systems, with the remaining three individuals being presently or formerly associated with the Plaintiffs.  Plaintiffs have volunteered to complete their deposition discovery of these individuals in seventy hours of record time, which can easily be accommodated in Plaintiffs' proposed schedule.  Obviously, Defendant has no need to take extensive depositions of its own people.

The Court's entry of a longer schedule in *Syntrix Biosystems, Inc. v. Illumina, Inc.* (3:10-cv-5870-BHS, Doc. # 47 at 1), cited by Defendant below, is wholly inapposite because that case, in addition to a count of patent infringement, asserted claims for misappropriation of trade secrets, breach of contract, and unjust enrichment, none of which are asserted here.

Defendant cannot deny that its own proposed schedule leading up to a trial date in November 2013 would have been adequate to address the issues raised in the original Complaint.  Defendant has failed to identify with specificity any additional issues raised by the newly-asserted patents, much less explained why such issues would justify setting this

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

case for trial nearly three years after it was filed and seven months after the date they themselves contemplated when the case was in fact broader in scope.  Plaintiffs' proposed schedule provides ample time for discovery and development of all the issues in the case.

**Defendant's Argument in Support of Its Proposed Case Schedule:**

Ford's proposed case schedule is appropriate given the complexity of this case. Plaintiffs have asserted ***eleven*** patents, which is an extraordinary number even for major patent litigation.  Each of the 11 patents will require separate claim construction, non-infringement, and invalidity analyses.  Moreover, Plaintiffs have accused multiple technologies that are very different from one another – they include an automated parking feature, an audio system, vehicle stability control, and the internal computer processing of Ford's SYNC infotainment system.  These are complex systems whose precise functionality may, in many cases, need to be determined at the level of computer source code.

Plaintiffs' initial disclosures confirm the magnitude and complexity of this case. Plaintiffs identify ***fifty-four (54) individuals***, many of whom are non-parties, who allegedly have knowledge relevant to this dispute.  (Defendant's initial disclosures identify an additional ten individuals and/or entities beyond those listed on Plaintiffs' disclosures.)

Defendant's proposed schedule—which seeks a trial date approximately 32 months from the filing of this submission—is consistent with this Court's approach in prior scheduling orders.  In *Syntrix Biosystems, Inc. v. Illumina, Inc.* (3:10-cv-5870-BHS, Doc. # 47 at 1), the Court set a trial date 22 months from the scheduling order where the Plaintiff had asserted claims for misappropriation of trade secrets and infringement of a single patent. This case, by contrast, is far more complicated –involving ***ten additional patents*** asserted against multiple accused systems.  Plaintiffs' proposed 22-month schedule for *this case* simply ignores how much more complex this case is than a single-patent case like *Syntrix*. In light of that complexity, Ford's proposed 32-month schedule is both reasonable and warranted.

*Joint Status Report*
*Page 15 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

Plaintiffs make two basic arguments in support of their proposed case schedule. **First**, they assert that the schedule they propose above is "substantially the same" as the one that Ford proposed in the parties' Rule 26 conference. **Second**, they assert that their addition of five patents **after** the Rule 26 conference in fact "reduces the complexity of the case." Both of these arguments are misplaced.

As an initial matter, whether Plaintiffs' proposed schedule is similar to that proposed by Ford at the 26(f) conference is irrelevant because Ford's proposal was made prior to Plaintiffs' amendment of their complaint to add five new patents.  When there were still only seven patents at issue in this case, Ford proposed a trial date in November 2013 and several modifications to the schedule set forth in this Court's Local Patent Rules.[1]  Five days after the parties had conferred pursuant to Rule 26, Plaintiffs informed Ford that they intended to amend their complaint so as to nearly double the number of asserted patents. Counsel for Ford immediately informed counsel for Plaintiffs that the proposed amendment would affect the case schedule the parties had previously discussed.   The schedule proposed by Ford in this submission reflects the addition of five new patents since the parties' Rule 26 conference.

Plaintiffs' assertion that the addition of these five new patents somehow makes this case less complex is also simply incorrect.   Although Plaintiffs did drop one patent and accused Ford system when they amended their complaint, each new patent adds an entirely new layer of complexity and burden to this case.  Each patent has its own claims, which are necessarily different from the claims of the previously-asserted patents.  That certain of the new patents share a specification and are asserted against a previously-accused component does not change the fact that the five new sets of claims will each require, at the very least:

- Separate claim constructions;

---

[1] Plaintiffs incorrectly suggest that the only aspects of the schedule proposed by Ford in the Rule 26 conference that are not reflected in Plaintiffs' proposed schedule are the deadline for Rule 130 disclosures and the trial date .  Plaintiffs ignore, however, *that the Local Rules and the  Local Patent Rules link nearly every other case deadlines to one of these two dates*.  See L.P.R. 132, 133, 134, L.R. 16

*Joint Status Report*
*Page 16 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341

- Separate non-infringement analyses; and
- Separate invalidity analyses

Indeed, if the new patents were as similar to the previously asserted patents as Plaintiffs try to suggest, there would be no reason for Plaintiffs to assert all eleven.  It is Plaintiffs' chosen litigation strategy that necessitates a longer schedule here.

The 22-month schedule Plaintiffs have proposed will not allow the parties sufficient time to fully litigate these issues and the issues raised by the originally-asserted patents. Plaintiffs made the decision to assert a large number of patents -- Ford respectfully requests that this Court enter a schedule that gives it a fair opportunity to prepare its defenses against each of those patents.

*Joint Status Report*
*Page 17 of 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1899035v1/012341

1967284v1/012341