1    The Honorable Benjamin H. Settle

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON AT TACOMA
9

10   EAGLE HARBOR HOLDINGS LLC, and
     MEDIUSTECH LLC,                              Case No. 3:11-cv-05503-BHS
11
                  Plaintiffs,
12
     v.                                           **ANSWER TO FIRST AMENDED
13                                                COMPLAINT AND COUNTERCLAIMS**
     FORD MOTOR COMPANY,
14
                  Defendant.
15

16

17           Pursuant to Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, Defendant Ford

18   Motor Company ("Ford") answers the allegations of the First Amended Complaint ("Amended

19   Complaint") of Plaintiffs Eagle Harbor Holdings, LLC ("Eagle Harbor") and MediusTech, LLC

20   ("MediusTech") (collectively, "Plaintiffs"), based upon actual knowledge as to itself and upon

21   information and belief as to all other persons and events, as follows.  All allegations not

22   expressly admitted are denied.

23                                       **THE PARTIES**

24           1.       Ford is currently without knowledge or information sufficient to form a belief as

25   to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

26           2.       Ford is currently without knowledge or information sufficient to form a belief as

27   to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

28           3.       Admitted.

                                                   SAVITT BRUCE & WILLEY LLP
                                                   1425 Fourth Avenue, Suite 800
                                                   Seattle, Washington  98101-2272
                                                   (206) 749-0500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

4.      Ford admits that the Amended Complaint purports to set forth a cause of action for patent infringement.  Ford states that the remainder of paragraph 4 consists of conclusions of law to which no response is required.  To the extent a response is required, Ford denies the remaining allegations contained in paragraph 4.

5.      Ford denies that it has "committed acts of infringement" in this judicial district or any other judicial district.  Ford further denies that a "substantial part of the events giving rise to [Plaintiffs'] claims" occurred in this judicial district.  Ford admits that it conducts business in this district.  Ford states that the remainder of paragraph 5 consists of conclusions of law to which no response is required.  To the extent a response is required, Ford denies the remaining allegations contained in paragraph 5.

## FACTUAL BACKGROUND

6.      Ford is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      Ford admits that, between 2002 and 2008, there were meetings and communications between Medius personnel and Ford personnel.  Ford admits that Volvo was owned by Ford during the stated period 2002-2008.  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 7.

8.      Ford is without sufficient information to admit or deny whether Medius met with Ford in response to a request from Motorola or whether a "former Ford executive joined Medius's Board of Advisors."  Ford admits that, in fall 2002, employees of Ford met with employees of Medius.  Ford denies the remaining allegations contained in paragraph 8.

9.      Upon information and belief, Ford admits that Medius personnel met with Volvo personnel on occasion between 2004 and 2008.  Upon reasonable investigation, Ford has been unable to locate any basis for the allegations contained in the remainder of paragraph 9 of the Amended Complaint and so therefore denies them.

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 2
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

10.     Ford admits that, on certain occasions between 2004 and 2008, Medius personnel met with Ford personnel.  To the extent a further response is required, Ford denies the remaining allegations contained in the first sentence of paragraph 10.

a.     Upon a reasonable investigation, Ford has been unable to locate any basis for the allegations contained in paragraph 10a of the Amended Complaint and so therefore denies them.

b.     Ford admits that Medius communicated with Ford in July 2004.  Upon a reasonable investigation, Ford has been unable to locate any basis for the allegations that such communications took place on July 20 or 21, and referred to U.S. Patent No. 6,615,137, so therefore denies these allegations.

c.     Ford admits that it communicated with Medius in August 2004.  Upon a reasonable investigation, Ford has been unable to locate any basis for the allegation that such communications took place on the 20th of August and that they involved licensing, so therefore denies them.  Ford denies that it needed a license to Medius's technology at that or any time.

d.     Upon a reasonable investigation, Ford has been unable to locate any basis for the allegations contained in Paragraph 10d of the Amended Complaint and therefore denies them.

11.     Ford admits that, by 2008, it was no longer communicating directly with Medius.  Ford is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph 11 of the Amended Complaint.

12.     Ford admits that it was contacted in January 2009 regarding U.S. Patent No. 6,778,073.  Ford specifically denies that it infringes that patent, or any other asserted patent.  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 12.

13.     Ford admits that it was contacted in March 2010 regarding U.S. Patent Nos. 6,778,073; 6,629,033; and 7,146,260, and Application Nos. 11/462,958 and 11/616,650, neither of which had issued as a patent at that time.  Ford admits that the letter refers to Ford's SYNC

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 3
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

system.  Ford specifically denies that it infringes those patents, or any other asserted patent.  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 13.

14.     Ford denies the allegations set forth in paragraph 14 of the Amended Complaint.

**COUNT I:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,615,137**

15.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

16.     Ford admits that United States Patent No. 6,615,137 ("the '137 patent") is entitled "Method and Apparatus for Transferring Information between Vehicles."  Ford admits that Exhibit A to the Amended Complaint purports to be a copy of the '137 patent.  Ford states the '137 patent, on its face, indicates that it was issued on September 2, 2003.  Ford denies that the '137 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '137 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 16.

17.     Ford denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Ford denies the allegations contained in paragraph 18 of the Amended Complaint.

**COUNT II:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,629,033**

19.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

20.     Ford admits that United States Patent No. 6,629,033 ("the '033 patent") is entitled "Open Communication System for Real-Time Multiprocessor Applications."  Ford admits that Exhibit B to the Amended Complaint purports to be a copy of the '033 patent.  Ford states the '033 patent, on its face, indicates that it was issued on September 30, 2003.  Ford denies that the '033 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '033 patent describes or claims an "invention."

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 4
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 20.

21.     Ford denies the allegations contained in paragraph 21 of the Amended Complaint.

22.     Ford denies the allegations contained in paragraph 22 of the Complaint.

**COUNT III:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,778,073**

23.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

24.     Ford admits that United States Patent No. 6,778,073 ("the '073 patent") is entitled "Method and Apparatus for Managing Audio Devices."  Ford admits that Exhibit C to the Amended Complaint purports to be a copy of the '073 patent.  Ford states the '073 patent, on its face, indicates that it was issued on August 17, 2004.  Ford denies that the '073 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '073 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 24.

25.     Ford denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Ford denies the allegations contained in paragraph 26 of the Amended Complaint.

**COUNT IV:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,146,260**

27.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

28.     Ford admits that United States Patent No. 7,146,260 ("the '260 patent") is entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System."  Ford admits that Exhibit D to the Amended Complaint purports to be a copy of the '260 patent.  Ford states the '260 patent, on its face, indicates that it was issued on December 5, 2006.  Ford

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 5
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

denies that the '260 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '260 patent describes or claims an "invention." To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 28.

29.     Ford denies the allegations contained in paragraph 29 of the Amended Complaint.

30.     Ford denies the allegations contained in paragraph 30 of the Amended Complaint.

**COUNT V:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,778,739**

31.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

32.     Ford admits that United States Patent No. 7,778,739 ("the '739 patent") is entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System."  Ford admits that Exhibit E to the Amended Complaint purports to be a copy of the '739 patent.  Ford states the '739 patent, on its face, indicates that it was issued on August 17, 2010.  Ford denies that the '739 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '739 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 32.

33.     Ford denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     Ford denies the allegations contained in paragraph 34 of the Amended Complaint.

**COUNT VI:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,793,136**

35.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

36.     Ford admits that United States Patent No. 7,793,136 ("the '136 patent") is entitled "Application Management System with Configurable Software Applications."  Ford

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 6
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

admits that Exhibit F to the Amended Complaint purports to be a copy of the '136 patent. Ford states the '136 patent, on its face, indicates that it was issued on September 7, 2010. Ford denies that the '136 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '136 patent describes or claims an "invention." To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 36.

37.     Ford denies the allegations contained in paragraph 37 of the Amended Complaint.

38.     Ford denies the allegations contained in paragraph 38 of the Amended Complaint.

**COUNT VII:  ALLEGED INFRINGEMENT OF U.S. PATENT NO.  8,006,117**

39.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

40.     Ford admits that United States Patent No. 8,006,117 ("the '117 patent") is entitled "Method for Multi-tasking Multiple Virtual Java Machines in a Secure Environment." Ford admits that Exhibit G to the Amended Complaint purports to be a copy of the '117 patent. Ford states the '117 patent, on its face, indicates that it was issued on August 23, 2011. Ford denies that the '117 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '117 patent describes or claims an "invention." To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 40.

41.     Ford denies the allegations contained in paragraph 41 of the Amended Complaint.

**COUNT VIII:  ALLEGED INFRINGEMENT OF U.S. PATENT NO.  8,006,118**

42.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 7
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

43.     Ford admits that United States Patent No. 8,006,118 ("the '118 patent") is entitled "System and Method for Application Failure Detection."  Ford admits that Exhibit H to the Amended Complaint purports to be a copy of the '118 patent.  Ford states the '118 patent, on its face, indicates that it was issued on August 23, 2011.  Ford denies that the '118 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '118 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 43.

44.     Ford denies the allegations contained in paragraph 44 of the Amended Complaint.

**COUNT IX:  ALLEGED INFRINGEMENT OF U.S. PATENT NO.  8,006,119**

45.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

46.     Ford admits that United States Patent No. 8,006,119 ("the '119 patent") is entitled "Application Management System."  Ford admits that Exhibit I to the Amended Complaint purports to be a copy of the '119 patent.  Ford states the '119 patent, on its face, indicates that it was issued on August 23, 2011.  Ford denies that the '119 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '119 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 46.

47.     Ford denies the allegations contained in paragraph 47 of the Amended Complaint.

**COUNT X:  ALLEGED INFRINGEMENT OF U.S. PATENT NO.  8,020,028**

48.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

49.     Ford admits that United States Patent No. 8,020,028 ("the '028 patent") is entitled "Application Management System for Mobile Devices."  Ford admits that Exhibit J to the Amended Complaint purports to be a copy of the '028 patent.  Ford states the '028 patent,

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 8
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

on its face, indicates that it was issued on September 13, 2011.  Ford denies that the '028 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '028 patent describes or claims an "invention."  To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 49.

50.     Ford denies the allegations contained in paragraph 50 of the Amended Complaint.

**COUNT XI:  ALLEGED INFRINGEMENT OF U.S. PATENT NO.  8,027,268**

51.     Ford restates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

52.     Ford admits that United States Patent No. 8,027,268 ("the '268 patent") is entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System."  Ford admits that Exhibit K to the Amended Complaint purports to be a copy of the '268 patent.  Ford states the '268 patent, on its face, indicates that it was issued on September 27, 2011.  Ford denies that the '268 patent was duly and legally issued by the United States Patent and Trademark Office, and further denies that the '268 patent describes or claims an "invention." To the extent a further response is required, Ford denies the remaining allegations contained in paragraph 52.

53.     Ford denies the allegations contained in paragraph 53 of the Amended Complaint.

**JURY DEMAND**

54.     No response is required to Plaintiffs' jury demand.

**PRAYER FOR RELIEF**

55.     Ford denies that Plaintiffs are entitled to judgment in their favor or any other relief.

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 9
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

56.     Ford does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claim of any of  U.S. Patent Nos. 6,615,137; 6,629,033; 6,778,073; 7,146,260; 7,778,739; 7,793,136; 8,006,117; 8,006,118; 8,006,119; 8,020,028; 8,027,268 (collectively, the "patents-in-suit").

### SECOND AFFIRMATIVE DEFENSE

57.     The claims of the patents-in-suit are invalid for failing to meet one or more of the requisite and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

### THIRD AFFIRMATIVE DEFENSE

58.     Plaintiffs' claim for injunctive relief is barred because Plaintiffs do not practice the purported invention of the patents-in-suit and have suffered no irreparable harm.

### FOURTH AFFIRMATIVE DEFENSE

59.     Ford reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaim Plaintiff Ford alleges as follows:

1.     These are counterclaims for declarations of non-infringement and invalidity of one or more claims of U.S. Patent Nos. 6,615,137 ("the '137 patent"); 6,629,033 ("the '033 patent"); 6,778,073 ("the '073 patent"); 7,146,260 ("the '260 patent"); 7,778,739 ("the '739

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 10
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

patent"); 7,793,136 ("the '136 patent"); 8,006,117 ("the '117 patent"); 8,006,118 ("the '118 patent"); 8,006,119 ("the '119 patent"); 8,020,028 ("the '028 patent"); and 8,027,268 ("the '268 patent")  (collectively, the "patents-in-suit").

2.      The counterclaim plaintiff Ford Motor Company ("Ford") is a Delaware corporation having its principal place of business at 1 American Road, Dearborn, MI 48126.

3.      The counterclaim defendant Eagle Harbor Holdings, LLC ("Eagle Harbor") alleges in its Amended Complaint that it is a limited liability company organized under the laws of the state of Washington, with its principal place of business at 175 NE Parfitt Way, Suite S140, Bainbridge Island, Kitsap County, WA 98110.

4.      The counterclaim defendant MediusTech, LLC ("MediusTech") alleges in its Amended Complaint that it is a limited liability company organized under the laws of the state of Washington, with its principal place of business at 175 NE Parfitt Way, Suite S140, Bainbridge Island, Kitsap County, WA 98110.

5.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

6.      To the extent venue is proper as to the complaint pursuant to 28 U.S.C. §§ 1391(b) and (c), it is also proper as to these counterclaims.

7.      Eagle Harbor and MediusTech have sued Ford claiming that Eagle Harbor and MediusTech are the owner and exclusive licensee, respectively, of the patents-in-suit and accusing Ford of infringing the patents-in-suit.

8.      An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I

### (Non-Infringement and Invalidity of the '137 Patent)

9.      Paragraphs 1-8 are realleged and incorporated fully as if set forth herein.

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 11
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

10.    Ford has not infringed, and is not infringing, the '137 patent, either directly or indirectly.

11.    One or more claims of the '137 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

12.    Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '137 patent, and that the '137 patent is invalid.

## COUNT II

### (Non-Infringement and Invalidity of the '033 Patent)

13.    Paragraphs 1-12 are realleged and incorporated fully as if set forth herein.

14.    Ford has not infringed, and is not infringing, the '033 patent, either directly or indirectly.

15.    One or more claims of the '033 patent are invalid and/or unenforceable for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

16.    Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '033 patent, and that the '033 patent is invalid and unenforceable.

## COUNT III

### (Non-Infringement and Invalidity of the '073 Patent)

17.    Paragraphs 1-16 are realleged and incorporated fully as if set forth herein.

18.    Ford has not infringed, and is not infringing, the '073 patent, either directly or indirectly.

19.    One or more claims of the '073 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 12
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

3

4

      20.    Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '073 patent, and that the '073 patent is invalid.

5

6

### COUNT IV

### (Non-Infringement and Invalidity of the '260 Patent)

7

8

      21.    Paragraphs 1-20 are realleged and incorporated fully as if set forth herein.

9

      22.    Ford has not infringed, and is not infringing, the '260 patent, either directly or indirectly.

10

11

      23.    One or more claims of the '260 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

12

13

14

15

      24.    Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '260 patent, and that the '260 patent is invalid.

16

17

### COUNT V

### (Non-Infringement and Invalidity of the '739 Patent)

18

19

      25.    Paragraphs 1-24 are realleged and incorporated fully as if set forth herein.

20

      26.    Ford has not infringed, and is not infringing, the '739 patent, either directly or indirectly.

21

22

      27.    One or more claims of the '739 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

23

24

25

      28.    Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '739 patent, and that the '739 patent is invalid.

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 13
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VI**

**(Non-Infringement and Invalidity of the '136 Patent)**

29.     Paragraphs 1-28 are realleged and incorporated fully as if set forth herein.

30.     Ford has not infringed, and is not infringing, the '136 patent, either directly or indirectly.

31.     One or more claims of the '136 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

32.     Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '136 patent, and that the '136 patent is invalid.

**COUNT VII**

**(Non-Infringement and Invalidity of the '117 Patent)**

33.     Paragraphs 1-32 are realleged and incorporated fully as if set forth herein.

34.     Ford has not infringed, and is not infringing, the '117 patent, either directly or indirectly.

35.     One or more claims of the '117 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

36.     Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '117 patent, and that the '117 patent is invalid.

**COUNT VIII**

**(Non-Infringement and Invalidity of the '118 Patent)**

37.     Paragraphs 1-36 are realleged and incorporated fully as if set forth herein.

38.     Ford has not infringed, and is not infringing, the '118 patent, either directly or indirectly.

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 14
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    39.    One or more claims of the '118 patent are invalid for failing to meet one or more

2    requisite conditions for patentability pursuant to Title 35 of the United States Code, including

3    without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other

4    equitable doctrines.

5    40.    Ford is entitled to a declaratory judgment that it has not infringed and is not

6    infringing the '118 patent, and that the '118 patent is invalid.

7                                    **COUNT IX**

8                    **(Non-Infringement and Invalidity of the '119 Patent)**

9    41.    Paragraphs 1-40 are realleged and incorporated fully as if set forth herein.

10   42.    Ford has not infringed, and is not infringing, the '119 patent, either directly or

11   indirectly.

12   43.    One or more claims of the '119 patent are invalid for failing to meet one or more

13   requisite conditions for patentability pursuant to Title 35 of the United States Code, including

14   without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other

15   equitable doctrines.

16   44.    Ford is entitled to a declaratory judgment that it has not infringed and is not

17   infringing the '119 patent, and that the '119 patent is invalid.

18                                   **COUNT X**

19                   **(Non-Infringement and Invalidity of the '028 Patent)**

20   45.    Paragraphs 1-44 are realleged and incorporated fully as if set forth herein.

21   46.    Ford has not infringed, and is not infringing, the '028 patent, either directly or

22   indirectly.

23   47.    One or more claims of the '028 patent are invalid for failing to meet one or more

24   requisite conditions for patentability pursuant to Title 35 of the United States Code, including

25   without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other

26   equitable doctrines.

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 15
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

48.     Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '028 patent, and that the '028 patent is invalid.

## COUNT XI

### (Non-Infringement and Invalidity of the '268 Patent)

49.     Paragraphs 1-48 are realleged and incorporated fully as if set forth herein.

50.     Ford has not infringed, and is not infringing, the '268 patent, either directly or indirectly.

51.     One or more claims of the '268 patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 102, 103, and 112, and/or for failure to satisfy the requirements of other equitable doctrines.

52.     Ford is entitled to a declaratory judgment that it has not infringed and is not infringing the '268 patent, and that the '268 patent is invalid.

## DEMAND FOR JURY TRIAL

53.     In accordance with Federal Rule of Civil Procedure 38(b), Ford requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ford requests that the Court enter judgment in its favor and against Eagle Harbor and MediusTech as follows:

(a)     Dismiss the Amended Complaint in its entirety, with prejudice;

(b)     Declare that Ford has not infringed, and is not infringing, the '137 patent;

(c)     Declare that the asserted claims of the '137 patent are invalid and/or void;

(d)     Declare that Ford has not infringed, and is not infringing, the '033 patent;

(e)     Declare that the asserted claims of the '033 patent are invalid and/or void;

(f)     Declare that Ford has not infringed, and is not infringing, the '073 patent;

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 16
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1    (g)    Declare that the asserted claims of the '073 patent are invalid and/or void;

2    (h)    Declare that Ford has not infringed, and is not infringing, the '260 patent;

3    (i)    Declare that the asserted claims of the '260 patent are invalid and/or void;

4    (j)    Declare that Ford has not infringed, and is not infringing, the '739 patent;

5    (k)    Declare that the asserted claims of the '739 patent are invalid and/or void;

6    (l)    Declare that Ford has not infringed, and is not infringing, the '136 patent;

7    (m)    Declare that the asserted claims of the '136 patent are invalid and/or void;

8    (n)    Declare that Ford has not infringed, and is not infringing, the '117 patent;

9    (o)    Declare that the asserted claims of the '117 patent are invalid and/or void;

10    (p)    Declare that Ford has not infringed, and is not infringing, the '118 patent;

11    (q)    Declare that the asserted claims of the '118 patent are invalid and/or void;

12    (r)    Declare that Ford has not infringed, and is not infringing, the '119 patent;

13    (s)    Declare that the asserted claims of the '119 patent are invalid and/or void;

14    (t)    Declare that Ford has not infringed, and is not infringing, the '028 patent;

15    (u)    Declare that the asserted claims of the '028 patent are invalid and/or void;

16    (v)    Declare that Ford has not infringed, and is not infringing, the '268 patent;

17    (w)    Declare that the asserted claims of the '268 patent are invalid and/or void;

18    (x)    Award Ford its costs and reasonable attorneys' fees incurred in defending this action, pursuant to 35 U.S.C. § 285; and

19

20    (y)    Grant such other and further relief as the Court may deem just and proper.

21    DATED:  November 7, 2011

22    SAVITT BRUCE & WILLEY LLP

23

24    By:    /s/ Duncan E. Manville
       Duncan E. Manville, WSBA #30304
25     Fax:  (206) 749-0600
       Email:  dmanville@jetcitylaw.com
26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND                      SAVITT BRUCE & WILLEY LLP
COUNTERCLAIMS - 17                                         1425 Fourth Avenue, Suite 800
Case No. 3:11-cv-05503-BHS                                 Seattle, Washington  98101-2272
                                                           (206) 749-0500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Michael J. Summersgill (*pro hac vice*)
Sarah Beigbeder Petty (*pro hac vice*)
60 State Street
Boston, Massachusetts  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email:  michael.summersgill@wilmerhale.com
            sarah.petty@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Todd C. Zubler (*pro hac vice*)
Grant K. Rowan (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, D.C.  20006
Tel.:  (202) 663-6636
Fax:  (202) 663-6363
Email:  todd.zubler@wilmerhale.com
            grant.rowan@wilmerhale.com

**BROOKS KUSHMAN P.C.**
Frank A. Angileri (*pro hac vice*)
John S. Le Roy (*pro hac vice*)
1000 Town Center, 22nd Floor
Southfield, Michigan  48075
Tel.:  (248) 358-4400
Fax:  (248) 358-3551
Email:  fangileri@brookskushman.com
            jleroy@brookskushman.com

Attorneys for Defendant Ford Motor Company

ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS - 18
Case No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500