UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

        Plaintiff,

v.

FORD MOTOR COMPANY,

        Defendant.

Case No. CV11-5503BHS

MINUTE ORDER SETTING JURY TRIAL, PRETRIAL DATES AND ORDERING MEDIATION

Now, on this 6th day of December, 2011, the Court directs the Clerk to enter the following Minute Order:

## I. TRIAL, PRETRIAL, AND MEDIATION DATES

| | |
|---|---|
| **15-Day Jury TRIAL** set for | June 16, 2014 |
| Claim Construction Hearing set for 9:30 AM on | May 13, 2013 |
| Deadline for FILING of any motion to join parties | January 5, 2012 |
| Deadline for amending pleadings | January 17, 2012 |
| Rule 120 Disclosure of Asserted Infringement Claims and Contentions | February 2, 2012 |
| Rule 121 Disclosure of Preliminary Non-Infringement and Invalidity Contentions | May 2, 2012 |
| Rule 130(a) Exchange of Proposed Terms for Construction | August 2, 2012 |
| Rule 131(a) Preliminary Claim Construction | September 6, 2012 |
| Rule 132(a) Joint Claim Construction Statement and 132(f) Expert Disclosures | October 3, 2012 |
| Rule 133 Completion of Claim Construction Discovery | January 11, 2013 |
| Rule 134(a) Opening Claim Construction Brief Due (24-page limit) | January 31, 2013 |
| Rule 134(c) Responsive Claim Construction Briefs Due (24-page limit) | March 15, 2013 |
| Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) | December 9, 2013 |
| Disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) | January 7, 2014 |

| | |
|---|---|
| All motions related to discovery must be FILED by | January 17, 2014 |
| Discovery COMPLETED by | February 18, 2014 |
| All dispositive motions must be FILED by | March 18, 2014 |
| Settlement conference per CR 39.1(c)(2) HELD no later than | April 17, 2014 |
| Mediation per CR 39.1(c)(3) HELD no later than | May 7, 2014 |
| Motions in limine should be FILED by and NOTED on the motion calendar no later than the second Friday thereafter. | May 12, 2014 |
| Letter of compliance as to CR 39.1 FILED by<br>*A roster of Local Rule 39.1 mediators can be located on the Internet at www.wawd.uscourts.gov. If you do not have access to the Internet, please contact the Clerk's Office at (253) 882-3800.* | May 19, 2014 |
| Agreed pretrial order FILED with the Court by | May 27, 2014 |
| Pretrial conference will be HELD on (IN COURTROOM E) | June 2, 2014 |
| Trial briefs, proposed voir dire, and jury instructions due | May 27, 2014 |

If any of the dates identified in this order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court.

If this case is not settled, it will go to trial on the date set or as soon thereafter as the Court is available.

## II.   JURY INSTRUCTIONS

A Manual of Model Civil Jury Instructions For the Ninth Circuit (latest edition) should be used as the format for proposed jury instructions. *See* www.wawd.uscourts.gov and Local Rule CR 51.

## III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Proposed findings of fact and conclusions of law need not be submitted unless specifically requested by the Judge.

## IV.   PRIVACY POLICY

Pursuant to the General Order of the Court regarding Public Access to Electronic Case Files (filed 5/29/03), parties are to redact the following information from documents and exhibits before they are filed with the court:

* Dates of Birth - redact to the year of birth

* Names of Minor Children - redact to the initials

* Social Security Numbers - redact to the last four digits

* Financial Accounting Information - redact to the last four digits

The General Order was issued pursuant to the official policy on privacy adopted by the Judicial Conference of the United States and can be found on the court's website at http://www.wawd.uscourts.gov/docs. All documents filed in the above-captioned matter must comply with the Privacy Policy and the General Order.

## V.   CLAIM CONSTRUCTION PROCEDURES

The following procedures shall apply to all patent claim construction issues:

### Asserted Claims and Preliminary Infringement Contentions

A party claiming patent infringement will serve on all parties a statement of the Asserted Claims and Preliminary Infringement Contentions, which will include the following information: (1) the identity of each claim of each patent alleged to be infringed; (2) the identity of the opposing party's accused device/method/etc. by specific name/model number/etc. for each claim asserted; (3) a chart that identifies specifically where each element of each asserted claim is found within each accused device/method/etc; (4) whether each element is literally or equivalently infringed; and (5) the priority date to which each asserted claim allegedly is entitled, if priority is an issue.

### Preliminary Invalidity Contentions

A party opposing a claim of infringement on the basis of invalidity shall serve on all parties a statement of its Preliminary Invalidity Contentions including: (1) the identity of prior art that allegedly

anticipates each asserted claim or renders it obvious; (2) whether each piece of prior art anticipates or renders obvious the asserted claims; (3) a chart that identifies where in each piece of prior art each element of each asserted claim is found; and (4) any grounds for invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. § 112.

## Expert Reports

If the parties wish to present expert testimony at the claim construction hearing, the parties will disclose expert reports related to claim construction by the date established in the Scheduling Order. Rebuttal expert reports will be exchanged 30 days later. These dates do not affect the more general expert report deadlines included in this Scheduling Order.

## Proposed Terms and Claim Elements and Preliminary Claim Chart

At some point prior to the formulation of the preliminary claim chart, the parties will exchange a list of Proposed Terms and Claim Elements, which will include each term that each party contends the Court should construe. Each party will also identify any claim term that it contends should be governed by 35 U.S.C. § 112(6) as a means-plus-function or step-plus-function limitation. The parties will then meet to identify terms in genuine dispute and facilitate the preparation of the Joint Claim Chart.

The parties will then exchange preliminary proposed constructions for each disputed claim term that the parties have collectively identified. Each party will also provide a preliminary identification of any extrinsic evidence, along with a copy of it, as well as a brief description of any witness' proposed testimony that supports its construction of the claim. The parties will then meet to narrow the issues and finalize the Joint Claim Chart and Prehearing Statement.

## Joint Claim Chart and Prehearing Statement

All allegations of infringement and invalidity will be filed with the Court in the form of a Prehearing Statement. After that time, the Court will not consider new allegations of infringement or invalidity without the asserting party showing good cause. A Joint Claim Chart will also be filed, in the format provided in the Sample Joint Claim Chart found at the end of this Order. This Chart will include

each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence to be used. The parties will attach to the Joint Claim Chart copies of all patents in dispute, together with the relevant prosecution history. These documents need not be resubmitted upon briefing. The parties will have the complete prosecution history available at the Court's request. In addition, the parties will indicate whether any witnesses are to be called, and if so, their identities. For expert witnesses, the party calling the expert will provide a summary of the opinion to be offered.

The Court expects the terms to be truly in dispute, and further expects that the preparation of the Preliminary and Joint Claim Charts will narrow the terms in dispute. A party is not allowed to propose a construction when the other party is unable to respond without leave of court (e.g., in a response brief). If a party must propose a new construction, the Joint Claim Chart must be amended to reflect that change. At the time of the Claim Construction Hearing, the Joint Claim Chart before the Court must reflect the current proposed constructions.

<u>Court-Appointed Neutral Expert and Claim Construction Hearing</u>

The Court will consider appointment of a Rule 706 court-appointed neutral expert, and directs the parties to confer within 30 days of this Order and advise the Court as to their position on whether the appointment of a Rule 706 expert is appropriate.

The Claim Construction Hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Gretchen Craft at (253) 882-3825.

PLEASE NOTE: The Court will **not** rule on dispositive motions that raise issues of claim construction prior to the Claim Construction Hearing, unless special circumstances warrant and leave of Court is obtained in advance of filing.

## VI.   COOPERATION

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the Joint Claim Chart and final pretrial order in the format required by CR 16.1, except as ordered below.

## VII.   MEDIATION

The Court finds this case is appropriate for mediation under Local Rule 39.1. The parties are directed to conduct mediation upon completion of discovery as hereinafter provided.

IT IS ORDERED that the parties exchange written offers for settlement and that counsel meet and discuss settlement within six months of this Order.

IT IS ORDERED that the mediator be selected by the cutoff date for completion of discovery. The parties are advised that the Court's home page at www.wawd.uscourts.gov contains a roster of approved mediators and their profiles. This information is also available for viewing in Seattle and Tacoma at the intake counter of the Clerk's Office. In the alternative, the parties may select any mediator that is agreeable to the parties whether or not such person is on the district roster. Counsel are directed to file with the Court the name of the mediator as soon as one is selected. The mediation will be conducted at such time or times as the mediator may determine. Mediation shall be completed no later than thirty (30) days prior to the trial date. The parties are strongly encouraged to mediate prior to completion of discovery.

## VIII.   EXHIBITS

The original and one copy of any exhibits to be used at the Claim Construction Hearing and/or trial are to be delivered to chambers five days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. Duplicate documents shall not be listed twice; once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

## IX.   SETTLEMENT

If this case is settled, please advise Gretchen Craft, Courtroom Deputy to Judge Settle, immediately at (253) 882-3825.

The foregoing Minute Order was authorized by THE HONORABLE BENJAMIN H. SETTLE, UNITED STATES DISTRICT JUDGE.

    /s/ Gretchen Craft
Gretchen Craft, Courtroom Deputy

**Sample Joint Claim Chart**

**U.S. Patent X,XXX,123 ("'123 Patent")**

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for mending **fences** [or] **fences** Found in claim numbers: '123 Patent: 1, 2 | **fence** <br><br> Proposed Construction: A structure that keeps things out. <br><br> Intrinsic Evidence: '123 Patent col _:__ ("keeps stray animals out" ); Prosecution History at __ ("this method is more effective than the prior art in reinforcing the fence, and therefore in keeping out unwanted intruders"). <br><br> Dictionary/Treatise Definitions: Merriam-Webster Dictionary ("a barrier intended to prevent . . . intrusion"). <br><br> Extrinsic Evidence: R. Frost Depo. at xx:xx ("Good fences make good neighbors"); '000 Patent at col _:__; Vila Decl. at ¶__. <br> fence | **fence** <br><br> Proposed Construction: A structure that keeps things in. <br><br> Intrinsic Evidence: '123 Patent col _:__ ("keeps young children from leaving the yard "); Prosecution History at __ ("dilapidated fences meant to pen in cattle are particularly amenable to this method"). <br><br> Dictionary/Treatise Definitions: Random House Dictionary ("a barrier enclosing or bordering a field, yard, etc. "). <br><br> Extrinsic Evidence: C. Porter Depo. at xx:xx ("Don't fence me in" ); '111 Patent at col _:__; Thomas Decl. at ¶__. |

(or similar format that provides side-by-side comparison)