UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS LLC, and MEDIUSTECH LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | CASE NO. C11-5503BHS <br><br> ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") motion for judgment on the pleadings (Dkt. 41). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 30, 2011, Plaintiffs Eagle Harbor Holdings LLC and Mediustech LLC filed a complaint against Ford alleging infringement of various patents. Dkt. 1. On October 20, 2011, Plaintiffs filed an Amended Complaint alleging that Ford directly infringed various patents as well as "actively induc[ed] others to use in an infringing manner" instruments that infringe various patents. Dkt. 33.

On December 28, 2011, Ford filed a motion for judgment on the pleadings and requested that the Court dismiss Plaintiffs' induced infringement claims. Dkt. 41. On January 9, 2012, Plaintiffs responded. Dkt. 48. On January 13, 2012, Ford replied. Dkt. 52.

ORDER - 1

## II. DISCUSSION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) is the functional equivalent of Rule 12(b)(6), and "'the same standard of review' applies to motions brought under either rule." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, Ford argues that the Court should dismiss Plaintiffs' induced infringement claims because Plaintiffs have failed to plead sufficient facts to support its claim. The Court agrees.

> Under section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." . . . To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they "actively and knowingly aid[ed] and abett[ed] another's direct infringement." . . . However, "knowledge of the acts alleged to constitute infringement" is not enough . . . The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."
> ***
> It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had

knowledge of the acts alleged to constitute inducement. The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.

*DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-1306 (Fed. Cir. 2006). Plaintiffs have provided mere labels and conclusions that Ford induced infringement of others. Plaintiffs have not alleged facts to support the necessary elements of this claim such as Ford's knowledge of the patents or a specific intent to induce infringement. Therefore, the Court grants Ford's motion for judgment on the pleadings.

In the event a Court finds that dismissal is warranted, a Court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiffs have requested leave to amend, and Ford has failed to show that amendment would be futile. Ford, however, requests that the Court require Plaintiffs to identify the third parties that Ford allegedly induced to infringe Plaintiffs' patents. Dkt. 52 at 7-8. Although, as Plaintiffs point out, some of this information may be obtained by complying with Local Patent Rule 120(d), the Local Rules are not a substitute for inadequate pleadings. Therefore, the Court grants Ford's request and Plaintiffs must identify the "others" that Ford actively induced to infringe Plaintiffs' patents.

## III. ORDER

Therefore, it is hereby **ORDERED** that Ford's motion for judgment on the pleadings (Dkt. 41) is **GRANTED**. Plaintiffs must file an amended complaint no later than February 24, 2012.

DATED this 7th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3