UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS LLC,
and MEDIUSTECH LLC,

                    Plaintiffs,

        v.

FORD MOTOR COMPANY,

                    Defendant.

CASE NO. C11-5503BHS

ORDER DENYING MOTION
FOR JUDGMENT ON THE
PLEADINGS, OR IN THE
ALTERNATIVE, MOTION TO
COMPEL

This matter comes before the Court on Defendant Ford Motor Company's ("Ford")
motion for judgment on the pleadings, or in the alternative, motion to compel (Dkt. 65).
The Court has reviewed the briefs filed in support of and in opposition to the motion and
the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On June 30, 2011, Plaintiffs Eagle Harbor Holdings LLC and Mediustech LLC
("Plaintiffs") filed a complaint against Ford alleging infringement of various patents.
Dkt. 1.  On October 20, 2011, Plaintiffs filed an amended complaint alleging that Ford
directly and indirectly infringed various patents.  Dkt. 33.

On December 28, 2011, Ford filed a motion for judgment on the pleadings and
requested that the Court dismiss Plaintiffs' induced infringement claims.  Dkt. 41.  On
February 7, 2012, the Court granted the motion and granted Plaintiffs leave to amend.
Dkt. 59.  On February 24, 2012, Plaintiffs filed a second amended complaint.  Dkt. 61.

On March 22, 2012, Ford filed a motion for judgment on the pleadings, or in the
alternative, motion to compel.  Dkt. 65.  On April 9, 2012, Plaintiffs responded.  Dkt. 67.
On April 13, 2012, Ford replied.  Dkt. 69.

## II.  DISCUSSION

**A.     Motion to Dismiss**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Rule 12(c) is the functional equivalent of Rule 12(b)(6), and "'the same standard of review' applies to motions brought under either rule."  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

In this case, Ford is requesting that the Court import the disclosure requirements of the Local Patent Rules into the pleading requirements of the Federal Rule of Civil Procedure.  Specifically, Ford states that

> Although Ford did not previously seek dismissal of Plaintiffs' claims for direct infringement, that was because Plaintiffs were required to produce detailed contentions regarding direct infringement shortly after service of their initial pleadings.

Dkt. 65 at 16.  Ford argues that Plaintiffs have "insufficiently pled facts in support of their claims of direct infringement, and their allegations should be judged under the Rule

12(b)(6) standard . . . ." *Id*. at 17.  Ford requests that the Court "hold Plaintiffs to the pleading standards required by the federal and local rules, and grant judgment for Ford." *Id*.  Ford's logic is flawed, and the Court declines to import the disclosure requirements of the local rules into the pleading requirements of the federal rules.

With regard to Plaintiffs' pleading, they have sufficiently plead direct infringement.  A plaintiff asserting a direct patent infringement claim "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  Moreover, the Court must accept as sufficient any pleading substantially conforming to the forms provided with the federal rules.  Fed. R. Civ. P. 84.  The example form for patent infringement provides the sample allegation that "defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented . . . ."  Fed. R. Civ. P. Form 18.

In this case, Plaintiffs have specifically alleged the patents being asserted and the technology that infringes.  *See* Dkt. 65, ¶ 25.  Ford has failed to show that these allegations either fall below the minimal pleading standard of Rule 8(a)(2) or that they do not substantially comply with the appropriate form.  Therefore, the Court denies Ford's motion for judgment on the pleadings.

**B.    Motion to Compel**

Every motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."  Local Rule CR 37(a).

In this case, Ford's alternative motion is clearly a motion to compel disclosure. Ford has failed to include a certification that it attempted in good faith to resolve the disclosure dispute before requesting Court intervention.  Although Ford asserts that emails were exchanged and the attorneys engaged in a telephone conversation, there is no declaration that a "good faith" effort was made to solve the disclosure dispute.  Moreover, Ford apparently failed to separate its meritless Rule 12(c) motion from its request for disclosure.  *See* Dkt. 69 at 12 ("Plaintiffs offered to supplement their contention," but "Ford would not withdraw its motion without even seeing the proposed supplementation").

Both the federal rules and the Local Patent Rules are intended to secure an efficient and inexpensive determination of every action.  Requesting the Court's involvement on issues of disclosure and/or discovery without any good faith effort to solve the problem beforehand is neither efficient nor inexpensive.  It is not the Court's usual practice to exercise its discretion and award sanctions, but continued requests to solve discovery or disclosure requirements may warrant that action. Even so, the Court expects the parties to comply with their obligations to properly detail their respective contentions pursuant to Local Patent Rules.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Ford's motion for judgment on the pleadings, or in the alternative, motion to compel (Dkt. 65) is **DENIED**. Plaintiffs' request for sanctions is also hereby **DENIED**.

DATED this 2nd day of May, 2012.


BENJAMIN H. SETTLE
United States District Judge

ORDER - 4