UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C11-5503 BHS<br><br>ORDER |

This matter comes before the Court on Ford Motor Company's ("Ford") motion to limit the number of asserted claims (Dkt. 127). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On February 24, 2012, Plaintiffs Eagle Harbor Holdings, LLC and Mediustech, LLC ("Plaintiffs") filed a complaint against Ford alleging patent infringement on eleven patents and 116 claims. Dkt. 61.

1  On November 12, 2012, the parties filed a joint claim construction chart and prehearing statement. Dkt. 81. The parties agreed on five terms for the Court to construe, Plaintiffs submitted an additional five terms, and Ford submitted an additional four "most important" terms and eleven other "terms" that should be construed. *Id*.

On January 11, 2013, the Court held a conference call with the parties regarding claim construction as well as the issue of appointing a special master. Dkt. 126. Pursuant to the discussion, the Court requested Ford to file a motion to limit the number of asserted claims. On January 18, 2013, Ford filed the motion. Dkt. 127. On January 28, 2013, Plaintiffs replied. Dkt. 129.

Upon review of the briefs and the applicable case law, the Court finds that it would be inappropriate to order Plaintiffs to limit their claims at this procedural posture. Although the Court may issue such an order as long as it leaves the door open to reassert claims, reducing the claims at this juncture would not reduce the massive scope of the issues in the case. At this point, the Court will order a fair number of claim terms to be construed, fifteen consisting of the agreed five, Plaintiffs' additional five, and Ford's additional four most important (actually five because two terms are combined).

The Court also requested the parties to submit arguments on the issue of appointing a special master to conduct claim construction. Plaintiffs propose that, once the Court limits the number of terms to be construed, it consider appointing a master only for claim construction. Moreover, Plaintiffs request that the parties choose the special master and submit a proposed order of appointment. Dkt. 129 at 16. Ford has no objection if the Court reduces the asserted claims to fifteen, but expressed no opinion if

1 another management technique was implemented. Dkt. 127 at 14–15. The Court finds
2 that claim construction in this case would be more effectively and timely addressed by a
3 special master. Therefore, the parties are ordered to submit a proposed special master
4 and proposed order. If the parties are unable to agree on either, then each party may
5 submit its own proposal. Proposals are due February 20, 2013.
6    Dated this 11th day of February, 2013.

7
8
         *[signature]*
         BENJAMIN H. SETTLE
9        United States District Judge