The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

     Plaintiffs,

     v.

FORD MOTOR COMPANY,

     Defendant.

Case No. 3:11-CV-05503-BHS

**DEFENDANT FORD MOTOR COMPANY'S RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS**

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# TABLE OF CONTENTS

I.  INTRODUCTION..................................................................................................1

II.  FACTUAL BACKGROUND ...............................................................................3

    A.  Procedural history......................................................................................3

    B.  Ford's efforts to narrow the case .............................................................4

III.  ARGUMENT ......................................................................................................6

    A.  Courts routinely limit the number of claims a patentee may assert to 20 or fewer. ...........6

    B.  Proceeding with more than 20 asserted claims at this advanced stage of the litigation would impose a significant and unnecessary burden on Ford and the Court. .....................8

    C.  Plaintiffs will not be prejudiced by a reduction in the number of asserted claims following the issuance of the Court's claim construction ruling......................................10

IV.  CONCLUSION ..................................................................................................11

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - i
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Avocent Redmond Corp. v. Rose Electronics*,
 No. C06-1711, 2012 WL 4903270 (W.D. Wash. May 29, 2012) .......................................... 10

*Broadcom Corp. v. Emulex Corp.*,
 No. 8:09-cv-01058, Dkt. No. 167 at 9 (C.D. Cal. June 30, 2010) ...................................... 7, 9

*Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*,
 No. 04-cv-0038, 2005 WL 2304190 (D. Del. Sept. 20, 2005) .......................................... 1, 6

*Havco Wood Products, LLC v. Industrial Hardwood Products, Inc.*
 No. 10-cv-566, 2011 WL 5513214, at *5-6 (W.D. Wis. Nov. 10, 2011) ............................. 6, 7

*Hearing Components, Inc. v. Shure, Inc.*,
 No. 9:07-cv-104, 2008 WL 2485426 (E.D. Tex. June 13, 2008) ........................................... 8

*High Point Sarl v. Spring Nextel Corp.*,
 No. 09-cv-2269, 2010 WL 9497168 (D. Kan. Aug. 18, 2010) ............................................... 7

*In re Katz Interactive Call Processing Patent Litig.*,
 639 F.3d 1303 (Fed. Cir. 2011) ....................................................................................... 7

*Intellectual Ventures I, LLC, v. Check Point Software Tech. Ltd.*,
 No. 1:10-cv-01067, Dkt. No. 162 at 31 (D. Del. Nov. 3, 2011) .......................................... 8

*Network Protection Scis., LLC v. Fortinet, Inc.*,
 No. C12-01106, 2013 WL 1949051 (N.D. Cal. May 9, 2013) ............................................. 8

*NuVasive, Inc. v. Globus Med., Inc.*,
 No. 1:10-cv-849, Dkt. 99 at 17-18 (D. Del. Nov. 23, 2011) ............................................... 7

*Stamps.com Inc. v. Endicia, Inc.*,
 No. 2010-1328, 2011 WL 2417044 (Fed. Cir. June 15, 2011) ............................................ 8

*TALTech Ltd. v. Esquel Enters. Ltd.*,
 No. 2:04-cv-00974-TSZ, Dkt. Nos. 167, 169, 173 (W.D. Wash. 2006) ............................... 7

*Visto Corp. v. Little Red Wagon Techs., Inc.*,
 No. 11-cv-02373, 2012 WL 7989618 (N.D. Tex. Oct. 18, 2012) ......................................... 7

**RULES**

Fed. R. Civ. P. 1 .................................................................................................................. 9

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - ii
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## I.      INTRODUCTION

2      Defendant Ford Motor Company ("Ford") moved in January 2013 for an order requiring

3  Plaintiffs Eagle Harbor Holdings, LLC and MediusTech, LLC (collectively, "Plaintiffs") to

4  limit the unreasonably large number of claims asserted in this case in advance of claim

5  construction.  (Dkt. 127.)  The Court acknowledged its authority to limit the number of claims,

6  but declined to do so before claim construction, reasoning that "reducing the claims at this

7  juncture would not reduce the massive scope of the issues in the case."  (Dkt. 130 at 2.)

8      Now, more than two years after filing their complaint, and with fewer than nine months

9  remaining until trial, Plaintiffs continue to assert ***114 claims of ten patents*** against Ford.

10  Despite their repeated acknowledgments that the case should be narrowed (*see*, *e.g.*, Ex. 6

11  (Sept. 11, 2013 Email from F. Short to M. Summersgill)); that 114 claims would be an

12  unmanageable number of claims to bring to trial; and that, in fact, they have no intention of

13  bringing anywhere near this many claims to trial, Plaintiffs have yet to make any meaningful

14  reduction in the number of asserted claims.  Plaintiffs should be required—upon the Court's

15  issuance of its final claim construction order—to reduce the number of asserted claims to no

16  more than 20, for the three following reasons.

17      ***First***, federal courts routinely require that plaintiffs limit the number of asserted claims

18  to between 10 and 20.  *See*, *e.g.*, *Fenster Family Patent Holdings, Inc. v. Siemens Med.*

19  *Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005)

20  (holding that plaintiff's assertion of 90 claims from eight patents was "unreasonable," and

21  limiting plaintiff to 10 total claims, noting that such a limit was "appropriate from the

22  viewpoint of the typical patent litigation").  Indeed, as discussed below, both the Federal

23  Circuit and a court in this District have found that limits of fewer than 20 asserted claims were

24  reasonable and appropriate.  Limiting the number of claims to 20 or fewer narrows the scope of

25  issues for trial, allowing the litigation to proceed efficiently and conserving the resources of the

26  parties and the Court.

27

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 1
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**Second**, proceeding on all 114 currently asserted claims at this advanced stage of the litigation would continue to impose an extraordinary and unnecessary burden on both Ford and the Court.  Plaintiffs have conceded that they will not take 114 claims to trial, and that the number of claims will have to be reduced.  The only question, therefore, is the extent of the reduction.  Ford's proposed reduction to no more than 20 asserted claims is well-supported by the case law, as courts routinely require limits of 10 to 20 claims.

**Third**, Plaintiffs will not be prejudiced if they are required to limit the number of asserted claims following the issuance of the Court's claim construction ruling.  Indeed, Plaintiffs have acknowledged that "*the Markman order will enable the parties to narrow the case*," and have conceded that "*[o]nce the Markman order issues, plaintiffs will have the information they need to reduce the number of asserted claims*."  Ex. 2, March 8, 2013 Letter from F. Short to C. Maier (emphasis added).

Ford has attempted to negotiate with Plaintiffs to narrow the case without judicial intervention, including offering to reduce the number of prior-art references on which Ford will rely, once the claims have been limited.  But Plaintiffs refuse to limit the number of asserted claims to fewer than 35, despite representing that they have no intention of taking 35 claims to trial.  Respectfully, 35 asserted claims—*75% more claims* than the 20 Ford is asking for—is still too many, especially in light of the significant amount of case law holding that limits of 20 claims or fewer are far more appropriate.  In the interest of cooperation, and to further narrow the case, if Plaintiffs are ordered to reduce the number of asserted claims to no more than 20, Ford will agree to make a corresponding reduction in the prior-art references on which it will rely, to no more than 35 references.

Now that the claim construction process is nearing completion, it is time for the case to be narrowed.  Accordingly, Ford respectfully requests that the Court order Plaintiffs, following the issuance of the Court's ruling on the Order of the Special Master Regarding Claim Construction (Dkt. 165), to narrow their case to no more than 20 asserted claims.

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 2
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## II.      FACTUAL BACKGROUND

**A.      Procedural history.**

Plaintiffs filed their complaint in June 2011, asserting seven patents (Dkt. 1), later adding four additional patents in October 2011 (Dkt. 33).  On February 2, 2012, Plaintiffs served infringement contentions asserting 124 claims of the eleven patents.  Ford responded with comprehensive non-infringement and invalidity allegations on May 2, 2012.

In the months that followed the exchange of contentions, Ford approached Plaintiffs multiple times regarding the significant burden of proceeding through claim construction with so many asserted claims.[1]  Although Plaintiffs acknowledged this burden and declared that they had no intention of bringing all of the asserted claims to trial, they refused to make any meaningful reduction in the number of claims, withdrawing just eight claims (a single independent claim and seven of its dependent claims) of one of the eleven asserted patents, leaving 116 claims at issue.  *See* Ex. 1 (Oct. 5, 2012 E-mail from F. Short to S. Petty, et al.).

On January 18, 2013, Ford filed a Motion to Limit the Number of Asserted Claims, asking the Court to limit Plaintiffs to 15 claims prior to claim construction.  (Dkt. 127.)  Plaintiffs filed an opposition to Ford's motion on February 8, 2013, in which they dropped one dependent claim, bringing the total number of asserted claims to 115.  (Dkt. 129.)  Plaintiffs also stated that they would consider dropping one additional claim (the single asserted claim of the '033 patent), and further indicated that they would be "willing to discuss additional mutual reductions with Ford to further narrow the case."  *Id*. at 2.  On February 11, 2013, the Court issued an order denying Ford's motion.  (Dkt. 130.)  The Court recognized "the massive scope of the issues in the case," but held that reducing the number of claims was inappropriate "at this procedural posture" (*i.e.*, prior to claim construction), because it would not serve to limit the scope of the case at that particular juncture.  *Id*.

---

[1] Ford's efforts to meet and confer with Plaintiffs in order to narrow the case prior to claim construction are set forth in detail in Section II of Ford's January 2013 Motion to Limit the Number of Asserted Claims.  *See* Dkt. 127 at 2 ("Factual Background").

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 3
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

On February 20, 2013, the parties filed a stipulation of dismissal of the '033 patent and Ford's related counterclaims.  (Dkt. 132.)  The dropping of the '033 patent eliminated its single asserted claim, bringing the total number of claims to the 114 claims that are currently asserted.

The claim construction process took place between May and September 2013.  The parties filed opening claim construction briefs on May 10, 2013 (Dkt. Nos. 145 and 148), and responsive briefs on May 31, 2013 (Dkt. Nos. 151 and 153).  The Court-appointed Special Master heard oral argument at a *Markman* hearing held on June 14, 2013 and continued on July 11, 2013.  On July 29, 2013, the Special Master issued an 81-page order setting forth his claim construction findings.  (Dkt. 165.)  The parties filed objections to the Special Master's order on August 19, 2013 (Dkt. Nos. 169 and 171), and responses on September 6, 2013 (Dkt. Nos. 173 and 174).  Claim construction is thus fully briefed, and the parties await only the Court's final ruling regarding the Special Master's order.

The parties are currently engaging in active discovery, and have noticed the depositions of several fact witnesses, including the named inventors on the asserted patents.  Initial expert reports are due on December 9, 2013, just two months from now, with rebuttal reports due less than a month after that, on January 7, 2014.  (Dkt. 39.)  All dispositive motions must be filed by March 18, 2014.  *Id.*

**B.     Ford's efforts to narrow the case.**

On March 8, 2013, in response to a letter from Ford identifying deficiencies in their interrogatory responses, Plaintiffs indicated that "[t]he *Markman* order that issues as a result of [the claim construction] process will have an important impact on all aspects of the case."  Ex. 2, (March 8, 2013 Letter from F. Short to C. Maier).  In particular, Plaintiffs acknowledged that "***the Markman order will enable the parties to narrow the case,***" and conceded that "***[o]nce the Markman order issues, plaintiffs will have the information they need to reduce the number of asserted claims***."  *Id.* (emphases added).

After the Special Master issued his claim construction order, therefore, Ford proposed

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 4
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

that the parties agree to a schedule for narrowing the case. Ex. 3 (Aug. 5, 2013 Letter from M. Summersgill to F. Short). Ford suggested that a limit of no more than 20 total claims would be reasonable given the Federal Circuit authority on this issue, and stated that in the interest of cooperation, Ford would be willing to undertake a corresponding reduction in prior-art references, to no more than 30 references, after Plaintiffs limited the claims. *Id*. The parties conferred telephonically regarding Ford's proposal, but deferred further discussion until the conclusion of claim construction briefing. *See* Ex. 4 (Aug. 9, 2013 Emails between F. Short and M. Summersgill).

On September 10, 2013, following the parties' submission of all claim construction briefing, Ford again raised the issue of the number of claims. Ford proposed that the parties agree to a schedule for narrowing the case that would be based on the date of issuance of the Court's opinion regarding the Special Master's claim construction order. Ex. 5 (Sept. 10, 2013 Letter from M. Summersgill to F. Short). Ford again suggested that a limit of no more than 20 claims would be appropriate, and reiterated its willingness to agree to limit the number of prior art references on which it would rely to no more than 30. *Id*. On September 11, 2013, Plaintiffs responded to Ford's proposed plan for narrowing the case with a counterproposal, under which the Plaintiffs would reduce their asserted claims from 114 claims to approximately 57 claims. *See* Ex. 6 (Sept. 11, 2013 Email from F. Short to M. Summersgill).

On September 17, 2013, Ford responded to Plaintiffs' counterproposal, expressing its concern that Plaintiffs' proposed plan would fail to meaningfully reduce the scope of the case. Ex. 7 (Sept. 17, 2013 Letter from M. Summersgill to F. Short). In an effort to avoid motion practice, Ford indicated that while it could not accept Plaintiffs' proposal, it would be willing, as part of a larger compromise, to agree to a plan whereby Plaintiffs would limit the number of asserted claims to 25, and Ford would limit the number of prior-art references to 35.

Between September 25, 2013 and today, the parties met and conferred on multiple occasions and exchanged multiple emails in an effort to narrow their differences. The parties'

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 5
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

efforts were unsuccessful, however, as Plaintiffs have indicated that they are unwilling to agree to any limits below 35 asserted claims.

## III.    ARGUMENT

**A.    Courts routinely limit the number of claims a patentee may assert to 20 or fewer.**

This Court has properly recognized its authority to require Plaintiffs to limit the number of asserted claims.  Dkt. 130 at 2 ("[T]he Court may issue such an order [limiting the number of] asserted claims] as long as it leaves the door open to reassert claims. . . .").  Ford requests that the Court exercise that authority to limit Plaintiffs to no more than 20 claims.

Ford's proposal is reasonable and appropriate at this advanced stage of the case.  Indeed, recognizing the burden of proceeding to trial with a large number of claims, courts have routinely limited plaintiffs to between 10 and 20 claims.

- For example, in *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*, the court held that the plaintiff's assertion of 90 claims from eight patents was "unreasonable," and limited the plaintiff to 10 total claims, ***half*** the number of claims Ford is seeking to limit Plaintiffs to here.  No. 04-cv-0038, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005).  The *Fenster* court noted that the limitation to 10 claims was "appropriate from the viewpoint of the typical patent litigation."  *Id.*

- In *Havco Wood Products, LLC v. Industrial Hardwood Products, Inc.*, the court ordered plaintiff to reduce the number of asserted claims from 135 claims of five patents to 15 total claims—again, a greater reduction than the reduction Ford seeks here.  No. 10-cv-566, 2011 WL 5513214, at *5-6 (W.D. Wis. Nov. 10, 2011).  Indeed, the *Havco* court noted that ***"allowing [the patentee] to identify 15 claims seems fair, even generous,"*** in light of "other court's [sic] reductions, the overlapping nature of the patents and the relatively straightforward nature of the claims and technology."  *Id.* at *6 (emphasis added).  The court rejected the

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 6
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

patentee's argument that limiting the claims was premature where expert disclosures were due in less than one month.  *Id*. at *5-6.

- Similarly, the court in *Broadcom Corp. v. Emulex Corp.* ordered the patentee to reduce the number of asserted claims from 178 claims of 11 patents to 20 total claims, recognizing that "***[p]roceeding with [that] number of claims through claim construction, summary judgment motions, and trial is an untenable proposition that would substantially drain the parties' and the Court's resources***."  Ex. 8 (*Broadcom Corp. v. Emulex Corp.*, No. 8:09-cv-01058, Dkt. No. 167 at 9 (C.D. Cal. June 30, 2010) (emphasis added)).  Indeed, the *Broadcom* court suggested that 20 claims might still be too many, noting that it would consider whether additional reductions would be necessary prior to summary judgment motions and trial.  *Id*.

These cases are not outliers.  Many federal courts—including the Federal Circuit and a court in this District—have reduced the number of asserted claims to 20 or fewer.  *See, e.g., In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1309-1312 (Fed. Cir. 2011) (affirming district's court reduction from 1,975 claims of 31 patents to ***16 claims*** per defendant); Ex. 11 (*TALTech Ltd. v. Esquel Enters. Ltd.*, No. 2:04-cv-00974-TSZ, Dkt. Nos. 167, 169, 173 (W.D. Wash. 2006) (where patentee stated its intention to assert 25 claims, ordering patentee to reduce the number of claims to 12 in advance of the discovery deadline, and ordering a further reduction to ***six claims*** after the filing of summary judgment motions)); *Visto Corp. v. Little Red Wagon Techs., Inc.*, No. 11-cv-02373, 2012 WL 7989618, at *1 (N.D. Tex. Oct. 18, 2012) (ordering patentee to reduce the number of asserted claims from 35 claims of five patents to no more than ***10 total claims*** in advance of claim construction); Ex. 10 (*NuVasive, Inc. v. Globus Med., Inc*., No. 1:10-cv-849, Dkt. 99 at 17-18 (D. Del. Nov. 23, 2011) (ordering patentee to reduce the number of claims from 55 claims of five patents to ***15 total claims***));  *High Point Sarl v. Spring Nextel Corp*., No. 09-cv-2269, 2010 WL 9497168, at

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 7
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

*2-3 (D. Kan. Aug. 18, 2010) (ordering patentee to reduce the number of asserted claims from 117 claims of four patents to **20 representative claims**); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (in order to secure the "just, speedy, and inexpensive determination" of the action pursuant to Fed. R. Civ. P. 1, limiting plaintiff to **nine claims**—three from each of the three asserted patents—for claim construction and trial); Ex. 9 (*Intellectual Ventures I, LLC, v. Check Point Software Tech. Ltd.*, No. 1:10-cv-01067, Dkt. No. 162 at 31 (D. Del. Nov. 3, 2011) (where patentee had expressed willingness to reduce its claims to 48 but no fewer, ordering patentee to reduce the number of asserted claims to no more than **20 total claims**)); *see also Stamps.com Inc. v. Endicia, Inc.*, No. 2010-1328, 2011 WL 2417044, at *1, *3 (Fed. Cir. June 15, 2011) (where district court had ordered reduction of 629 asserted claims of 11 patents to **15 total claims**, affirming district court's denial of patentee's motion to add additional claims); *cf. Network Protection Scis., LLC v. Fortinet, Inc.*, No. C12-01106, 2013 WL 1949051, at *1-2 (N.D. Cal. May 9, 2013) (stating that although patentee had recently reduced the number of asserted claims from 54 to 15, "even this number is still too large to be tried").

In light of this case law, Ford's request that Plaintiffs be ordered to reduce the number of asserted claims to 20 following the final claim construction order is fair and reasonable.

**B.    Proceeding with more than 20 asserted claims at this advanced stage of the litigation would impose a significant and unnecessary burden on Ford and the Court.**

Despite their representation that they have no intention of taking 114 (or even 35) claims to trial, Plaintiffs refuse to make a more significant reduction in the number of asserted claims. Their refusal is unreasonable at this late stage in the litigation. This case has been pending for more than two years, and trial is set for less than nine months from now. Initial expert disclosures are due in two months. The continued assertion of 35 claims through expert discovery would require the parties to submit expert reports addressing the infringement, non-infringement, invalidity, and validity of **each asserted claim**, as both infringement and

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 8
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

invalidity must be addressed on a claim-by-claim basis.  The difference between 35 and 20 asserted claims in that context would be significant.  Allowing Plaintiffs to proceed with 35 claims would force the parties to address ***75% more claims*** in their expert reports, wasting valuable time and resources on claims that will never go to trial.

The burden of 35 asserted claims, however, extends beyond expert reports.  The parties will have to take and defend the depositions of multiple fact and expert witnesses in the coming months leading up to the close of discovery.  A large number of claims will either force depositions to be extended or leave Ford without an adequate opportunity to take necessary discovery on each of the asserted claims.

The continued assertion of 35 claims at this late stage of the case would also burden the Court with extensive briefing with respect to any dispositive motions that are filed.  All of this would require an unreasonably large expenditure of time and resources by both Ford and the Court, impeding the Court's ability to secure the "just, speedy, and inexpensive" resolution of this action.  *See* Fed. R. Civ. P. 1 ("These rules . . .  should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also* Ex. 8 (*Broadcom Corp. v. Emulex Corp.*, No. 8:09-cv-01058, Dkt. No 167 at 9 (C.D. Cal. June 30, 2010) (ordering the patentee to reduce the number of asserted claims from 178 claims of 11 patents to 20 total claims, recognizing that proceeding through advanced stages of litigation with so many claims "would substantially drain the parties' and the Court's resources.")).

This heavy burden on Ford and the Court would be an ***unnecessary*** one.  There is simply no reason why Plaintiffs need to proceed through the next critical stages of this litigation—after extensive discovery and after claim construction has been completed—with 35 claims.  The continued assertion of 35 claims at this late point in the case is at best inefficient, and at worst obstructionist, as it deprives Ford of notice of the claims Plaintiffs actually plan to pursue.  The time has come for the case to be narrowed.

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 9
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**C.    Plaintiffs will not be prejudiced by a reduction in the number of asserted claims following the issuance of the Court's claim construction ruling.**

Plaintiffs cannot plausibly argue that they would be prejudiced if the Court were to grant the relief Ford seeks.  This case has been pending for more than two years.  The parties have exchanged infringement, non-infringement, and invalidity contentions; engaged in significant written discovery and document production; and noticed the depositions of several fact witnesses, including the named inventors on the asserted patents.  The parties have proceeded through claim construction, including extensive briefing and oral argument, and received preliminary constructions from the Special Master; they await only the Court's final ruling regarding the Special Master's order.  Given the advanced stage of the case, and in light of Ford's request that Plaintiffs be required to limit their claims *after* the Court's final claim construction ruling, Plaintiffs cannot credibly contend that they are unable to narrow their case as Ford has requested.  Indeed, Plaintiffs have acknowledged that "***the Markman order will enable the parties to narrow the case***," and have conceded that "***[o]nce the Markman order issues, plaintiffs will have the information they need to reduce the number of asserted claims***."  Ex. 2, (March 8, 2013 Letter from F. Short to C. Maier) (emphases added).[2]

Reducing the number of asserted claims would benefit the parties and the Court by making the remaining litigation far more efficient.  If Plaintiffs are ordered to limit their case to no more than 20 claims, Ford could reduce to 35 the number of prior art references on which it will rely—narrowing the issues for both Plaintiffs and the Court.

Although Plaintiffs will not be prejudiced if they are required to narrow their case to 20 claims following the claim construction order, Ford will be prejudiced if Plaintiffs are permitted to continue to assert 35 claims.  Plaintiffs have stated that they do not intend to take 35 claims to trial.  Allowing Plaintiffs to proceed with 35 claims would waste the time and

---

[2] To the extent Plaintiffs rely on *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711, 2012 WL 4903270 (W.D. Wash. May 29, 2012), to argue that they would be prejudiced by a reduction in the number of asserted claims, their reliance is misplaced  for the reasons stated in Ford's January 2013 Motion to Limit the Number of Asserted Claims.  *See* Dkt. 127 at 10.

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 10
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

resources of both Ford and the Court and would permit Plaintiffs to wait until the eve of trial to make any meaningful reduction in the number of claims—which Plaintiffs apparently intend to do.  Such eleventh-hour reductions would enable Plaintiffs to keep Ford in the dark about the issues that will actually be litigated at trial, so that Ford would be forced to prepare its defense to claims Plaintiffs have no intention of maintaining, while Plaintiffs can concentrate their time and resources on issues that will be presented to the jury.  This type of behavior would obfuscate the real issues in this case and effectively deprive Ford of adequate notice about what claims Plaintiffs actually intend to pursue.

## IV.   CONCLUSION

Plaintiffs have acknowledged that "the *Markman* order will enable the parties to narrow the case," and that "[o]nce the *Markman* order issues, plaintiffs will have the information they need to reduce the number of asserted claims."  Ex. 2, (March 8, 2013 Letter from F. Short to C. Maier).  Requiring Plaintiffs to reduce the number of asserted claims to 20 after the Court's claim construction order would streamline the case for trial and make the rest of the litigation far more efficient.  Accordingly, Ford respectfully requests that the Court order Plaintiffs, following the final claim construction order, to narrow their case to no more than 20 asserted claims.  Ford further requests that Plaintiffs be ordered to do so within 10 days of the issuance of the Court's final claim construction ruling.

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 11
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    DATED:  October 10, 2013

2                                   SAVITT BRUCE & WILLEY LLP

3

4                                   By:    /s/ *Duncan E. Manville*
                                        Duncan E. Manville, WSBA #30304
5                                       Fax:  (206) 749-0600
                                        Email:  dmanville@sbwllp.com

6                                   WILMER CUTLER PICKERING HALE AND DORR LLP
                                    Michael J. Summersgill (*pro hac vice*)
7                                   Sarah Beigbeder Petty (*pro hac vice*)
                                    60 State Street
8                                   Boston, Massachusetts  02109
                                    Tel.:  (617) 526-6000
9                                   Fax:  (617) 526-5000
                                    Emails: michael.summersgill@wilmerhale.com
10                                          sarah.petty@wilmerhale.com

11                                  WILMER CUTLER PICKERING HALE AND DORR LLP
                                    Todd C. Zubler (*pro hac vice*)
12                                  Grant K. Rowan (*pro hac vice*)
                                    1875 Pennsylvania Avenue NW
13                                  Washington, D.C.  20006
                                    Tel.:  (202) 663-6636
14                                  Fax:  (202) 663-6363
                                    Emails: todd.zubler@wilmerhale.com
15                                          grant.rowan@wilmerhale.com

16                                  BROOKS KUSHMAN P.C.
                                    Frank A. Angileri (*pro hac vice*)
17                                  John S. Le Roy (*pro hac vice*)
                                    1000 Town Center, 22nd Floor
18                                  Southfield, Michigan  48075
                                    Tel.:  (248) 358-4400
19                                  Fax:  (248) 358-3351
                                    Emails: fangileri@brookskushman.com
20                                          jleroy@brookskushman.com

21                                  Attorneys for Defendant Ford Motor Company

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

    I certify that this pleading was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 10th day of October, 2013.

                      */s/ Duncan E. Manville*
                      Duncan E. Manville

DEFENDANT FORD MOTOR COMPANY'S
RENEWED MOTION TO LIMIT THE NUMBER
OF ASSERTED CLAIMS - 13
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500