# Exhibit 1

| | |
|---|---|
| **From:** | fshort@SusmanGodfrey.com |
| **Sent:** | Friday, October 05, 2012 8:25 PM |
| **To:** | Petty, Sarah; Summersgill, Michael; Zubler, Todd |
| **Cc:** | icrosby@SusmanGodfrey.com; gvose@SusmanGodfrey.com; pbageant@susmangodfrey.com |
| **Subject:** | Medius/EHH v. Ford - narrowing the case |

Counsel,

As a follow-up to our telephone conference yesterday regarding how the parties might narrow the case, we propose to drop some of the claims we have asserted with the expectation that you will drop some of the prior art you have asserted.  I understand that you have not committed to dropping any particular prior art in advance, but if you do so, the cooperative reduction of both asserted claims and asserted prior art could represent a first step toward further narrowing of the case.

Accordingly, we will drop the following claims of the '028 patent:  18, 19, 20, 21, 22, 23, 29 and 30.

We look forward to your response.

Thank you,
Floyd


**Floyd G. Short
Susman Godfrey, L.L.P.
Suite 3800
1201 Third Avenue
Seattle, WA  98101-3000
Office (206) 373-7381
Cell (206) 226-9210
Fax (206) 516-3883
fshort@susmangodfrey.com**

**www.susmangodfrey.com**

CONFIDENTIAL AND PRIVILEGED:  This confidential message may be protected by attorney-client privilege and the attorney work product doctrine.  If you are not the intended recipient or you have received this message in error, please notify me by replying to the message and then delete the message without disclosing it.  Thank you.

# Exhibit 2

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 3800
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | 15TH FLOOR |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 560 LEXINGTON AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | NEW YORK, NEW YORK 10022-6828 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (212) 336-8330 |

FLOYD G. SHORT
DIRECT DIAL (206) 373-7381

E-MAIL fshort@susmangodfrey.com

March 8, 2013

VIA E-MAIL

Cosmin Maier, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Re:    *Eagle Harbor Holdings LLC et al. v. Ford Motor Co.*,
       No. 3:11-cv-5503BHS (W.D. Wash.)

Dear Cosmin:

I write in response to your letter dated February 22, 2013, in which you allege deficiencies in our responses to Ford's Interrogatory Nos. 12, 13, and 14.

The most fundamental and common objection we have to these three contention interrogatories is that they are premature, overly broad, unduly burdensome, abusive, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the status of this case, in which the parties have yet to receive a ruling on their disputed claim constructions.  The three interrogatories seek to require plaintiffs to provide a comprehensive, claim-by-claim, limitation-by-limitation analysis and demonstration of all evidence showing how the asserted claims satisfy the written description requirement and are not anticipated or rendered obvious by every piece of the mountain of prior art that Ford has asserted.  Each of the three contention interrogatories is actually many interrogatories in one, and in the aggregate they exceed the number of interrogatories Ford is permitted.  For these and other reasons the breadth and scope of these contention interrogatories is unjustifiable.

March 7, 2013
Page 2

That is especially true given where we are in this case. As you know, the parties recently reached agreement on and submitted to the Court the following proposed schedule for claim construction briefing and hearing:

| | |
|---|---|
| April 12, 2013 | Opening *Markman* briefs due |
| May 10, 2013 | Responsive *Markman* briefs due |
| June 6, 2013 | *Markman* hearing |

The Court decided to delay entering this proposed schedule, pending its appointment of a special master, but there is no reason to believe that this schedule will not be adopted. In three months, therefore, the parties will have completed the *Markman* briefing and hearing.

The *Markman* order that issues as a result of that process will have an important impact on all aspects of the case. It will directly affect the analysis of the written description, anticipation, and obviousness issues raised by Ford's contention interrogatories. It is simply premature to require plaintiffs to provide such an analysis. Indeed, it is make-work to demand that plaintiffs perform these analyses now, when the analyses likely will require significant revisions in a matter of months in light of the forthcoming *Markman* order.

Moreover, as plaintiffs argued in opposition to Ford's recent motion to limit the number of asserted claims, the *Markman* order will enable the parties to narrow the case. Indeed, the Court implicitly accepted plaintiffs argument in finding that it would be "inappropriate to order Plaintiffs to limit their claims" in advance of the *Markman* proceeding. (Dkt. No. 130.) Once the *Markman* order issues, plaintiffs will have the information they need to reduce the number of asserted claims, and Ford will have the information it needs to reduce the amount of prior art it is asserting. Once that happens, plaintiffs are certainly willing to meet and confer concerning an appropriate scope for contention interrogatories. Until that happens, however, it is absurdly burdensome for Ford to demand a claim-by-claim, limitation-by-limitation analysis of every asserted claim and every piece of prior art that Ford has disclosed.

Notwithstanding the arguments you make in your letter, the burden you seek to impose on Plaintiffs is in no way analogous to the responsibility Ford had under the Local Patent Rules ("LPR") to provide its invalidity and non-infringement contentions. The LPR impose those requirements—as well as the requirement that plaintiffs provide infringement contentions—in advance of claim construction in order to provide the parties with information necessary to engage in a meaningful claim construction process. It is a non-sequitur to argue that Ford's

March 7, 2013
Page 3

contention interrogatories are not overly burdensome because Ford was required by the LPR to disclose its invalidity and non-infringement contentions.

Your reliance on LPR 112 is also unavailing. LPR 112 proscribes certain enumerated discovery requests that would be premature until the parties have exchanged their infringement, validity, and non-infringement contentions. It does not constitute an independent ground for discovery or authorize requests that are overly broad or unduly burdensome. LPR 112 certainly does not require plaintiffs to perform and provide the kind of overly broad and unduly burdensome analyses that Ford's contention interrogatories request, especially when the *Markman* order and subsequent narrowing of the case will necessarily reduce the breadth and burdensomeness of the work Ford is demanding.

We also adhere to our objection that your contention interrogatories are premature because they encompass expert analysis that is due to be disclosed at a later stage of the case. While it is a question of fact whether the written description requirement is met for a particular claim, that inquiry requires the perspective of a person of ordinary skill in the art. Expert opinion testimony regarding the qualification of a POSITA and the meaning of a patent specification to a POSITA is highly relevant and necessary to the determination of whether a written description is sufficient to support asserted claims.

For the reasons stated above and in our responses to Ford's Third Set of Interrogatories, we object to Interrogatory Nos. 12, 13, and 14. Most importantly, they are overly broad, unduly burdensome, and premature contention interrogatories in light of the impending *Markman* proceeding. They should be held in abeyance until after *Markman*, at which time the parties should meet and confer to discuss an appropriate and reasonable scope for contention interrogatories in this case.

Sincerely,

*/s/ Floyd G. Short*

Floyd G. Short

# Exhibit 3

# WILMERHALE

August 5, 2013

**By E-mail**

Michael J. Summersgill

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

Floyd G. Short, Esq.
Susman Godfrey LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000

Re: *Eagle Harbor Holdings LLC et al. v. Ford Motor Co.*, No. 3:11-cv-5503 (W.D. Wash.)

Dear Floyd:

With the Plaintiffs still asserting 114 claims of 10 patents, the scope of Plaintiffs' case continues to be unreasonable and imposes an extraordinary and unnecessary burden on both Ford and the Court. Recognizing that "this case will not proceed to jury trial on the number of claims currently asserted" (Dkt. 81 at 4), Plaintiffs have indicated that they are willing to discuss "additional mutual reductions with Ford" (Dkt. 129 at 6) in an effort to narrow the case. In particular, Plaintiffs have acknowledged that "the Markman order will enable the parties to narrow the case," and that "[o]nce the Markman order issues, plaintiffs will have the information they need to reduce the number of asserted claims." (*See* March 8, 2013 Letter from F. Short to C. Maier.) Now that the claim construction order has issued, it is time for the case to be narrowed.

Ford proposes that the parties agree to a schedule for narrowing the case. Specifically, Ford requests that Plaintiffs agree to reduce the number of asserted claims by August 28, 2013 (30 days after the claim construction order). Ford believes that a limit of no more than 20 total claims would be reasonable. In the interest of cooperation, Ford is willing to undertake a corresponding reduction in prior art references, to no more than 30 references, within two weeks after Plaintiffs limit the asserted claims (*i.e.*, by September 9, 2013). Ford will, however, reserve the right to add and/or change the prior art references upon which it will rely in the event that Plaintiffs seek to subsequently revise their infringement contentions.

With respect to the scheduling of Mr. Preston's deposition, Ford proposes that Plaintiffs agree to make Mr. Preston available for deposition within four weeks after Plaintiffs reduce the number of claims (*i.e.*, by September 23, 2013). Please note that Ford is unavailable on September 11 and 12, 2013, due to a previously-scheduled obligation in another case.

Please let us know by close of business on Wednesday, August 7 if Plaintiffs will agree to the above schedule for the proposed mutual reduction of asserted claims and prior art references. If Plaintiffs do not agree, Ford intends to file a renewed motion to limit the number of asserted claims. Our hope, however, is that the parties can reach a compromise that will avoid the need for motion practice on this issue. We are available to meet and confer, if that would aid the parties in coming to an agreement.

WILMERHALE

Floyd G. Short, Esq.
August 5, 2013
Page 2

We look forward to your response.

Very truly yours,

Michael J. Summersgill

# Exhibit 4

| | |
|---|---|
| **From:** | Floyd G. Short <fshort@SusmanGodfrey.com> |
| **Sent:** | Friday, August 09, 2013 3:59 PM |
| **To:** | Summersgill, Michael |
| **Cc:** | Zubler, Todd; Rowan, Grant; Petty, Sarah; jleroy@brookskushman.com; Duncan Manville (dmanville@sbwllp.com); Amrhein, Alexandra; icrosby@SusmanGodfrey.com; Genevieve Vose Wallace; pbageant@susmangodfrey.com |
| **Subject:** | RE: EHH v. Ford:  Correspondence |

I understood that you were still considering objections.  Anyway, we will need to know what your objections are before we can formulate and discuss a plan and timeline for narrowing the case and going forward.

**From:** Summersgill, Michael [mailto:Michael.Summersgill@wilmerhale.com]
**Sent:** Friday, August 09, 2013 12:33 PM
**To:** Floyd G. Short
**Cc:** Zubler, Todd; Rowan, Grant; Petty, Sarah; jleroy@brookskushman.com; Duncan Manville (dmanville@sbwllp.com); Amrhein, Alexandra; Ian B. Crosby; Genevieve Vose Wallace; Patrick C. Bageant
**Subject:** RE: EHH v. Ford: Correspondence

As you and I discussed earlier this week, we intend to make a few, limited objections.  Let me know if that changes your plan.

Thanks.

MJS

**From:** Floyd G. Short [mailto:fshort@SusmanGodfrey.com]
**Sent:** Friday, August 09, 2013 3:18 PM
**To:** Summersgill, Michael
**Cc:** Zubler, Todd; Rowan, Grant; Petty, Sarah; jleroy@brookskushman.com; Duncan Manville (dmanville@sbwllp.com); Amrhein, Alexandra; icrosby@SusmanGodfrey.com; Genevieve Vose Wallace; pbageant@susmangodfrey.com
**Subject:** RE: EHH v. Ford: Correspondence

Michael,

We have decided that although we have a minor issue or two with the special master's claim construction ruling, we like it enough to suggest that the parties forego any objections and file a joint motion to have the court adopt all of the special master's constructions.  If you agree to such a joint motion, we can then proceed to discussing a plan and timeline for narrowing the case, etc.

Please let me know your position.

Thank you,
Floyd

**From:** Floyd G. Short
**Sent:** Monday, August 05, 2013 5:35 PM
**To:** Summersgill, Michael
**Cc:** Zubler, Todd; Rowan, Grant; Petty, Sarah; jleroy@brookskushman.com; Duncan Manville (dmanville@sbwllp.com); 'Amrhein, Alexandra'; Ian B. Crosby; Genevieve Vose Wallace; Patrick C. Bageant
**Subject:** RE: EHH v. Ford: Correspondence

Michael,

As we discussed on the phone this afternoon, an important preliminary issue before we can consider the proposal in your letter is whether either party is going to file any objections to the special master's Markman ruling and, in particular, the scope of any such objections. As we discussed, let's touch base on that issue toward the end of the week.

Best regards,
Floyd

---

**From:** Amrhein, Alexandra [mailto:Alexandra.Amrhein@wilmerhale.com]
**Sent:** Monday, August 05, 2013 2:34 PM
**To:** Floyd G. Short; Ian B. Crosby; Genevieve Vose Wallace; Patrick C. Bageant
**Cc:** Summersgill, Michael; Zubler, Todd; Rowan, Grant; Petty, Sarah; jleroy@brookskushman.com; Duncan Manville (dmanville@sbwllp.com)
**Subject:** EHH v. Ford: Correspondence

Counsel,

Please see the attached correspondence from Michael Summersgill.

Regards,

Ali

**Alexandra Amrhein | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6167 (t)
+1 617 526 5000 (f)
alexandra.amrhein@wilmerhale.com

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.