The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 3:11-CV-05503-BHS

**DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES**

DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES
No. 3:11-cv-05503

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................... 1

II. ARGUMENT ......................................................................................................... 3

    A.    Courts Routinely Limit Plaintiffs to 20 or Fewer Asserted Claims at this Stage in Litigation......................................................................................... 3

    B.    Failure to Meaningfully Limit the Asserted Claims to 20 at this Juncture Would Impose a Significant and Unjustified Burden on the Court and on Ford............................................................................................ 5

    C.    Requiring Plaintiffs to Reduce the Number of Asserted Claims to 20 at This Stage Will Not Cause Plaintiffs Any Prejudice........................................... 6

    D.    20 Asserted Claims and 35 Prior Art References is a Fair, "Mutual" and "Reciprocal" Narrowing of the Case ............................................................... 9

    E.    The Court Should Reject Plaintiffs' Proposal To Require Ford To Serve Its Amended Invalidity and Noninfringement Contentions Within 10 Days After Plaintiffs Narrow Their Asserted Claims ......................... 11

III. CONCLUSION ................................................................................................... 12

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - i
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Avocent Redmond Corp. v. Rose Electronics*,
  No. C06-1711, 2012 WL 4903270 (W.D. Wash. May 29, 2012) .......................................... 8

*Broadcom Corp. v. Emulex Corp.*,
  No. 8:09-cv-01058, Dkt. No. 167 at 9 (C.D. Cal. June 30, 2010) .......................................... 4

*Classen Immunotherapies, Inc. v. Biogen Idec*,
  No. 04–2607, 2013 WL 680379 (D. Md. Feb. 22, 2013) ........................................................ 4

*Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*,
  No. 04-cv-0038, 2005 WL 2304190 (D. Del. Sept. 20, 2005) ...................................... 4, 5, 9

*Fleming v. Cobra Elecs. Corp.*,
  No. 12-cv-392, 2013 WL 1760273 (D. Idaho Apr. 24, 2013) ................................................. 7

*Havco Wood Prods., LLC v. Industrial Hardwood Prods., Inc.*,
  No. 10–cv–566, 2011 WL 5513214 (W.D. Wis. Nov. 10, 2011) ............................................ 6

*Hearing Components, Inc. v. Shure, Inc.*,
  No. 9:07-cv-104, 2008 WL 2485426 (E.D. Tex. June 13, 2008) ............................................ 5

*High Point Sarl v. Spring Nextel Corp.*,
  No. 09-cv-2269, 2010 WL 9497168 (D. Kan. Aug. 18, 2010) ........................................... 5, 7

*In re Katz Interactive Call Processing Patent Litigation*,
  639 F.3d 1303 (Fed. Cir. 2011) ............................................................................................... 8

*KSR Int'l Co. v. Teleflex Inc.*,
  127 S. Ct. 1727 (2007) .......................................................................................................... 10

*Masimo Corp. v. Philips Elecs. North Am. Corp.*,
  918 F. Supp. 2d 277 (D. Del. 2013) ................................................................................. 3, 10

*Minerva Indus., Inc. v. Motorola, Inc.*,
  No. 2:07-cv-229, Dkt. 334 (E.D. Tex. July 30, 2009) ............................................................ 3

*Network Protection Scis., LLC v. Fortinet, Inc.*,
  No. C12-01106, 2013 WL 1949051 (N.D. Cal. May 9, 2013) ............................................... 9

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - ii
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

*Oasis Research, LLC v. Adrive, LLC*,
   No. 4:10-cv-00435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011) ........................................ 3

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   No. 04-cv-1371, 2006 WL 2724879 (D. Del. Sept. 20, 2006) .............................................. 10

*Rambus Inc. v. Hynix Semiconductor Inc.*,
   No. C-05-00334 *et al.*, 2008 WL 4104116 (N.D. Cal. Aug. 27, 2008) ................................. 10

*Round Rock Research, LLC v. Dell Inc.*,
   No. 4:11-cv-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012)............................................ 3

*TALTech Ltd. v. Esquel Enters. Ltd.*,
   No. 2:04-cv-00974-TSZ, Dkt. Nos. 167, 169, 173 (W.D. Wash. 2006) ............................... 10

*Thought, Inc. v. Oracle Corp.*,
   No. 3:12–cv–05601, 2013 WL 5587559 (N.D. Cal. Oct. 10, 2013) ......................... 5, 7, 8, 11

*Visto Corp. v. Little Red Wagon Technologies, Inc.*,
   No. 3:11-cv-02373, 2012 WL 7989618 (N.D. Tex. Oct. 18, 2012) ........................................ 5

*Visto Corp. v. Little Red Wagon Techs., Inc.*,
   No. 3:11-cv-02373, Dkt. No. 82 at 6 (N.D. Tex. July 23, 2012)............................................. 5

**FEDERAL STATUTES**

35 U.S.C. § 102 .................................................................................................................................. 9

35 U.S.C. § 103 .................................................................................................................................. 9

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - iii
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# I. INTRODUCTION

Plaintiffs argue in their Response and Cross-Motion that they should not be required to further reduce the number of asserted claims because they have allegedly already agreed to reduce the number of asserted claims by seventy percent (70%). As an initial matter, as of the filing of Ford's motion, Plaintiffs had conditioned any reduction of claims on an equal reduction in the number prior art references and thus had not yet agreed to any reduction. In any event, where Plaintiffs' current contentions assert an unmanageable number of claims – one hundred and fourteen (114) – it is the total number of asserted claims, not the percentage reduction, that is relevant. Plaintiffs cannot avoid a meaningful reduction by starting with an unreasonably large number of claims, reducing the number to a still unreasonably large number of claims, and then claiming that they made a significant percentage reduction. Their argument is like the overspender who reduces his spending by 50% but continues to live beyond his means. Plaintiffs' arguments should be rejected, and they should be required to reduce the number of asserted claims to 20, for at least the following reasons.

*First*, courts routinely limit plaintiffs to between 10 and 20 claims at this procedural stage of a case. The cases cited by Plaintiffs are not to the contrary. Indeed, all but one of those cases involved a decision on the number of claims *prior to claim construction*, not following claim construction as is the case here.

*Second*, proceeding with 35 claims would impose a significant and unjustified burden on the Court and on Ford. Ford, for instance, would be required to take inventor depositions, submit expert reports, and submit post-claim construction contentions – all of which require a claim-by-claim analysis – with a still unreasonably large number of claims at issue. Plaintiffs themselves continue to refuse to answer three of Ford's interrogatories which request a claim-by-claim response on the grounds that responding with the current number of asserted claims

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 1
No. 3:11-cv-05503

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

would be "**absurdly burdensome**." *See* Dkt. 177-1, Ex. 2 (Mar. 8, 2013 Letter from F. Short to C. Maier).

*Third,* requiring Plaintiffs to reduce the number of asserted claims to 20 at this stage of the litigation will not cause Plaintiffs any prejudice. Plaintiffs have received substantial technical information on the two accused systems; Ford's invalidity and noninfringement contentions and accompanying prior-art references; Ford's positions on claim construction; and the Special Master's claim construction order. Prior to limiting their claims, they will have the Court's final decision on the disputed claim terms. Numerous courts have found that this amount of information is *more* than sufficient for Plaintiffs to meaningfully narrow their asserted claims to 20. Indeed, even at 20 claims, Plaintiffs will still be asserting more than the typical number of claims asserted in patent infringement trials, and a number that is still too large to be reasonably tried to a lay jury.

*Finally,* Plaintiffs argue that they should only be required to make a reduction if Ford is required to make an equal reduction in the number of prior art references. Ford has now unilaterally agreed to reduce the number of prior art references following claim construction to 35 references. There is no basis, however, for Plaintiffs' contention that a one-to-one reduction in asserted claims and prior art references is necessary. There is no support in the case law for such a requirement. Moreover, where an obviousness defense can require multiple references per claim, an equal reduction of claims and references makes no analytical sense.[1]

---

[1] Plaintiffs' brief incorrectly suggests that Ford somehow misrepresented the parties' efforts to meet and confer in order to narrow the case, stating that Ford's recitation of the parties' communications is "incomplete" because "discussions continued after the September 17 letter" Ford cites to in its brief. Plaintiffs' suggestion is both improper and inaccurate. Although Plaintiffs state that Ford "omits three weeks of dialogue" that post-dated the September 17 letter, the record shows otherwise; in its brief, following the discussion of the September 17 letter, Ford stated: ***"Between September 25, 2013 and today, the parties met and conferred on multiple occasions and exchanged multiple emails in an effort to narrow their differences. The parties' efforts were unsuccessful, however, as Plaintiffs have indicated that they are unwilling to agree to any limits below 35 asserted claims."*** Dkt. 178 at 5-6.

| | |
|---|---|
| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 2<br>No. 3:11-cv-05503 | **SAVITT BRUCE & WILLEY LLP**<br>1425 Fourth Avenue Suite 800<br>Seattle, Washington 98101-2272<br>(206) 749-0500 |

## II.     ARGUMENT

**A.     Courts Routinely Limit Plaintiffs to 20 or Fewer Asserted Claims at this Stage in Litigation.**

Contrary to Plaintiffs' arguments, courts routinely limit plaintiffs to 20 or fewer claims at this stage of a case. Plaintiffs' cases are not to the contrary. Indeed, ***all but one*** of the cases cited by Plaintiffs for the proposition that the number of claims should not be reduced to fewer than 35 at this stage addressed reductions ***prior to claim construction***. *See* Dkt. 178 at 5-6. Specifically,

- In *Masimo Corp. v. Philips Elecs. North Am. Corp.*, 918 F. Supp. 2d 277 (D. Del. 2013), cited by Plaintiffs at page 6 of their opposition, the court limited the number of asserted claims from 95 to 30 prior to claim construction briefing. *Id.* at 284.

- In *Round Rock Research, LLC v. Dell Inc.*, No. 4:11-cv-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012), relied upon by Plaintiffs at page 5, the court ordered a reduction from 82 claims of 10 patents to 40 asserted claims prior to claim construction briefing. *Id.* at *1, *2.

- Plaintiffs rely on *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-00435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011) for the proposition that a limitation of 31 claims, rather than 20, is appropriate where fact discovery is still open and expert reports have not yet been served. Dkt. 178 at 5. But in that case, too, the court issued its order limiting claims before claim construction had even been briefed, let alone decided. *See Oasis Research*, 2011 WL 7272473, at *1, *2.

- Finally, Plaintiffs cite to *Minerva Indus., Inc. v. Motorola, Inc.*, No. 2:07-cv-229, Dkt. 334 (E.D. Tex. July 30, 2009), arguing that that case stands for the proposition that a reduction from over 100 claims to 40 is justified when fact discovery is still open. Dkt. 178 at 5; Dkt. 178-8. But Plaintiffs decline to mention that *Minerva*, too, was decided before claim construction. Dkt. 178-8.

As Ford seeks to reduce the number of claims ***only after the claim construction order has issued***, each of these cases is inapposite. Indeed, Plaintiffs have conceded that it is appropriate to further reduce the number of claims once the Court has issued its claim construction order. *See* Dkt. 177-1, Ex. 2 (Mar. 8, 2013 Letter from F. Short to C. Maier)

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 3
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

("Once the *Markman* order issues, plaintiffs will have the information they need to reduce the number of asserted claims.").

Plaintiffs cite to only one case that involved an order to limit claims *after* the claim construction decision was issued, *Classen Immunotherapies, Inc. v. Biogen Idec*, No. 04–2607, 2013 WL 680379 (D. Md. Feb. 22, 2013). In *Classen*, the court ordered that the asserted claims be reduced from 225 to 30 following the court's decision on claim construction. *Id.* at *3-4. But *Classen* involved two separate defendants with distinct accused products, thus justifying more asserted claims. *See id.* at *1. In any event, even viewed from Plaintiffs' perspective, *Classen* required an 87% reduction in claims – a higher percentage reduction than Ford seeks here.

Moreover, Plaintiffs have wholly failed to distinguish – or, in some instances, even address – the cases cited by Ford in its opening brief. Plaintiffs' attempt to distinguish *Broadcom Corp. v. Emulex Corp.*, No. 8:09-cv-01058, Dkt. No. 167 at 9 (C.D. Cal. June 30, 2010) on the ground that it purportedly concerned only "complications of construing claim terms from a set of 178 claims" (Dkt. 178 at 8) is incorrect. In ordering the patentee to reduce the number of asserted claims from 178 claims of 11 patents to 20 total claims, the *Broadcom* court specifically stated that it was concerned about "proceeding with this number of claims through claim construction, *summary judgment motions*, and *trial*," and further stated that, following claim construction, it would consider "whether *further limitation* prior to any summary judgment motions and trial" was necessary. Dkt. 177-3, Ex. 8 at 9 (emphasis added). The *Broadcom* court was thus clearly concerned about the burden of too many claims throughout the remainder of the litigation, and made clear that it might require fewer than 20 asserted claims prior to summary judgment. *See id.*

Plaintiffs likewise fail to distinguish *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*, No. 04-cv-0038, 2005 WL 2304190 (D. Del. Sept. 20, 2005), on the ground that trial was just four, rather than eight, months away. *See* Dkt. 178 at 7. In

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 4
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

*Fenster*, the court held that the plaintiff's assertion of 90 claims from eight unrelated patents was "unreasonable," and limited the plaintiff to 10 total claims and 5 asserted products. *Id.* at *3. The *Fenster* court ordered the claims to be limited while discovery was ongoing and prior to opening expert reports – precisely the circumstances here.

Plaintiffs do not even attempt to distinguish *Visto Corp. v. Little Red Wagon Technologies, Inc.*, No. 3:11-cv-02373, 2012 WL 7989618 (N.D. Tex. Oct. 18, 2012). There, the court ordered the patentee to reduce the number of asserted claims from 35 claims of five patents to no more than 10 total claims in advance of claim construction, when fact discovery was set to close in approximately *eight months* and expert discovery in approximately *eleven months* – thus, there was significantly more time remaining in the discovery period than here. *See id.* at *1; *see also* Ex. 3[2] (*Visto Corp. v. Little Red Wagon Techs., Inc.*, No. 3:11-cv-02373, Dkt. No. 82 at 6 (N.D. Tex. July 23, 2012)).[3]

**B.  Failure to Meaningfully Limit the Asserted Claims to 20 at this Juncture Would Impose a Significant and Unjustified Burden on the Court and on Ford.**

Narrowing the case following the Court's final order on claim construction rather than at some unspecified point later in discovery or after dispositive motions are decided will benefit both parties and this Court. Initial expert disclosures are now due in seven weeks, dispositive

---

[2] Unless otherwise noted, citations to Exhibits are with reference to the Declaration of Alexandra Amrhein, filed in support of this reply and opposition.

[3] Plaintiffs similarly do not attempt to distinguish several other cases cited by Ford in its Renewed Motion, Dkt. 176 at 6-8, which support limiting Plaintiffs to 20 claims at this juncture. *See, e.g.*, *High Point Sarl v. Spring Nextel Corp.*, No. 09-cv-2269, 2010 WL 9497168, at *2-3 (D. Kan. Aug. 18, 2010) (ordering patentee to reduce the number of asserted claims from 117 claims of four patents to 20 representative claims where discovery was ongoing *and* prior to claim construction); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (limiting plaintiff to nine claims of three patents where discovery was ongoing *and* prior to claim construction). A recently decided case also supports Ford's position. *See Thought, Inc. v. Oracle Corp.*, No. 3:12-cv-05601, 2013 WL 5587559, at *1, *4 (N.D. Cal. Oct. 10, 2013) (where discovery was ongoing and the parties had only "exchanged infringement and invalidity contentions, their proposed claim constructions, as well as 'core' technological documents," ordering plaintiff to reduce the number of claims from 102 claims of seven patents to no more than more than 32 claims total pre-claim construction, and 16 claims total post-claim construction).

| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 5 No. 3:11-cv-05503 | **SAVITT BRUCE & WILLEY LLP** 1425 Fourth Avenue Suite 800 Seattle, Washington 98101-2272 (206) 749-0500 |
|---|---|

motions will be heard in less than five months, and trial is less than eight months away.  *See Havco Wood Prods., LLC v. Industrial Hardwood Prods., Inc.*, No. 10-cv-566, 2011 WL 5513214, at *6  (W.D. Wis. Nov. 10, 2011) ("Given that initial expert disclosures are due in less than one month, with the dispositive motion deadline approximately three motions away, the court agrees that now is the appropriate time for [patentee] to limit its asserted claims.").

As described in Ford's opening brief, allowing Plaintiffs to continue asserting 35 claims would impose a significant and unjustified burden on the Court and on Ford.  This Court would have to waste valuable time and resources resolving disputes over multiple extraneous claims on both summary judgment and other pretrial motions.  Ford would be required to take inventor depositions, submit expert reports, and submit post-claim construction contentions – all of which require a claim-by-claim analysis – with a still unreasonably large number of claims at issue.  Plaintiffs themselves have refused to answer three of Ford's interrogatories that request a claim-by-claim answer on the grounds that responding with the current number of asserted claims would be "**absurdly burdensome**."  *See* Dkt. 177-1, Ex. 2 (Mar. 8, 2013 Letter from F. Short to C. Maier).

**C.     Requiring Plaintiffs to Reduce the Number of Asserted Claims to 20 at This Stage Will Not Cause Plaintiffs Any Prejudice.**

Plaintiffs will not be prejudiced if the Court orders them to limit the number of asserted claims to 20 after the claim construction order.  This case has been pending for more than two years, and during that time, Plaintiffs have obtained more than enough information from Ford and third parties to enable them to determine their best 20 claims to pursue.

Plaintiffs allege infringement by two Ford systems, SYNC and Active Park Assist.  In June 2012, over **16 months ago**, Ford provided Plaintiffs with nearly 200,000 pages of documents, a significant number of which were technical documents regarding the accused systems.  Since that time, Ford has continued to make rolling productions of technical and other documents in response to Plaintiffs' document requests.  To date, Ford's document production

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 6
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

totals over 500,000 pages.  Moreover, Plaintiffs have had source code from Ford and Microsoft (a supplier for the accused SYNC system) available to them since at least October 2012, and have reviewed and cited that code in their infringement contentions.  Dkt. Nos. 82-1–83-3.  Ford also provided Plaintiffs with comprehensive invalidity and non-infringement contentions over a year ago.  In addition, Plaintiffs are fully aware of Ford's claim-construction positions after extensive briefing and oral argument, and Plaintiffs will have the Court's final claim-construction order before having to limit their claims.[4]  The information Plaintiffs already have is more than sufficient for Plaintiffs to narrow their claims to 20.  *See High Point Sarl v. Spring Nextel Corp.*, No. 09-cv-2269, 2010 WL 9497168, at *2, *3 (D. Kan. Aug. 18, 2010) (rejecting prejudice argument and ordering reduction of asserted claims from 117 to 20 where discovery was ongoing, the parties had exchanged non-infringement and invalidity contentions, and claim construction briefs were underway, as "[t]he time for identifying critical issues and for narrowing the scope of the litigation, if not passed, is now").[5]

      The lack of prejudice to Plaintiffs is confirmed by the duplicative nature of Plaintiffs' claims.  Plaintiffs assert that Ford has "made no effort to argue that [the patent] claims overlap or are duplicative" (Dkt. 178 at 13), but Ford already explained in its January 2013 Motion to Limit Claims that there is significant duplication in Plaintiffs' claims and allegations.  *See* Dkt. 127 at 11 & n.3.  Eight of the ten asserted patents share two specifications, and nine of the ten

---

[4] Indeed, Plaintiffs have acknowledged that *"the Markman order will enable the parties to narrow the case,"* and have conceded that *"[o]nce the Markman order issues, plaintiffs will have the information they need to reduce the number of asserted claims."*  Dkt. 176, Ex. 2 (Mar. 8, 2013 Letter from F. Short to C. Maier) (emphases added).

[5] *See Thought, Inc.*, 2013 WL 5587559, at *2, *3 (determining that a party should have a sufficient understanding of the two accused products in order to limit claims where the parties had exchanged infringement and invalidity contentions, proposed claim constructions, and "core" technical documents); *cf. Fleming v. Cobra Elecs. Corp.*, No. 12-cv-392, 2013 WL 1760273, at *2 (D. Idaho Apr. 24, 2013) (determining that the parties had not "conducted the discovery necessary to determine what claims are dispensable" before invalidity contentions had been served).

| | |
|---|---|
| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 7 No. 3:11-cv-05503 | **SAVITT BRUCE & WILLEY** LLP 1425 Fourth Avenue Suite 800 Seattle, Washington  98101-2272 (206) 749-0500 |

patents incorporate by reference another common patent.[6]  The Special Master noted these overlapping specifications and stated that that the patents "can be organized into groups in which *certain related patents have the same or similar claim limitations at issue for review*." Dkt. 165 at 2 (emphasis added).  The duplication of the claims is also shown by Plaintiffs' infringement contentions, which, instead of citing evidence for each claim limitation, repeatedly cross reference other claim limitations that are similar or identical.  *See* Dkt. Nos. 82-1–83-3.  Indeed, Plaintiffs acknowledged earlier in the case that five of the patents have claims that "*generally consist of combinations of already asserted claim elements relating to already accused systems.*"  *See* Ex. 2 (Oct. 16, 2011 Email from I. Crosby to M. Summersgill).[7]  Plaintiffs' infringement allegations are also directed at only two products (SYNC and Active Park Assist), not a broad array of different products as in some patent litigation.

Plaintiffs' argument of prejudice is ultimately belied by the ordinary scope of patent infringement litigation.  If Plaintiffs reduce their asserted claims to 20, they still will be asserting more than the typical number of claims asserted in patent infringement trials, and a

---

[6] Specifically, the specification for U.S. Patent No. 7,146,260 (Dkt. 81, Ex. 2(d)) is substantially the same as the specifications for U.S. Patent Nos. 7,778,739 and 8,027,268 (Dkt. Nos. 81, Ex. 2(e) and 89, Ex. 2(k)).  The specification for U.S. Patent No. 7,793,136 (Dkt. 81, Ex. 2(f)) is substantially identical to the specifications for U.S. Patent Nos. 8,006,117; 8,006,118; 8,006,119; and 8,020,028 (Dkt. 86, Exs. 2(g)-(j)).  Moreover, the specifications of the '260, '136, '739, '268, '028, '117, '118, and '119 patents, as well as U.S. Patent No. 6,778,073 (Dkt. 81, Ex. 2(c)), all incorporate by reference U.S. Patent No. 6,629,033 (Dkt. 81, Ex. 2(b)).

[7] Plaintiffs' reliance on *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711, 2012 WL 4903270 (W.D. Wash. May 29, 2012), is misplaced.  *See* Dkt. 178 at 9-10.  As an initial matter, respectfully, *Avocent* misinterpreted the Federal Circuit's decision in *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1309 (Fed. Cir. 2011), to require a "convincing showing" of duplication among asserted claims.  *Avocent*, 2012 WL 4903270, at *2.  As explained in Ford's original Motion to Limit Claims filed in January (Dkt.127 at 11 & n.3), and as several other courts have recognized, such a showing is not required under *In re Katz*.  *See, e.g., Thought, Inc.*, 2013 WL 5587559, at *2 ("[T]he Court does not agree that *In re Katz* requires defendants to make a prima facie showing of duplication in order to require a reduction in the number of asserted claims from a demonstrably unmanageable amount, here 102, to a manageable one.").  But in any event, the duplicative nature of the claims has already been established, as explained in the preceding paragraph.

| | |
|---|---|
| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 8 No. 3:11-cv-05503 | **SAVITT BRUCE & WILLEY LLP** 1425 Fourth Avenue Suite 800 Seattle, Washington  98101-2272 (206) 749-0500 |

number that is still too large to be reasonably tried to a lay jury. That cannot constitute unfair prejudice. *See Fenster*, 2005 WL 2304190, at *3 (plaintiff's assertion of 90 claims from eight patents was "unreasonable;" limiting plaintiff to 10 total claims, which was "appropriate from the viewpoint of the typical patent litigation"); *cf. Network Protection Scis., LLC v. Fortinet, Inc.*, No. C12-01106, 2013 WL 1949051, at *1-2 (N.D. Cal. May 9, 2013) (although patentee had recently reduced the number of asserted claims from 54 to 15, "even this number is still too large to be tried").

By contrast, if Plaintiffs are permitted to continue to assert 35 claims at this late stage in the case, Ford *will* be prejudiced. As explained in Ford's opening brief, allowing Plaintiffs to proceed through advanced stages of the litigation with significantly more claims than they plan to take to trial would waste the time and resources of both Ford and the Court. It also would enable Plaintiffs to keep Ford without knowledge of the issues that will actually be litigated at trial, forcing Ford to prepare its defense to claims Plaintiffs have no intention of maintaining, even while Plaintiffs concentrate their time and resources on the issues that will be litigated.

**D.   20 Asserted Claims and 35 Prior Art References is a Fair, "Mutual" and "Reciprocal" Narrowing of the Case.**

*Finally,* there is no basis for Plaintiffs' argument that Ford and Plaintiffs should be limited to the same number of claims and prior-art references. Dkt. 178 at 14-16. A one-to-one ratio between claims and prior-art references is *not* "reciprocal" (Dkt. 178 at 15) and is prejudicial to a patent defendant.

To prove that a given claim is invalid as anticipated under 35 U.S.C. § 102, one prior-art reference is necessary that discloses the elements of the claim, and a defendant's anticipation defense for a claim will typically involve one or more alternative anticipatory references. To prove a claim is invalid as obvious under 35 U.S.C. § 103, a defendant typically must assert a ***combination*** of two (or more) prior-art references, and a typical obviousness defense therefore will involve, for each claim, multiple alternative combinations of multiple

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 9
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

references.  *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007) ("The **combination of familiar elements** according to known methods is likely to be obvious when it does no more than yield predictable results." (emphasis added)).  Ford has asserted that Plaintiffs' claims are invalid both as anticipated and obvious under 35 U.S.C. §§ 102 and 103.  *See* Ford's Invalidity Contentions, Dkt. Nos. 82-85, 87-88.  Thus, to allow Ford just one prior-art reference per claim is *not* "reciprocal" – rather, it serves to unduly limit, if not preclude, claims of obviousness.

Plaintiffs' proposed one-to-one-ratio is thus contrary to basic principles of patent litigation, in which invalidity defenses typically require multiple references per claim, as explained by the court in one of the cases cited by Plaintiffs, *Rambus Inc. v. Hynix Semiconductor Inc.*, No. C-05-00334 *et al.*, 2008 WL 4104116 (N.D. Cal. Aug. 27, 2008).  In that case, the court ordered the patentee to make an initial reduction in its asserted claims to no more than 25 total claims (*id.* at *5), and expected the defendants to also reduce their 300 prior-art references.  But there was no expectation that the reduction would be to 25 prior-art references.  To the contrary, the court envisioned multiple references per claim.  *Id.* at *6 ("It is hard for the court to imagine a legitimate basis for asserting more than two allegedly anticipating references and two or three obviousness combinations per claim.").

The fact that invalidity defenses typically require multiple references per claim explains why the very cases that Plaintiffs rely upon as supposed support for their suggested one-to-one ratio actually *rebut* their distorted notion of reciprocity.  *See* Dkt. 178 at 2, 11.  For example, in *TALTech Ltd. v. Esquel Enters. Ltd.*, No. 2:04-cv-00974-TSZ, Dkt. Nos. 167, 169, 173 (W.D. Wash. 2006), the court ordered that the case be narrowed to *12 asserted claims and 25 prior art references*.  Dkt. 177-3, Ex. 11C.  Similarly, in *Masimo Corp. v. Philips Elecs. North Am. Corp.*, 918 F. Supp. 2d 277 (D. Del. 2013), the court ordered that the case be narrowed to *30 asserted claims and 40 prior art references*.  *Id.* at 286.  Plaintiffs cite just one case in which the court, without explanation as to why they should be equal, reduced the number of claims and prior-art references to the same number.  *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-cv-1371, 2006 WL 2724879, at *6 (D. Del. Sept. 20, 2006).

| | |
|---|---|
| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 10<br>No. 3:11-cv-05503 | **SAVITT BRUCE & WILLEY** LLP<br>1425 Fourth Avenue Suite 800<br>Seattle, Washington  98101-2272<br>(206) 749-0500 |

But that decision is against the great weight of authority in patent cases, as shown above, and as reflected by a very recent decision decided just this month. *See Thought, Inc. v. Oracle Corp.*, No. 3:12-cv-05601, 2013 WL 5587559, at *4 (N.D. Cal. Oct. 10, 2013) (ordering, pre-claim construction, that patentee is limited to 32 total claims and defendant to 50 total prior art references, and further ordering, post-claim construction, that patentee is limited to 16 total claims and defendant to 25 total prior art references).

E.  **The Court Should Reject Plaintiffs' Proposal To Require Ford To Serve Its Amended Invalidity and Noninfringement Contentions Within 10 Days After Plaintiffs Narrow Their Asserted Claims.**

Plaintiffs' cross-motion asks the Court to order Ford to both reduce its prior-art references and serve amended invalidity and noninfringement contentions within 10 days after Plaintiffs serve amended infringement contentions. Dkt. 178 at 2-3. Ten days is too short a period for such a significant undertaking. Preparing amended invalidity and noninfringement contentions is a substantial task and will require rapid work after Ford receives Plaintiffs' amended infringement contentions. Ford will need to evaluate Plaintiffs' amended allegations; do factual noninfringement analysis for any new allegations; analyze which pieces of prior art, or combinations thereof, best anticipate each asserted claim or render it obvious; and then prepare the significant invalidity and noninfringement contentions documents that the local patent rules require. Moreover, Ford cannot meaningfully begin that exercise until Plaintiffs provide their amended contentions. Until then Ford will not know which of the 114 claims are being asserted *or, just as importantly, under what theory they are being asserted*. The parties previously agreed that Ford needed *three months* (90 days) to prepare adequately its invalidity charts for the initial 128 claims Plaintiffs asserted. *See* Dkt. 39 at 1. Even with that work completed, 10 days is too short a period for Ford to respond to amended contentions that could be substantially or entirely revised by Plaintiffs compared to their prior contentions.

In the interest of compromise, Ford has agreed to unconditionally reduce its prior-art references to no more than 35. Ford also proposed to Plaintiffs that it would disclose its 35 prior art references within 10 days after service of Plaintiffs' new infringement contentions, and

| DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF RENEWED MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO LIMIT PRIOR ART REFERENCES - 11 No. 3:11-cv-05503 | SAVITT BRUCE & WILLEY LLP 1425 Fourth Avenue Suite 800 Seattle, Washington  98101-2272 (206) 749-0500 |
|---|---|

serve amended noninfringement and invalidity contentions 11 days after that (*i.e.*, a total of 21 days after service of Plaintiffs' amended infringement contentions). Plaintiffs refused that offer, asserting that they would not agree to more than 14 days after service of their amended infringement contentions. In another effort at compromise, Ford offered to provide its amended contentions within 14 days after Plaintiffs' amended contentions *if the claims were limited to no more than 20*. Plaintiffs failed to accept that offer as well, and were willing to offer only 14 days for service of noninfringement contentions and 17 total days for service of invalidity contentions, regardless of the number of claims at issue. Ford could not agree to that proposal; a 14-day deadline for amended noninfringement contentions and a 17-day deadline for amended invalidity contentions is neither reasonable nor workable if Plaintiffs are asserting 35 claims. *See* Ex. 1 (email correspondence between G. Teran and G.V. Wallace between the dates of Oct. 16 and 25, 2013).

As Ford has informed Plaintiffs, Ford would agree to provide invalidity and noninfringement contentions within 14 days after service of their amended infringement contentions if Plaintiffs were limited to 20 claims. But a reduction to only 35 claims – as Plaintiffs propose – would make Plaintiffs' proposed deadline unworkable and would make 21 days the minimum reasonable response time.

### III.  CONCLUSION

Plaintiffs currently have more than enough information to meaningfully narrow their case to 20 asserted claims, and ample case law supports such a reduction. Allowing Plaintiffs to proceed with 35 claims rather than 20 – nearly double the amount that courts have typically allowed – when they have no intention of bringing that many claims to trial would create a considerable and unnecessary burden on both Ford and this Court.

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 12
No. 3:11-cv-05503

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED:  October 25, 2013

        **SAVITT BRUCE & WILLEY LLP**

By:    /s/ *Duncan E. Manville*
       Duncan E. Manville, WSBA #30304
       Fax:  (206) 749-0600
       Email:  dmanville@sbwllp.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Michael J. Summersgill (*pro hac vice*)
Sarah Beigbeder Petty (*pro hac vice*)
60 State Street
Boston, Massachusetts  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Emails: michael.summersgill@wilmerhale.com
         sarah.petty@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Todd C. Zubler (*pro hac vice*)
Grant K. Rowan (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, D.C.  20006
Tel.:  (202) 663-6636
Fax:  (202) 663-6363
Emails: todd.zubler@wilmerhale.com
         grant.rowan@wilmerhale.com

**BROOKS KUSHMAN P.C.**
Frank A. Angileri (*pro hac vice*)
John S. Le Roy (*pro hac vice*)
1000 Town Center, 22nd Floor
Southfield, Michigan  48075
Tel.:  (248) 358-4400
Fax:  (248) 358-3351
Emails: fangileri@brookskushman.com
         jleroy@brookskushman.com

Attorneys for Defendant Ford Motor Company

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 13
No. 3:11-cv-05503

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

I certify that this pleading was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 25th day of October, 2013.

                                        */s/ Duncan E. Manville*
                                        Duncan E. Manville

DEFENDANT FORD MOTOR COMPANY'S
REPLY IN SUPPORT OF RENEWED MOTION TO
LIMIT THE NUMBER OF ASSERTED
CLAIMS AND OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO LIMIT PRIOR ART
REFERENCES - 14
No. 3:11-cv-05503

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500