# Exhibit 1

| | |
|---|---|
| **From:** | Teran, Gregory |
| **Sent:** | Friday, October 25, 2013 7:38 PM |
| **To:** | 'gwallace@susmangodfrey.com'; Summersgill, Michael |
| **Cc:** | Amrhein, Alexandra; 'aleshan@brookskushman.com'; 'jleroy@BROOKSKUSHMAN.COM'; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; 'jconnors@SusmanGodfrey.com' |
| **Subject:** | Re: Medius/Ford - narrowing the case |

Genevieve, thanks for your response, and for narrowing the dispute. I'm afraid we cannot accept. Greg

**From**: Genevieve Vose Wallace [mailto:gwallace@susmangodfrey.com]
**Sent**: Friday, October 25, 2013 06:06 PM Eastern Standard Time
**To**: Teran, Gregory; Summersgill, Michael
**Cc**: Amrhein, Alexandra; 'aleshan@brookskushman.com' <aleshan@brookskushman.com>; 'jleroy@BROOKSKUSHMAN.COM' <jleroy@BROOKSKUSHMAN.COM>; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; Jordan Connors <jconnors@SusmanGodfrey.com>
**Subject**: RE: Medius/Ford - narrowing the case

**Sorry, Greg. I thought I had already responded. Our concern is about getting your non-infringement contentions with enough time to meaningfully conduct relevant and discovery and respond to them in expert reports. How about this:**

**- You disclose your list of 35 prior art references 10 days after receiving our contentions, as we've been discussing;**
**- You serve your amended non-infringement contentions 14 days after receiving our contentions;**
**- You serve your amended invalidity contentions 17 days after receiving our contentions.**

**That is longer than we'd like, but if you can agree to that, we are willing to compromise.**

**In addition, to follow up on the issue of the scope of amendments to the parties' contentions that Todd Zubler and Floyd Short were previously emailing about, we do not understand either party to have "carte blanche to amend their contentions." Material amendments to the contentions should be tied to discovery or claim construction rulings. And prior art should not be added if Ford was or should have been aware of it when the parties last amended their contentions in November 2012. It is difficult to see how Ford could have been unaware of alleged prior art that Ford built itself—such as the Lincoln Aviator Intelligent Architecture Vehicle (IAV) and For Vehicle Consumer Service Interface (VCSI) that you recently disclosed for the first time--and we reserve our right to object to Ford's assertion of it at this stage of the case.**

Thanks,
**Genevieve Vose Wallace**
**Partner | Susman Godfrey LLP**
1201 Third Ave. | Suite 3800 | Seattle, WA 98101
Direct 206-516-3836 | Fax 206-516-3883
gwallace@susmangodfrey.com | www.susmangodfrey.com

1

HOUSTON • DALLAS • LOS ANGELES • SEATTLE • NEW YORK

CONFIDENTIAL INFORMATION:  This transmission contains information from the law firm of Susman Godfrey L.L.P. that may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify the sender by replying to this transmission and delete the message without reading or disclosing it. Thank you.

**From:** Teran, Gregory [mailto:Gregory.Teran@wilmerhale.com]
**Sent:** Friday, October 25, 2013 2:59 PM
**To:** Genevieve Vose Wallace; Summersgill, Michael
**Cc:** Amrhein, Alexandra; 'aleshan@brookskushman.com'; 'jleroy@BROOKSKUSHMAN.COM'; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; Ian B. Crosby; Floyd G. Short; Jordan Connors
**Subject:** RE: Medius/Ford - narrowing the case

Genevieve,
This is to confirm that we have received no response and understand that you have rejected the proposal below.
Thanks,
Greg

**From:** Teran, Gregory
**Sent:** Thursday, October 24, 2013 8:29 PM
**To:** 'Genevieve Vose Wallace'; Summersgill, Michael
**Cc:** Amrhein, Alexandra; 'aleshan@brookskushman.com'; 'jleroy@BROOKSKUSHMAN.COM'; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; Jordan Connors
**Subject:** RE: Medius/Ford - narrowing the case

Genevieve,
In the interest of resolving the timing issue without the Court's intervention, we would propose the following schedule:
- If the court orders a reduction to 20 claims, we will provide our revised non-infringement and invalidity contentions within 14 days of receiving Plaintiffs' revised infringement contentions.
- If the court permits Plaintiffs to assert 35 claims, we will provide our revised contentions within 21 days of receiving Plaintiffs' revised infringement contentions.
- Either way, we'll provide you with our narrowed list of references 10 days after we receive Plaintiffs' revised infringement contentions.

If acceptable, please let us know by noon Pacific / 3 ET tomorrow so that we may represent the agreement in our reply brief, which we plan to file tomorrow.
Thanks,
Greg

**From:** Genevieve Vose Wallace [mailto:gwallace@susmangodfrey.com]
**Sent:** Wednesday, October 23, 2013 7:24 PM
**To:** Teran, Gregory; Summersgill, Michael
**Cc:** Amrhein, Alexandra; 'aleshan@brookskushman.com'; 'jleroy@BROOKSKUSHMAN.COM'; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; Jordan Connors
**Subject:** RE: Medius/Ford - narrowing the case

**Greg, thanks again for agreeing to narrow your prior art references to 35.  As to the schedule you propose, 21 days after receipt of Medius's revised infringement contentions is too long for Ford to provide revised non-infringement and invalidity contentions, given the impending expert report deadlines.  If you can serve a list of your 35 references within 10 days of**

receiving our contentions and your revised contentions within 14 days of receiving our contentions, then we have an agreement.

As to whether we can further narrow our claims, our position is the same as it was before you filed your motion.  We are willing to consider reducing our claims further, should the Court's final claim construction order warrant further reductions, so long as Ford does the same.  But at present, we cannot agree to make further cuts at this stage in the case.

Thanks,
**Genevieve Vose Wallace**
Partner | **Susman Godfrey LLP**
1201 Third Ave. | Suite 3800 | Seattle, WA 98101
Direct 206-516-3836 | Fax 206-516-3883
gwallace@susmangodfrey.com | www.susmangodfrey.com

HOUSTON  •  DALLAS  •  LOS ANGELES  •  SEATTLE  •  NEW YORK

CONFIDENTIAL INFORMATION:  This transmission contains information from the law firm of Susman Godfrey L.L.P. that may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify the sender by replying to this transmission and delete the message without reading or disclosing it. Thank you.

**From:** Teran, Gregory [mailto:Gregory.Teran@wilmerhale.com]
**Sent:** Tuesday, October 22, 2013 3:56 PM
**To:** Genevieve Vose Wallace; Summersgill, Michael
**Cc:** Amrhein, Alexandra; 'aleshan@brookskushman.com'; 'jleroy@BROOKSKUSHMAN.COM'; Polley, John; Pearlson, Leslie; Petty, Sarah; Zubler, Todd; Ian B. Crosby; Floyd G. Short; Jordan Connors
**Subject:** Re: Medius/Ford - narrowing the case

Yes, Oct. 23, not 22. Thanks.

**From**: Genevieve Vose Wallace [mailto:gwallace@susmangodfrey.com]
**Sent**: Tuesday, October 22, 2013 06:52 PM Eastern Standard Time
**To**: Teran, Gregory; Summersgill, Michael
**Cc**: Amrhein, Alexandra; Amy C. Leshan <aleshan@brookskushman.com>; John LeRoy <jleroy@BROOKSKUSHMAN.COM>; Polley, John; Pearlson, Leslie; Summersgill, Michael; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; Jordan Connors <jconnors@SusmanGodfrey.com>
**Subject**: RE: Medius/Ford - narrowing the case

**Greg, thanks for your email and for your agreement to narrow your prior art references to 35.  We will get back to you promptly about the timing.  I don't think we can get back to you by 5pm Eastern on October 22, however.  I assume you meant October 23, and that is what we will shoot for.**

Thanks,
**Genevieve Vose Wallace**
Partner | **Susman Godfrey LLP**
1201 Third Ave. | Suite 3800 | Seattle, WA 98101
Direct 206-516-3836 | Fax 206-516-3883
gwallace@susmangodfrey.com | www.susmangodfrey.com

HOUSTON  •  DALLAS  •  LOS ANGELES  •  SEATTLE  •  NEW YORK

CONFIDENTIAL INFORMATION:  This transmission contains information from the law firm of Susman Godfrey L.L.P. that may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify the sender by replying to this transmission and delete the message without reading or disclosing it. Thank you.

---

**From:** Teran, Gregory [mailto:Gregory.Teran@wilmerhale.com]
**Sent:** Tuesday, October 22, 2013 2:49 PM
**To:** Genevieve Vose Wallace; Summersgill, Michael
**Cc:** Amrhein, Alexandra; Amy C. Leshan; John LeRoy; Polley, John; Pearlson, Leslie; Summersgill, Michael; Petty, Sarah; Zubler, Todd; Ian B. Crosby; Floyd G. Short; Jordan Connors
**Subject:** RE: Medius/Ford - narrowing the case

Genevieve,

In an effort to narrow the issues before the Court, Ford will agree to Plaintiffs' proposal to narrow its assertion of prior art to no more than 35 prior art references, and does not oppose this aspect of Plaintiffs' Cross-Motion to Limit Prior Art References.

Plaintiffs' Cross-Motion, however, proposes a 10-day period for serving amended invalidity and noninfringement contentions after receiving Plaintiffs' narrowed infringement contentions.  The proposed period is unreasonably short.  We would be willing to provide a list of narrowed prior art references within 10 days, and provide amended noninfringement and invalidity contentions within 21 days after receiving Plaintiffs' narrowed infringement contentions.  To that end, we have drafted the attached stipulation and proposed order, modeled on the proposed order attached to your cross motion (Dkt. 178-18).  Please advise whether you will agree to this stipulation, and will withdraw Plaintiffs' Cross-Motion, by 5pm EST tomorrow, October 22, 2013.

We again request that you reconsider Ford's proposal that Plaintiffs narrow their infringement contentions to 20 claims.  If not, and assuming that Plaintiffs' agree to our proposal above on the timing of amended contentions, we will advise the Court in our reply that the sole issue remaining for decision is whether the infringement case should be narrowed to 20 claims (Ford's proposal) or 35 claims (Plaintiffs' proposal).

Thanks,
Greg

---

**From:** Genevieve Vose Wallace [mailto:gwallace@susmangodfrey.com]
**Sent:** Wednesday, October 16, 2013 5:17 PM
**To:** Summersgill, Michael
**Cc:** Amrhein, Alexandra; Amy C. Leshan; Teran, Gregory; John LeRoy; Polley, John; Pearlson, Leslie; Summersgill, Michael; Petty, Sarah; Zubler, Todd; icrosby@SusmanGodfrey.com; fshort@SusmanGodfrey.com; Jordan Connors
**Subject:** Medius/Ford - narrowing the case

Mike,

**We have told your colleagues Greg Teran, John LeRoy and Leslie Pearlson this, but wanted to let you know as well: we intend to cross-move that the Court limit your prior art to 35 references.  This will come as no surprise to you since this was always a component of our numerous discussions about narrowing the case.  If your position that you are not willing to narrow to 35 references unless Medius narrows to 20 claims has changed, please let us know.  We assume that you understand all of the parties' discussions about narrowing the case to date to constitute a sufficient meet-and-confer to satisfy the local rules, as you apparently viewed it that way with respect to your own motion.**

**Thanks,**
**Genevieve Vose Wallace**
Partner | **Susman Godfrey LLP**
1201 Third Ave. | Suite 3800 | Seattle, WA 98101
Direct 206-516-3836 | Fax 206-516-3883
gwallace@susmangodfrey.com | www.susmangodfrey.com

**HOUSTON   •   DALLAS   •   LOS ANGELES   •   SEATTLE   •   NEW YORK**

CONFIDENTIAL INFORMATION:  This transmission contains information from the law firm of Susman Godfrey L.L.P. that may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify the sender by replying to this transmission and delete the message without reading or disclosing it. Thank you.