# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION, *doing business as* Good Technology, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No.: 3:11-CV-2373-M |
| LITTLE RED WAGON TECHNOLOGIES, INC., *formerly known as* LRW Digital, Inc. and LRW Digital, Inc., *doing business as* LRW Technologies, Inc., and LRW Digital, Inc., and FIXMO, U.S., INC., | § § § § § § | |
| *Defendants*. | § § | |

## PATENT SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Patent Scheduling Order. *Miscellaneous Order No. 62* is in effect except as set out in this Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** This case is **set for jury trial** on this Court's three-week docket beginning **March 10, 2014, at 9:00 a.m.** Counsel and the parties must be ready for trial on two (2) business days notice at any time during this three-week period, unless the Court specifies otherwise at the pretrial conference. **Any potential conflicts which can now be**

**contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Order**.

2. **Joinder of Parties:** Not applicable.

3. **Amendment of Pleadings:** By **November 9, 2012**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. The amending party shall attach as an exhibit to the Amended Complaint a redlined version of the Complaint.

4. **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for **summary judgment,** shall be filed by **October 11, 2013**. Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. If the parties seek to extend the dispositive motion deadline closer to the trial date than 120 days, such an extension may mean that the Court may not be able to decide such motions before trial. Delay in deciding motions will not affect the trial date. Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b). The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If a motion for summary judgment is filed by a party, that party will have to seek leave to file any additional motion(s) for summary judgment; provided however, that in addition to their own individual motions for summary judgment, the defendants may collectively file one motion for summary judgment.

Patent Scheduling Order - Page 2

5. **Initial Designation of Experts: :** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **July 26, 2013**.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before **August 30, 2013**.

7. **Objections to Experts: Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **October 11, 2013**.

8. **Handling and Protection of Privileged or Trial-Preparation Material:** The parties shall submit, within thirty (30) days of the date of this Order, the Confidential Information Protective Order which is Appendix A to Miscellaneous Order No. 62, for protection of proprietary information that will also delineate the handling of attorney-client and attorney-work product information, except that the time limits of Paragraph 3 of that version of the Protective Order will be extended from fourteen (14) days to thirty (30) days. The inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Any party receiving such privileged information must return such material and all copies thereof to the producing party promptly upon request, or alternatively, certify in writing that such information has been destroyed. The receiving party may not use the privileged information for any purpose until further order of the

Court. The producing party must promptly list the inadvertently produced information on a privilege log. The receiving party may move the Court for an order compelling production of the material, but that motion may not assert a ground for entering such an order the fact or circumstance of the inadvertent production. In addition, inadvertent production by a party of information subject to such a claim of attorney-client privilege or attorney work product will not constitute a waiver of or estoppel as to any such claim as to any other information, related or otherwise.

9. The parties shall adhere to the following schedule:

| Local Rule | Description | Deadline |
|---|---|---|
| 3-1 | Plaintiff's disclosure of asserted claims and preliminary infringement contentions must be served; notice of service of same to be filed | Expired. |
| 3-2 | Plaintiff's document production | Expired. |
| 3-3 | Preliminary Invalidity Contentions; Document Production Accompanying Preliminary Invalidity Contentions | August 10, 2012 |
| 3-4 | Substantial completion of document production | September 14, 2012 |
| 3-6(a) | Final Infringement Contentions | 30 days after claim construction ruling |
| 3-6(a) | Final Invalidity Contentions | 50 days after claim construction ruling |
| 3-8(a) | Disclosure of Any Opinion of Counsel As Part of a Defense to a Claim of Willful Infringement | May 24, 2013 |
| 4-1(a) | Simultaneous exchange of proposed terms and claim elements for construction | August 17, 2012 |

| 4-1 | Meet and Confer to Finalize Combined List of Proposed Terms and Claim Elements for Construction | August 28, 2012 |
|---|---|---|
| 4-2 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence | September 21, 2012 |
| | Privilege Logs | October 15, 2012 |
| 4-2(c) | Meet and Confer for Purposes of Finalizing a Joint Claim Construction and Prehearing Statement | October 5, 2012 |
| 4-3 | Joint Claim Construction and Prehearing Statement | October 19, 2012 |
| 4-4 | Completion of Claim Construction Discovery | November 2, 2012 |
| 4-5(a) | Opening Claim Construction Briefs | November 16, 2012 |
| 4-5(b) | Responsive Claim Construction Briefs | December 18, 2012 |
| 4-5(c) | Joint submission of claim construction chart | January 17, 2013 |
| 4-6 | Claim construction hearing | Monday, January 28, 2013, at 9:00 a.m. |

10. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by **November 22, 2013. By December 10, 2013**, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make

reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

11. **Completion of Discovery:**  By **June 28, 2013**, all **factual discovery** shall be completed**.**

By **September 19, 2013**, all **expert discovery** shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) **prompt written notice** of the extension is given to the Court.

**Limitations on Discovery:**  (1) The parties will be allotted 80 hours of fact deposition time per side, excluding depositions of named inventors. (2) The parties will be allowed 15 common interrogatories per side and 15 specific interrogatories per party.  (3) The parties will be allowed 60 common requests for admission and 60 individual requests for admission per side.  The parties shall have unlimited requests for admission directed to authenticity.  The parties should attempt to agree on an authenticity stipulation.

(4) The parties shall promptly produce documents received from third parties. No third party deposition will be taken, absent agreement, within 5 business days of the third party's documents being produced.  (5) The parties' expert depositions are limited to 7 hours per substantive topic (e.g., infringement, invalidity, damages).  If an expert covers more than one party, for each such extra party an extra 5 hours will be allowed for his or her deposition (e.g., an infringement expert who opines as to infringement as to the two Defendants may be deposed for up to 12 hours).  The parties shall work in good faith to schedule an expert's designation on consecutive days if the expert requests consecutive days.  (6) The parties agree, with respect to Fixmo and Good, neither party is required to

log privileged materials created after the date of Good filed suit against Fixmo in the Northern District of Texas. With respect to Good and LRW, neither party is required to log privileged materials created after the date of Good filing suit against LRW in the Eastern District of Texas. The parties are not required to log privileged communications between a party and that party's litigation counsel regardless of when such communications occurred; provided, however, that Good agrees to log communications with its litigation counsel to the extent that (i) with respect to LRW, such communications occurred prior to Good filing suit against LRW in the Eastern District of Texas (ii) with respect to Fixmo, such communications occurred prior to Good filing suit against Fixmo in the Northern District of Texas, **and** (iii) such communications specifically concern Good's investigation of alleged infringement by LRW or Fixmo or concerned other activities specifically performed in preparation for filing suit against LRW or Fixmo. Notwithstanding the foregoing, Defendants will log documents relating to any opinions of counsel. (7) The parties agree that draft expert reports, expert's notes, and communications between a party's counsel and a party's expert in connection with this case (and Good's litigation against Excitor in the Southern District of New York) are not discoverable unless relied upon by the expert. Details regarding compensation and fee agreement remain discoverable. (8) Each party may designate up to 5 experts.

12. **Settlement Status Report and Settlement Conference:** Counsel, or the respective party if not represented by counsel, are directed to confer and file with the Court by **November 18, 2013**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made,

the parties must state the reasons why no settlement efforts have occurred. Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **February 17, 2014**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must, **within three business days**, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

13. **Pretrial Materials:**

    (a) By **February 12, 2014**, the following pretrial materials **must** be filed:

      1. **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate); however, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders,** since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order.**

      2. **Witness List:** Each party must file a **list of witnesses** who may be called by each party in its case in chief. Each witness list shall contain a brief **narrative summary** of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the Court reporter **prior** to trial.

      3. **Exhibit List and Deposition Testimony:** A **list of exhibits** and a

Patent Scheduling Order - Page 8

**designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder. A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

(b) By **February 24, 2014**, the following **must** be filed.

1. **Jury Instructions: Requested jury instructions (annotated)**[1] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case. They shall be submitted in hard copy and on disk in a Word Perfect format.

2. **Proposed Voir Dire Questions: Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed. The Court will submit to the jury a standard written questionnaire, a copy of which is available from chambers. The parties may, immediately upon receipt of a draft of same, propose necessary modifications to the form. The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examinations.

.

14. **Objections to Pretrial Materials and Motions in Limine:** In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraph 10, objections to witness lists shall be filed by **December 20, 2013**. **Motions in limine,** if any, shall be filed by **December 20, 2013,** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

date.  The parties shall confer promptly to determine what limine items may be unobjectionable.  Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the Court, in writing, of what limine items remain in genuine dispute.

15.     **Pretrial Conference:**  A **pretrial conference** in **this case** is set for **Friday, March 7, 2014, at 9:00 a.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  Fed. R. Civ. P. 16(b).  The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

16.     **Modification of Patent Scheduling Order:**  The parties may agree to modify the deadlines  established by Paragraphs 2, 3, 5, 6, 7 and 11 of this Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court.  If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 10, 13 or 14, they shall file a motion seeking such an extension before the deadline elapses.  This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court.  Fed. R. Civ. P. 16(b).  **It is only under truly extraordinary circumstances that the Court will reset the trial date**.  If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay

Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

17.     Under Local Rule 7.1, unless otherwise directed by the Court, responses to motions must be filed by the twentieth day after the motion is filed, and replies are to be filed by the fifteenth day after the date the response is filed. If the due date falls on a Saturday, Sunday, or federal holiday, the response or reply is due on the next business day. Federal Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act ... within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period," does not apply to response or reply due dates, which are calculated under Local Rule 7.1 according to the motion or response's filing date, not the date of service. If a party is unaware of the filing date of a motion or response, the party may contact the Court to ascertain that information.

18.     **Parties:** Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

19.     **Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

Patent Scheduling Order - Page 11

20.   **Inquiries:   Questions relating to this Patent Scheduling Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421)**.

**IT IS SO ORDERED** this 23rd day of July, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS