The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 3:11-cv-05503-BHS

**PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO
CROSS-MOTION TO LIMIT
PRIOR ART REFERENCES**

**NOTED:
NOVEMBER 1, 2013**

*PLAINTIFFS' REPLY TO DEFENDANT'S
OPPOSITION TO CROSS-MOTION TO
LIMIT PRIOR ART REFERENCES*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................... 1

II.     ARGUMENT .......................................................... 2

     A. Medius's proposed timeline will allow the parties to conduct relevant discovery and meaningfully respond to the amended contentions in their expert reports, while Ford's timeline will impede the parties' ability to prepare and present their best cases. ....................................... 2

     B. The bulk of the work required to amend invalidity and non-infringement contentions is done or can be done before the Court rules on this Motion or issues its final claim construction order. ........................... 3

     C. Ford will not be prejudiced by Medius's proposed timeline. ............... 4

III.    CONCLUSION ........................................................ 5

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page i*
*Case No. 3:11-cv-05503-BHS*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# TABLE OF AUTHORITIES

## Cases

*Moeller v. Ionetics, Inc.,*
    794 F.2d 653 (Fed. Cir. 1986)................................................................................3

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page ii*
*Case No. 3:11-cv-05503-BHS*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## I.   INTRODUCTION

The parties agree that now is the time to narrow the case.  Before Ford filed its motion to limit claims, Plaintiffs Eagle Harbor Holdings, L.L.C. and MediusTech, L.L.C. ("Plaintiffs" or "Medius") agreed to reduce the number of asserted claims from 114 to 35 within seven days of receiving a final claim construction order, and have even offered to do so without a final order in hand as part of a mutual narrowing of the case.  *See* Dkt. no. 178 at 2-3; Ex. 1 at 4 (Oct. 2, 2013 email from F. Short to M. Summersgill).  After continuously conditioning any narrowing of its prior art references on Medius's agreement to drop all but 20 asserted claims, Defendant Ford Motor Company ("Defendant" or "Ford") changed course after Medius moved the Court for relief, stating that it will now "unilaterally" and "unconditionally" limit its prior art references to 35.  *See* Dkt. no. 179 at 2, 11; Ex. 2 at 4 (Oct. 22, 2013 email from G. Teran to G. Wallace).

Thus, the only issue raised in Medius's cross-motion that is still unresolved is the appropriate schedule for Ford to serve amended contentions of non-infringement and invalidity, if any.  In the interest of moving the case forward and allowing both parties to better prepare their expert reports, due December 9, 2013 (*see* Dkt. no. 39), Medius proposes that it serve amended infringement contentions seven days after receiving a final claim construction order and that Ford serve amended non-infringement and invalidity contentions 10 days later, resulting in all amended contentions being served within 17 days of a final *Markman* order.  Ford instead proposes that it have 21 days after Medius serves its contentions—three times the amount of time that Medius proposes to serve its amendments—such that any amended contentions by Ford would not be served until more than a month after the *Markman* order.  *See* Dkt. no. 178 at 12.

At this stage in the case, with initial expert disclosures due in early December and the close of discovery due in February, Ford's proposed schedule is untenable.  The parties need adequate time after narrowing the case to prepare expert reports.  In addition, Ford has already served contentions relating to the broader group of claims Medius has asserted to

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page 1*
*Case No. 3:11-cv-05503-BHS*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

date.   Preparing contentions relating to the significantly-narrowed group of claims (which Medius believes should be 35) will be a far easier task.   Moreover, since any amendments to the parties' contentions will necessarily be responsive to the *Markman* order or recent discovery or otherwise supported by good cause, both parties' amendments should be manageable within the time frames Medius is proposing.   This schedule will not prejudice Ford and will instead benefit both parties and the Court by narrowing the issues in a timely fashion.

## II.      ARGUMENT

**A.      Medius's proposed timeline will allow the parties to conduct relevant discovery and meaningfully respond to the amended contentions in their expert reports, while Ford's timeline will impede the parties' ability to prepare and present their best cases.**

The deadline for opening expert reports—December 9—is just over a month away. In an effort to keep the case moving, and to allow both sides enough time to evaluate each other's amended contentions in advance of serving opening expert reports, Medius agreed to serve its list of reduced claims within a week of receiving the final claim construction order. But Ford asks the Court to give it three times that amount of time to prepare appropriate amendments to its non-infringement and invalidity contentions after receiving Medius's amended infringement contentions.

Ford's proposal that it be allotted 21 days to prepare amendments to its contentions would impose an undue and unnecessary burden on Medius.   For example, if the Court were to issue its final claim construction order today, November 1, 2013, Ford's schedule would permit Medius only 10 days to evaluate Ford's amendments before disclosing its expert opinions as to infringement in its opening expert disclosure on December 9, 2013.   If the Court issues its order later than that, Medius's time to evaluate Ford's amendments in advance of serving its opening expert report could dwindle to nothing.   By contrast, under its proposed schedule Ford would have *no less than* three weeks to review Medius's amended infringement contentions before serving its own amended contentions, which can be

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page 2*
*Case No. 3:11-cv-05503-BHS*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

prepared alongside its opening expert report on validity issues. Ford's proposed schedule extends its own ability to prepare amended non-infringement and invalidity contentions at the expense of Medius by hampering the ability of Medius's experts to address disputed infringement issues. In a technically complicated case such as this, expert opinions are particularly important. *See Moeller v. Ionetics, Inc.,* 794 F.2d 653, 657 (Fed. Cir. 1986) (abrogated on other grounds by *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995)) ("In a patent case involving complex scientific principles, it is particularly helpful to see how those skilled in the art would interpret the claim."). The Court should not impose a schedule that would unnecessarily compress Medius's time to review and evaluate any amended contentions Ford serves before Medius must serve its opening expert disclosures.[1]

By contrast, Medius's proposal would allow both sides' experts to respond meaningfully to the parties' amended contentions in their opening reports, better crystalizing the issues for expert discovery and ultimate presentation to the Court and the jury.

**B.      The bulk of the work required to amend invalidity and non-infringement contentions is done or can be done before the Court rules on this Motion or issues its final claim construction order.**

Ford complains that ten days is not an adequate amount of time for the "substantial" task of amending its invalidity and non-infringement contentions. But that is plenty of time for the real tasks at hand, and Ford need not wait to start those tasks.

First, most modifications to Ford's non-infringement and invalidity contentions can be prepared now. The parties are deeply familiar with the claim construction issues, having jointly proposed the claim terms for construction pursuant to the local rules, engaged in briefing and argument, reviewed the Order of the Special Master Regarding Claim

---

[1] To permit Medius more time to respond to Ford's non-infringement contentions while giving Ford additional time to prepare any amended invalidity contentions, Medius proposed to Ford a compromise schedule in which Ford would have 14 days to serve its non-infringement contentions but additional time (17 days) to serve its invalidity contentions, but Ford rejected the proposal. Ex. 2 at 1 (Oct. 25, 2013 emails from G. Wallace to G. Teran and from G. Teran to G. Wallace).

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page 3*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Construction, and gone through another round of substantive briefing on selected objections to that order.  *See* Dkt. nos. 145, 148, 151, 153, 169, 171, 173, 174.  Further, most of the Special Master's order has been accepted by the parties without objection.  Medius has objected to only *two* of the twelve terms construed by the Special Master, which appear in a total of four claims.  *See* Dkt. no. 169, *id.* n.2. Ford objected to the Special Master's construction of three claim terms.  *See* Dkt. no. 171.  The remaining claim construction issues to be decided by the Court are discrete.  Medius's proposed timeline provides more than sufficient opportunity for Ford to amend its contentions, while moving the case forward and allowing for meaningful discovery and precise, focused expert reports.

Second, any amendments that the parties make to their contentions will not be wholesale revisions to the contentions currently in place.  Ford argues that ten days is "too short a period . . . to respond to amended contentions that could be substantially or entirely revised by Plaintiffs compared to their prior contentions."  Dkt. no. 179 at 11.  Ford ignores the local rule requiring good cause for amendments, such as an adverse claim construction ruling or recent discovery of facts or material prior art that were not previously discovered despite diligent efforts.[2]  Local Patent Rule ("LPR") 124.  That will constrain the extent of the parties' amendments.

## C.     Ford will not be prejudiced by Medius's proposed timeline.

Allowing ten days for Ford to amend its invalidity and non-infringement contentions after the service of Medius's amended infringement contentions will not prejudice Ford.  Ford is already in a position to do the majority of the work necessary to amend its contentions, and will have ten days to respond to the small number of amendments Medius has good cause to make.  Ford has made no showing that it will be prejudiced by a shorter

---

[2] Oddly, Ford has indicated its intention to amend its invalidity contentions by *adding* two *Ford proprietary* systems.  *See* Ex. 1 at 1 (October 15, 2013 email from T. Zubler to F. Short). While it is difficult to imagine how these systems could have been unavailable to Ford when it served its previous invalidity contentions, it will not be apparent whether these additions are supported by good cause until after the Court issues its final claim construction order and Medius receives Ford's amended invalidity contentions.

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page 4*
*Case No. 3:11-cv-05503-BHS*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1   timeline to make amendments.

2                              **III.     CONCLUSION**

3           The parties agree that the case should be narrowed, and Ford has now agreed to

4   reduce its prior art references to 35.  Likewise, Medius has committed to narrow its asserted

5   claims to 35.  After the Court's final claim construction order issues, the parties will need to

6   make their reductions quickly in order to make the best use of their experts and remaining

7   discovery.  Medius has offered to serve its list of 35 references and amended infringement

8   contentions within seven days of the issuance of a final claim construction order, and Ford

9   should be required to serve its amended invalidity and non-infringement contentions no

10  more than ten days later.  Ford will not be prejudiced by Medius's proposed timeline.

11  Medius respectfully requests that the Court adopt that timeline and grant Medius's cross-

12  motion.

13

14  Dated:          November 1, 2013

15                                        By:/s/  *E. Lindsay Calkins*
                                          Parker C. Folse III (WSBA No. 24895)
16                                        E-Mail: pfolse@susmangodfrey.com
                                          Ian B. Crosby (WSBA No. 28461)
17                                        E-mail: icrosby@susmangodfrey.com
                                          Floyd G. Short (WSBA No. 21632)
18                                        E-Mail: fshort@susmangodrey.com
                                          Genevieve Vose Wallace (WSBA No. 38422)
19                                        E-Mail: gwallace@susmangodfrey.com
                                          E. Lindsay Calkins (WSBA No. 44127)
20                                        E-Mail: lcalkins@susmangodfrey.com
                                          Jordan Connors (WSBA No. 41649)
21                                        E-Mail: jconnors@susmangodfrey.com
22
                                          SUSMAN GODFREY L.L.P.
23
                                          1201 3rd Avenue, Suite 3800
24                                        Seattle, WA 98101
                                          Tel: (206) 516-3861
25                                        Fax: (206) 516-3883
26
                                          *Counsel for Plaintiffs*
27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record whom have registered for electronic notifications, and I caused the foregoing to be served upon the following by email:

Duncan E. Manville
**Savitt Bruce & Willey, LLP**
1425 Fourth Ave, Suite 800
Joshua Green Building
Seattle, WA 98101
dmanville@jetcitylaw.com

**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com

**Wilmer Cutler Pickering Hale & Dorr LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006
Elise.Miller@wilmerhale.com
grant.rowan@wilmerhale.com
todd.zubler@wilmerhale.com

**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
fangilero@brookskushman.com
jleroy@brookskushman.com

/s/ Bianca Nealious

*PLAINTIFFS' REPLY TO DEFENDANT'S*
*OPPOSITION TO CROSS-MOTION TO*
*LIMIT PRIOR ART REFERENCES - Page 6*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883