# Exhibit 1

**Bianca Nealious**
___

| | |
|---|---|
| **From:** | Zubler, Todd <Todd.Zubler@wilmerhale.com> |
| **Sent:** | Tuesday, October 15, 2013 10:27 AM |
| **To:** | Floyd G. Short |
| **Cc:** | Petty, Sarah; Genevieve Vose Wallace; Ian B. Crosby; Mortsell, Jody; Summersgill, Michael; John S. LeRoy (jleroy@brookskushman.com) |
| **Subject:** | RE: Limiting the Number of Asserted Claims |

Floyd,

We have no problem disclosing any new art that Ford plans to assert, but are Plaintiffs also willing to disclose any new theories or accused structures that they plan to assert in their amended infringement contentions? Moreover, Ford must reserve the right to assert additional art after it analyzes Plaintiffs' amended infringement contentions. The contentions process is a two-way street, and we see no reason why Plaintiffs should have carte blanche to amend their contentions while Ford should be limited in its ability to amend its contentions.

In the interest of cooperation and full disclosure, Ford is currently investigating newly discovered systems displayed at the Convergence 2000 and 2002 conferences in Detroit. At this time, the only additional art Ford is planning to assert is a newly discovered prior-art demonstration system, the Lincoln Aviator Intelligent Architecture Vehicle (IAV), which incorporated Motorola hardware and a Ford proprietary Vehicle Consumer Service Interface (VCSI). We have started producing documents regarding this system, even while we are continuing to search for additional documents within Ford and from third parties about this and other systems.

Regards,

Todd

---

**From:** Floyd G. Short [mailto:fshort@SusmanGodfrey.com]
**Sent:** Tuesday, October 08, 2013 7:00 PM
**To:** Zubler, Todd
**Cc:** Petty, Sarah; Genevieve Vose Wallace; icrosby@SusmanGodfrey.com; Mortsell, Jody; Summersgill, Michael
**Subject:** RE: Limiting the Number of Asserted Claims

Todd, you're right that we have not yet discussed what limitations apply to the scope of amendments to the parties' contentions, but if you have identified any new prior art references you intend to assert, please disclose them.

Thank you,
Floyd

---

**From:** Zubler, Todd [mailto:Todd.Zubler@wilmerhale.com]
**Sent:** Monday, October 07, 2013 7:12 PM
**To:** Floyd G. Short
**Cc:** Petty, Sarah; Genevieve Vose Wallace; Ian B. Crosby; Mortsell, Jody; Summersgill, Michael
**Subject:** Re: Limiting the Number of Asserted Claims

Floyd,

Although we thought we were making progress on last week's call towards a more reasonable reduction in claims, we were disappointed that your proposal below reverted to your prior position that would narrow the case only to 35 asserted claims. We continue to believe that such a number is too high for this stage in the litigation, particularly in light of the many cases requiring plaintiffs to narrow their cases further. We therefore intend to file a motion asking the Court to order EHH to narrow its case to 20 asserted within 10 days after the final claim-construction order. We still agree that EHH may amend its infringement contentions after the final claim-construction order if Ford can similarly amend its contentions in response. And to answer your question, Ford would reserve the right to add one or more new prior-art references when amending its contentions. In all of our discussions with you about amended contentions, neither side has contemplated imposing limitations on how EHH may amend its contentions, and Ford likewise should not be restricted in how it may amend its contentions.

Regards,

Todd

---

**From**: Floyd G. Short [mailto:fshort@SusmanGodfrey.com]
**Sent**: Friday, October 04, 2013 07:00 PM Eastern Standard Time
**To**: Summersgill, Michael
**Cc**: Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace <gwallace@susmangodfrey.com>; icrosby@SusmanGodfrey.com; Mortsell, Jody
**Subject**: RE: Limiting the Number of Asserted Claims

Michael,

Following up on yesterday's call, we have considered and discussed with our team the idea of a multi-stage reduction in the number of asserted claims that was floated during the call. We concluded that we aren't willing to do what we specifically discussed yesterday, but we are willing to do something similar that will get the ball rolling now on reductions without waiting for the Court's final claim construction order. So, we propose the following:

1. We serve our reduced list of 35 asserted claims on October 11.

2. Ford serves its reduced list of 35 prior art references on October 18. We are assuming—but please confirm—that Ford will not be adding any new prior art references.

3. We serve amended infringement contentions one (1) week after the Court's final claim construction order issues, but in no event later than October 21 (even if no final order has issued by October 14).

2

4.  Ford serves amended non-infringement and invalidity contentions two (2) weeks after we serve amended infringement contentions, which means no later than November 4.

5.  If the Court's final claim construction order changes any of the constructions in the Special Master's Ruling after a party has already served its contentions, that party can amend its contentions within one week of the issuance of the order—to include substituting asserted claims or prior art references—but only to address the change(s) from the Special Master's Ruling.  If we amend our infringement contentions pursuant to this provision, then Ford could amend its contentions strictly to respond to our amendments within one week of our service of the amended infringement contentions.

6.  After the Court's final claim construction order issues, we will consider further reducing our list of asserted claims and Ford will consider further reducing its list of prior art references, but neither party is required to make such a reduction.

Please let us know if this new proposal is acceptable.

Thank you,
Floyd

---

**From:** Summersgill, Michael [mailto:Michael.Summersgill@wilmerhale.com]
**Sent:** Wednesday, October 02, 2013 7:34 PM
**To:** Floyd G. Short
**Cc:** Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace; Ian B. Crosby; Mortsell, Jody
**Subject:** RE: Limiting the Number of Asserted Claims

Sounds good.  Talk to you then.

MJS

---

**From:** Floyd G. Short [mailto:fshort@SusmanGodfrey.com]
**Sent:** Wednesday, October 02, 2013 6:40 PM
**To:** Summersgill, Michael
**Cc:** Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace; icrosby@SusmanGodfrey.com; Mortsell, Jody
**Subject:** RE: Limiting the Number of Asserted Claims

Yes, thanks.  We'll talk tomorrow (Thursday) at 6 pm Eastern / 3 pm Pacific.

---

**From:** Summersgill, Michael [mailto:Michael.Summersgill@wilmerhale.com]
**Sent:** Wednesday, October 02, 2013 3:36 PM
**To:** Floyd G. Short
**Cc:** Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace; Ian B. Crosby; Mortsell, Jody
**Subject:** Re: Limiting the Number of Asserted Claims

3

We can't do Friday but could do 6est tomorrow? Does that work?

Sent from my iPhone

On Oct 2, 2013, at 5:48 PM, "Floyd G. Short" <fshort@SusmanGodfrey.com> wrote:

> Yes, but can we find a time tomorrow or Friday instead so we don't delay resolution of this?
>
> ---
>
> **From:** Summersgill, Michael [mailto:Michael.Summersgill@wilmerhale.com]
> **Sent:** Wednesday, October 02, 2013 2:47 PM
> **To:** Floyd G. Short
> **Cc:** Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace; Ian B. Crosby; Mortsell, Jody
> **Subject:** RE: Limiting the Number of Asserted Claims
>
> Would 1 or 2 est on Monday work for you?
>
> Thanks.
>
> MJS
>
> ---
>
> **From:** Floyd G. Short [mailto:fshort@SusmanGodfrey.com]
> **Sent:** Wednesday, October 02, 2013 12:30 PM
> **To:** Summersgill, Michael
> **Cc:** Zubler, Todd; Petty, Sarah; Genevieve Vose Wallace; icrosby@SusmanGodfrey.com
> **Subject:** RE: Limiting the Number of Asserted Claims
>
> Michael,
>
> Thank you for your clarifying email below. Since we are still waiting for a final claim construction order from the Court and the clock continues to tick on the case schedule, I'd like to take another run at an agreement, with the goal of completing the parties' amended contentions by the end of October.
>
> As we have discussed before, the lack of a final claim construction order makes it more challenging to narrow the case. In our prior proposal we offered to reduce our list of asserted claims to 35 within two weeks of the final order if Ford would agree to reduce its list of prior art references to 35. In an attempt to reach agreement and keep the case moving, we'd be willing to reduce to 35 claims and serve our amended infringement contentions by October 14, even if we don't have the final order in hand, so long as Ford would reduce its prior art references to 35 and serve its amended non-infringement and invalidity contentions by October 28. We also should include some mechanism for the parties to make very limited adjustments to their contentions if the Court's final claim construction order changes any of the Special Master's constructions.

Of course we cannot stop you from filing a motion to require a reduction in asserted claims, but such a motion would be premature prior to the Court's issuance of a claim construction order, and you are certainly not going to obtain a limit of 20 claims under present circumstances. Our proposal to narrow our case to 35 claims—a 70% reduction of our currently asserted claims—is reasonable and fair at this point in the litigation.

Let's discuss this by phone when it's convenient.

Thanks,
Floyd

---

**From:** Summersgill, Michael [mailto:Michael.Summersgill@wilmerhale.com]
**Sent:** Friday, September 27, 2013 8:37 AM
**To:** Floyd G. Short; Genevieve Vose Wallace
**Cc:** Zubler, Todd; Petty, Sarah
**Subject:** RE: Limiting the Number of Asserted Claims

To clarify, we're still willing to agree to allow you to amend your infringement contentions provided we can then, as we've discussed, amend our invalidity/NI contentions.

Thanks.

MJS

---

**From:** Summersgill, Michael
**Sent:** Friday, September 27, 2013 10:38 AM
**To:** 'Floyd G. Short'; Genevieve Vose Wallace (gwallace@susmangodfrey.com)
**Cc:** Zubler, Todd; Petty, Sarah
**Subject:** Limiting the Number of Asserted Claims

Floyd and Genevieve:

We've considered your proposal to reduce the number of claims to 35. In light of the facts that: (1) the cases have consistently required the number of claims to be limited to between 10 and 20 claims total; (2) we have a tentative claim construction and expect a final claim construction ruling sometime this fall; and (3) there has been considerable discovery and we are now only 9 months from trial, we do not agree that your proposed reduction to 35 claims of 10 patents is sufficient. As a result, unless plaintiffs are willing to consider a further reduction, we will plan on filing a motion to limit the total number of asserted claims to 20.

Please let us know if you would like to discuss further.

Thanks.

MJS


**Michael J. Summersgill | WilmerHale**
60 State Street

Boston, MA 02109 USA
+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.