UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C11-5503 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR FURTHER CLAIM CONSTRUCTION |

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") motion for further claim construction (Dkt. 202). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 30, 2011, Plaintiffs Eagle Harbor Holdings, LLC and Mediustech, LLC (collectively "Medius") filed a complaint for patent infringement against Ford. Dkt. 1. On October 20, 2011, Medius filed an Amended Complaint asserting U.S. Patents Nos.

ORDER - 1

6,615,137, 6,629,033, 6,778,073, 7,146,260, 7,778,739("'739 Patent"), 7,793,136, 8,006,117, 8,006,118, 8,006,119, 8,020,028, and 8,027,268 (the "Patents in Suit").  Dkt. 33.

On March 18, 2013, the Court appointed Lawrence Graham as a Special Master to assist the Court with the issues of claim construction.  Dkt. 140.  On June 14, 2013 and July 11, 2013, the Special Master held claim construction hearings.  Dkts. 160 & 164.  On July 29, 2013, the Special Master filed his order regarding claim constructions of terms of the Patents in Suit.  Dkt. 165.  On November 13, 2013, the Court adopted the Special Master's proposed claim constructions.  Dkt. 184.

With regard to the disputed term "multiprocessor system," the Court stated that there was a possibility that additional, stand-alone instances of the term may require further constructions.  *Id*. at 10–11.  The Court allowed Ford an opportunity to submit a brief requesting further construction of such terms.  *Id*.  On December 24, 2013, Ford submitted a motion requesting further construction of a number of instances of the term "multiprocessor system" or "multiprocessor network."  Dkt. 202 (brief); *id*., Exh. A (terms).  On January 13, 2014, Meduis responded.  Dkt. 209.  On January, 17, 2014, Ford replied.  Dkt. 211.

## II. DISCUSSION

The meaning of language used in a patent claim is construed as a matter of law.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  It is a "bedrock principle" of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude.  *Phillips*

*v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111 (Fed. Cir. 2004)).

With regard to instances where a disputed term appears in both the preamble and the body of a claim, the Federal Circuit may have established a rule of law that cannot be logically applied to the Patents in Suit. In *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002), the Federal Circuit stated that "dependence on a particular disputed preamble phrase for antecedent basis *may* limit claim scope because it indicates a reliance on both the preamble and claim body to define the claimed invention." *Id*. at 809 (emphasis added) (citing *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 620 (Fed. Cir. 1995)). The *Catalina* court then made the more affirmative statement that "the applicants specifically included [the disputed phrase] in the claim not once, but twice. By virtue of its inclusion in the body of Claim 25, this phrase limits Claim 25." *Catalina*, 289 F.3d at 811. It is unclear whether this later statement is a rule of law or simply an application of the law to the subject patents in that case. *See, e.g., Poweroasis, Inc. v. T-Mobile USA, Inc.*, 2006 WL 753206 (D.N.H. March 22, 2006) ("Patentees may give an invention a name in the preamble and repeat that name in the body of the claim without thereby imbuing the invention with additional limitations. The real issue is whether the name used in the preamble gives independent meaning to the claims.").

In this case, the Court acknowledged "that case law supports the proposition that duplicative use of a preamble term or phrase in the body of a claim specifically limits the scope of that claim . . . ." Dkt. 184 at 10. While the implications of *Catalina* may be

unclear, the application of *Catalina* as a rule of law to the Patents in Suit is unworkable because it is clear that the inventors used the duplicative terms to reference the system as a whole and not to provide additional limitations for the antecedent system.  For example, claim 16 of the '739 Patent provides as follows: "The system of claim 15 wherein the user interface initiates control operations carried out by one or more of the on-board processors in the multiprocessor network."  Dkt. 202, Exh. A at 3.  A person of ordinary skill in the art would read this claim to describe a particular operation completed by one or more processors within "the multiprocessor network."  Construing "multiprocessor network" to provide further limitations, especially Ford's proposed limitations,[1] in the claim is illogical and contrary to the invention as a whole.  Therefore, the Court denies Ford's motion to further limit the "multiprocessor" terms of the Patents in Suit.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ford's motion for further claim construction (Dkt. 202) is **DENIED**.

Dated this 4th day of February, 2014.

                                              BENJAMIN H. SETTLE
                                              United States District Judge

---

[1] The claim would provide "The system of claim 15 wherein the user interface initiates control operations carried out by one or more of the on-board processors in the two or more processors that run a dynamic configuration system to control the execution of applications across the processors."  Such a construction is confusing and, most importantly, is not supported by the specification.