UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.

CASE NO. C11-5503 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") motion to strike (Dkt. 239). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On February 12, 2012, Plaintiffs Eagle Harbor Holdings, LLC, and Mediustech, LLC ("Plaintiffs") served Ford with their original infringement contentions. Dkt. 238–1 at 11–21. The relevant portion of the contentions deals with the loading of software

ORDER - 1

1  applications onto on-board processors.  An example contention provides that software

2  applications "such as the phone core and media codecs . . . are dynamically loaded and

3  executed on an as-needed basis."  *Id*. at 13.  The same contention also provides examples

4  of how the phone core software or media core software transfers and processes data.  *Id*.

5  at 14.

6        On November 20, 2013, Plaintiffs served Ford with amended infringement

7  contentions.  Dkt. 252-6 at 3.  The contentions mentioned "the Microsoft Windows Auto

8  or Windows Automotive software . . . ."  *Id*.  The document also stated that the

9  infringement charts "will be supplemented when Microsoft provides printouts of such

10 source code pursuant to a pending request from Plaintiffs."  *Id*. at 5.

11       On February 10, 2014, Plaintiffs served the expert report of Dr. Paul S. Min, Ph.

12 D.  Dkt. 238-3.  Dr. Min declares that the allegedly infringing SYNC system is based on

13 the Microsoft Auto software, which is a customized version of Windows CE operating

14 system.  *Id*. ¶ 161.  That system utilizes the concept of virtual memory and demand

15 paging to load pieces of application software onto the on-board processors.  *Id*. ¶¶ 161–

16 165.  This theory prompted the instant motion because Ford argues that the theory "is an

17 indisputably new theory that Plaintiffs have introduced belatedly and without justification

18 . . . ."  Dkt. 239 at 6.

19       On February 26, 2014, Ford filed the instant motion requesting that the Court

20 strike the new theory or, in the alternative, extend the trial calendar to allow for

21 additional claim construction and discovery.  Dkt. 239.  On March 5, 2014, Plaintiffs

22 responded.  Dkt. 253.  On March 7, 2013, Ford replied.  Dkt. 254.

## II. DISCUSSION

The Local Patent rules require Plaintiffs to provide Ford with a "chart identifying specifically where each element of each Asserted Claim is found within each Accused Device." Local Patent Rule 120(c). The contentions may be amended "only by order of the Court upon a timely showing of good cause." *Id*. 124. The rule provides a "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause . . . ." *Id*. Notably, a lack of specificity is not one of those examples.

In this case, Ford argues that Plaintiffs have provided a new infringement theory. The Court, however, agrees with Plaintiffs that the problem is a lack of specificity causing prejudice to Ford, but not undue prejudice that warrants the functional equivalent of dismissing over half of Plaintiffs' claims. Plaintiffs informed Ford that the use of Windows CE and Windows Auto, which implement virtual memory, was part of their infringement contentions. Although Plaintiffs did not disclose the exact elements of the operating system, Ford was on notice that the operating system was part of Plaintiffs' theory of infringement. Moreover, the phone and media codecs theories were unequivocally prefaced with the phrases "such as" and "for example." Therefore, the Court is unable to conclude that Plaintiffs acted in bad faith or implemented "gotcha" litigation tactics.

With regard to prejudice, it is undisputed that Ford is prejudiced with a delayed trial and additional pretrial work. Ford, however, is not unduly prejudiced to the extent

1  that the Court should strike half of Plaintiffs' claims.  In fact, Ford has already prevailed

2  on reducing this proceeding to almost one third of Plaintiffs' original claims.

3  Plaintiffs shall serve Ford with more detailed and specific infringement

4  contentions, and Plaintiffs are hereby on notice that any subsequent lack of specificity

5  problem may result in the denial of the assertions of additional, undisclosed, or more

6  specific theories of infringement.  The parties are directed to meet and confer regarding

7  amending the case schedule.  The next available trial date on the Court's calendar,

8  accounting for Ford's assertion that addition claim construction and discovery is

9  necessary, is January 20, 2015.  The parties shall submit a proposed trial schedule as soon

10 as possible after the meet and confer.  If necessary, the parties shall also contact the

11 Special Master to inquire as to his availability for additional claim constructions.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ford's motion to strike (Dkt. 239) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 17th day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge