UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

CASE NO. C11-5503 BHS

ORDER DENYING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on the parties' expedited discovery motion (Dkt. 257). The Court has considered the pleading and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL BACKGROUND**

On November 29, 2013, Plaintiffs Eagle Harbor Holdings, LLC, and Mediustech, LLC, served Defendant Ford Motor Company ("Ford") a supplemental privilege log. Dkt. 257 at 3. After Ford objected to the withholding of numerous documents, Plaintiffs

ORDER - 1

1 agreed to produce some documents. *Id*. at 4. This motion followed, and Ford contends 2 that there are nearly 300 communications at issue. *Id*. at 24.

## II. DISCUSSION

As a threshold matter, the parties' categorical approach to the 300 documents at issue makes it nearly impossible for the Court to rule as to every document in question. Therefore, the Court will address Plaintiffs' categories in an effort to narrow the dispute so that the parties may resolve the remaining dispute among themselves or file a motion regarding a manageable number of specific documents.

As the parties withholding production of documents based on the assertion of attorney-client and work product privileges, Plaintiffs bear the burden of establishing that the privilege applies. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (attorney-client privilege); *see Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 266 F. Supp. 2d 1144, 1147 (C.D. Cal. 2003) (work product).

With regard to the communications between Plaintiffs' counsel and a public relations firm, the Court adopts the reasoning and five-factor test set forth in *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321, 327–330 (S.D.N.Y. 2003). Under that test, privileged communications between Plaintiffs' attorneys and Gogerty Marriott are protected. Therefore, the Court denies Ford's motion as to such documents.

With respect to Plaintiffs' employees or their functional equivalent, Plaintiffs assert that the underlying documents were privileged and disclosure to these employees or contractors did not waive privilege. Dkt. 257 at 15–16. The Court agrees with Plaintiffs to the extent that any communication *was* otherwise privileged and the

employee or contractor signed an agreement not to disclose privileged or confidential information. Therefore, the Court denies Ford's motion as to any document that meets these two conditions.

With regard to the common interest issue, the privilege applies where: (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived. *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986). The Court agrees with Plaintiffs that otherwise privileged communications with investors or potential investors will not waive the privileged nature of that communication. Therefore, the Court denies Ford's motion as to any document that meets these criteria.

On the other hand, Ford argues that "Plaintiffs contend that communications with virtually every contractor Plaintiffs retained and every investor that Plaintiffs solicited are protected by privilege." Dkt. 260 at 24. To the extent that Plaintiffs are attempting to use the common interest privilege as a separate privilege in and of itself, they may not do so. However, based solely on review of the privilege log, the Court is unable to determine whether any assertion is improper. If, subsequent to this order, Ford has a good faith basis to believe that Plaintiffs are improperly extending the common interest privilege to specific documents, there are procedures for challenging such assertions of privilege on a specific document-by-document basis.

final

employee or contractor signed an agreement not to disclose privileged or confidential information. Therefore, the Court denies Ford's motion as to any document that meets these two conditions.

With regard to the common interest issue, the privilege applies where: (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived. *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986). The Court agrees with Plaintiffs that otherwise privileged communications with investors or potential investors will not waive the privileged nature of that communication. Therefore, the Court denies Ford's motion as to any document that meets these criteria.

On the other hand, Ford argues that "Plaintiffs contend that communications with virtually every contractor Plaintiffs retained and every investor that Plaintiffs solicited are protected by privilege." Dkt. 260 at 24. To the extent that Plaintiffs are attempting to use the common interest privilege as a separate privilege in and of itself, they may not do so. However, based solely on review of the privilege log, the Court is unable to determine whether any assertion is improper. If, subsequent to this order, Ford has a good faith basis to believe that Plaintiffs are improperly extending the common interest privilege to specific documents, there are procedures for challenging such assertions of privilege on a specific document-by-document basis.

## III. ORDER

Therefore, it is hereby **ORDERED** that Ford's motion to compel is **DENIED** as stated herein.

Dated this 28th day of April, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge