The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 3:11-cv-05503-BHS<br><br>**PLAINTIFFS EAGLE HARBOR HOLDINGS, LLC AND MEDIUSTECH, LLC'S REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT IN THE PROSECUTION OF PATENT NUMBER 6,615,137**<br><br>NOTED ON CALENDAR: July 4, 2014 |

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 2

    A.  Ford Has Not Identified a Single Disputed Fact Regarding Inequitable Conduct During the Prosecution of the '137 Patent. ........................................................... 2

    B.  Even Without the Testimony of Steve Ford Confirming his Intent to Disclose Hitachi, there is Not a Single Fact to Support an Inference of Deliberate Intent to Deceive. ..................................................................................................... 3

III.    CONCLUSION .................................................................................................... 7

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT – i*
*Case No. 3:11-cv-05503-BHS*

S U S M A N  G O D F R E Y  L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. TorPharm, Inc.*,
 300 F.3d 1367 (Fed. Cir. 2002) ..................................................................................................5

*Alcon Research, Ltd. v. Apotex, Inc.*,
 2013 WL 2244338 (S.D. Ind. May 21, 2013) ..........................................................................5, 6

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................................2, 3

*Astrazeneca Pharmaceuticals LP v. Teva Pharmaceuticals USA, Inc.*,
 583 F.3d 766 (Fed. Cir. 2009) ....................................................................................................4

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ....................................................................................................................2

*Dayco Prods., Inc. v. Total Containment, Inc.*,
 329 F.3d 1358 (Fed. Cir. 2003) ..................................................................................................3

*Eisai Co. Ltd. v. Dr. Reddy's Laboratories, Ltd.*,
 533 F.3d 1353 (Fed. Cir. 2008) ..................................................................................................5

*First National Bank of Arizona v. Cities Service Co.*,
 391 U.S. 253 (1968) ....................................................................................................................3

*Interwoven, Inv. v. Vertical Comp. Sys.*,
 2013 WL 75770 (N.D. Cal. Jan. 4, 2013) ...................................................................................6

*Konionklijke Philips N.V. v. Zoll Med. Corp.*,
 No. 10-cv-11041, 2013 WL 6169331 (D. Mass. Nov. 19, 2013) ............................................6, 7

*Mitsubishi Heavy Industries, Ltd. v. General Electric Co.*,
 2012 WL 4336208 (M.D. Fla. Sept. 21, 2012) ...........................................................................6

*Optium Corp. v. Emcore Corp.*,
 603 F.3d 1313 (Fed. Cir. 2010) ..............................................................................................4, 5

*Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*,
 518 F.3d 1353 (Fed. Cir. 2008) ..................................................................................................5

*Pure Fishing, Inc. v. Normark Corp.*,
 No. 3:10-cv-2140, 2012 WL 6138216 (D.S.C. Dec. 11, 2012) ..................................................5

*Schering Corp. v. Mylan Pharmaceuticals, Inc.*,
 2011 WL 3736503 (D.N.J. Aug. 22, 2011) ................................................................................6

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
 537 F.3d 1357 (Fed. Cir. 2008) ..................................................................................................5

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    649 F.3d 1276 (Fed. Cir. 2011). ....................................................................................... 1, 2, 3, 4

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................ 5

**Statutes**

Fed. R. Civ. P. 56 ....................................................................................................................... 2

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION*  
*TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF*  
*NO INEQUITABLE CONDUCT – iii*  
*Case No. 3:11-cv-05503-BHS*

S U S M A N  G O D F R E Y  L . L . P .  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

## I.   INTRODUCTION

Defendant Ford ("Ford") admits that there is no evidence showing deliberate intent to deceive the PTO during the prosecution of Patent No. 6,615,137 ("the '137"). *See* Dkt. No. 306, (Ford's Opposition to Plaintiffs' Motion for Summary Judgment, "Resp.") 8. Still, Ford asks this Court to spend its valuable time and resources entertaining Ford's allegation of inequitable conduct, a charge that requires <u>*clear and convincing evidence*</u> of specific deceitful intent. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). In support of that request, Ford argues that intent to deceive can be inferred from the fact that the Hitachi reference was both known to prosecution counsel Steve Ford and named inventor Dan Preston, but was not submitted. Resp. 1, 8. But that was precisely the argument that the Federal Circuit rejected in *Therasense*, lamenting that "allegations of inequitable conduct are routinely brought on the slenderest grounds," plaguing "not only the courts but also the entire patent system." 649 F.3d at 1289, 1295-96.

A court may infer deceptive intent from indirect and circumstantial evidence, but the inference must be "the single most reasonable inference able to be drawn from the evidence." *Id*. at 1290. Indeed, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id*. at 1290-91. Courts have repeatedly granted summary judgment of no inequitable conduct in cases such as this, where the defendant has not uncovered any facts upon which any inference of deceptive intent can be drawn—let alone the "single most reasonable" inference.  Ford's brief conveniently omits the fact that Steve Ford testified that he <u>***intended to submit***</u> the Hitachi reference to the PTO, and that the failure to submit the reference was an administrative mistake. *See* Dkt. No. 276 (Motion for Summary Judgment, "Mtn.") 1, 3. Indeed—as Ford's response notes—Steve Ford *did* submit two other prior art references that the European examiner cited as problematic for the PCT application. *See* Resp. 5 n. 2 & Ex. 3; Dkt. No. 276-6 at SFORD000553-54. Ford has not and cannot show that the single most reasonable inference from that evidence is that Steve Ford intended to *deceive* the PTO.

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - Page 1*
*Case No. 3:11-cv-05503-BHS*

S U S M A N  G O D F R E Y  L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1    In an attempt to conjure a question of material fact to survive summary judgment, Ford argues that this Court still needs to evaluate Steve Ford's credibility. Resp. 2, 9-11. But even in the *absence* of Steve Ford's testimony showing his affirmative intent to disclose Hitachi to the PTO, there would be no facts from which the Court could infer a deliberate intent to deceive by either Steve Ford or Dan Preston. And the handful of district court cases Ford cites to support its credibility argument present qualitatively different facts or contradict the great weight of Federal Circuit caselaw. Under the standard set out in *Therasense*, Ford simply cannot prevail on its claim.

## II.    ARGUMENT

### A.    Ford Has Not Identified a Single Disputed Fact Regarding Inequitable Conduct During the Prosecution of the '137 Patent.

Summary judgment should be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving party, Plaintiffs MediusTech, LLC and Eagle Harbor Holdings, LLC ("Medius") have met their initial burden to demonstrate the basis for the motion and the evidence showing the absence of an issue of material fact by submitting the testimony of Dan Preston and Steve Ford showing that 1) the Hitachi reference was not disclosed during the prosecution of the '137 solely due to administrative error, which involved Steve Ford's assistant filing an IDS with the art from the wrong PCT application; 2) Steve Ford did not intend to withhold the Hitachi reference; 3) **Steve Ford in fact intended to submit Hitachi to the PTO**; 4) Steve Ford's practice was to submit all references identified in the prosecution of a PCT application to the PTO. Mtn. 1-3, *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). Accordingly, the burden on Ford is to show that a genuine issue of material fact existed—one that would allow a finder of fact to return a verdict in Ford's favor. *Id*. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF
NO INEQUITABLE CONDUCT - Page 2
Case No. 3:11-cv-05503-BHS

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

But Ford did not identify a *single fact at issue* in its opposition brief. Instead, Ford describes the facts and circumstances of the failure to disclose the Hitachi reference—facts that Ford itself notes are "undisputed." Resp. 8-9. The only question left for this Court is whether the undisputed facts can support a finding of inequitable conduct as a matter of law. Ford appears to argue that Steve Ford's intent is a factual question that should be left for resolution at trial. *See* Resp. 8. Ford is wrong for two reasons. First, Ford misstates the standard: Ford announces that "Whether Mr. Preston and Mr. Ford's Failure to Disclose the Hitachi Reference Was Intentional Is a Disputed Question of Material Fact." *Id*. That is not the relevant question—the question is whether Steve Ford acted with a deliberate intent to *deceive the PTO*. *Therasense*, 649 F.3d at 1290. A deliberate intent to withhold, without the intent to deceive, is insufficient to support a finding of inequitable conduct. *E.g.*, *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367 (Fed. Cir. 2003). Second, Ford simply has not shown any evidence that shows that Steve Ford's intent is in dispute. Steve Ford stated clearly in his testimony that he did not intend to conceal the Hitachi reference and that, in fact, he intended to have it submitted. Mtn. Ex. 1 (S. Ford. Dep. Trans. pp. 212-13). Defendant Ford's only response appears to be that his sworn testimony might not be true—and Ford brings no evidence to the table to support that allegation. Moreover, Ford's unsupported speculation does not make Steve Ford's intent a genuine issue of material fact. The Supreme Court has instructed that in the face of a properly supported motion, "mere allegations" instead of "specific facts" are not enough to show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248-49; *see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L. Ed. 2d 569 (1968).

**B.     Even Without the Testimony of Steve Ford Confirming his Intent to Disclose Hitachi, there is Not a Single Fact to Support an Inference of Deliberate Intent to Deceive.**

Faced with testimony that eliminates any chance that Ford can prevail on an inequitable conduct claim, Ford argues that courts have denied motions for summary judgment of no

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - Page 3*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

inequitable conduct when the credibility of witnesses was at issue. Resp. 9-11. But Ford ignores the fact that Medius is entitled to summary judgment of no inequitable conduct *even without* the testimony of Steve Ford. The <u>only</u> facts that Ford points to as evidence of inequitable conduct during the prosecution of the '137 are 1) knowledge of the Hitachi reference by Steve Ford and Dan Preston, and 2) failure to disclose the reference to the PTO.[1] The Federal Circuit has held time and again that this mere combination of facts is insufficient to support a claim of inequitable conduct. *E.g.*, *Therasense*, 649 F.3d at 1289, 1295-96; *Optium Corp. v. Emcore Corp.,* 603 F.3d 1313, 1322 (Fed. Cir. 2010); *Astrazeneca Pharmaceuticals LP v. Teva Pharmaceuticals USA, Inc.*, 583 F.3d 766, 776-77 (Fed. Cir. 2009). In *Optium*, for example, The Federal Circuit affirmed summary judgment of no inequitable conduct where an infringer had not produced evidence to show the threshold level of intent but instead advocated an inference that deceitful intent should be presumed because the withheld reference was highly material. The Court explained:

> Optium offered no evidence, but simply argued that the 'high materiality' of the Willems reference relieved it of the burden to produce any affirmative evidence of intent, and instead required Emcore to provide a credible explanation for the nondisclosure. However, this proposed shift in the burdens is contrary to precedent. The district court correctly ruled that on Optium's version of the facts, and accepting the disputed premise that Willems was highly material, Optium had offered no evidence that could succeed in proving deceptive intent by clear and convincing evidence. We affirm the district court's grant of summary judgment of no inequitable conduct.

*Id*. at 1322. Ford is making the same mistake in this case as the accused infringer did in *Optium*: asking this Court to require that Medius or Steve Ford provide a "credible explanation for nondisclosure." According to the Federal Circuit, such a shift in the burden of proof is improper.

---

[1] Ford writes, "Neither Mr. Ford nor Mr. Preston could offer any explanation for this failure to disclose the Hitachi reference other than to try to blame it on Mr. Ford's unidentified assistant." Resp. 9. In fact, Mr. Ford did identify his assistant as either Christina Lawson or Jessica Schultz. Dkt. No. 276, Ex. 1 at 191, 196-97. And "blaming" his assistant is merely a negative way to characterize Mr. Ford's testimony, in which he provided a reasonable and detailed explanation of an administrative oversight at his office. *See id*. Mr. Ford indicated that either Ms. Lawson or Ms. Schultz mistakenly included the art from the wrong PCT in the IDS submitted for the '137 patent application. *Id*. at 192.

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - Page 4*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1  Ford must show "evidence that could succeed in proving deceptive intent by clear and
2  convincing evidence." Ford has not and cannot do that.

3  The single district court case Ford cites for the argument that summary judgment should
4  be denied based solely on a patentee's knowledge of prior art and involvement in the prosecution
5  process involved entirely different facts. *See Pure Fishing, Inc. v. Normark Corp.*, No. 3:10-cv-
6  2140, 2012 WL 6138216, at *25 (D.S.C. Dec. 11, 2012); Resp. 9. First, that case did not include
7  affirmative evidence of intent to ***disclose*** to the PTO, which does exist in the present case.
8  Second, the inventor in *Pure Fishing* signed an inventor statement affirmatively stating that he
9  was the sole inventor when he knew that he was not, and he also had been involved in setting
10 parameters for a prior art reference that he failed to disclose. *Pure Fishing*, 2012 WL 6138216, at
11 *24-25. That is not the case here, where the Hitachi reference was identified to Steve Ford, the
12 inventor's *counsel*, and then to Dan Preston, only after the submission of the international PCT
13 application. Moreover, the *Pure Fishing* decision contradicts extensive Federal Circuit authority
14 showing that knowledge of a reference coupled with nondisclosure is not enough to survive
15 summary judgment of no inequitable conduct. *See, e.g.*, *See, e.g.*, *Optium*, 603 F.3d at 1322;
16 *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1332 (Fed. Cir. 2009); *Eisai Co. Ltd. v.*
17 *Dr. Reddy's Laboratories, Ltd.*, 533 F.3d 1353, 1360–61 (Fed. Cir. 2008); *Star Scientific, Inc. v.*
18 *R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367–69 (Fed. Cir. 2008); *Pfizer, Inc. v. Teva*
19 *Pharmaceuticals USA, Inc.*, 518 F.3d 1353, 1366–67 (Fed. Cir. 2008); *Abbott Laboratories v.*
20 *TorPharm, Inc.*, 300 F.3d 1367, 1380 (Fed. Cir. 2002).

21 All of the cases Ford cites to argue that a question about Steve Ford's credibility should
22 save this issue from summary judgment are inapposite. In *Alcon Research, Ltd. v. Apotex, Inc.*,
23 the evidence on summary judgment showed that the inventors and prosecution counsel had been
24 working together to generate data to respond to an Office Action from the PTO. 2013 WL
25 2244338, at *3-4 (S.D. Ind. May 21, 2013). The inventors submitted only some of that data to
26 the PTO in an attempt to distinguish their eye drop solution over prior art. *Id*. Importantly,
27 neither the inventors nor prosecution counsel could remember why one of the valid data points

was omitted. *Id*. at \*8. The court held that a reasonable trier of fact could conclude that they had decided to deliberately withhold the data. *Id*. That is not the case here, where the reason for the omission is undisputed: prosecution counsel ***intended to disclose*** the Hitachi reference and would have done just that, but for a clerical error. Mtn. Ex. 1 at 192, 196-97, 212-13. Similarly, and even worse for Ford, in *Schering Corp. v. Mylan Pharmaceuticals, Inc.*, the prosecution counsel could not recall the reason that she did not submit a material reference, and the district court found "that the testimony of [prosecution counsel] does not conclusively resolve the question of intent," and thus a reasonable inference could be made as to deceptive intent. No. 09-6383, 2011 WL 3736503 (D.N.J. Aug. 22, 2011). That is simply not the case here: *intent to disclose is undisputed.* Mtn. Ex. 1 at 192, 196-97, 212-13.

*Mitsubishi Heavy Industries, Ltd. v. General Electric Co.* also does not help Ford. In that case, the Court explained that it could not grant summary judgment after listing myriad facts that could potentially support an inference of deceptive intent, including foreign prosecution documents and prosecution procedure documents. No. 6:10-cv-812-Orl-28KRS, 2012 WL 4336208 (M.D. Fla. Sept. 21, 2012). Those issues do not exist here: the only evidence Ford contends supports deceptive intent is knowledge of Hitachi and nondisclosure, an insufficient combination as a matter of Federal Circuit law. And in *Interwoven, Inv. v. Vertical Comp. Sys.*, the inventor chose to disclose a reference for one patent but withheld it during the prosecution of another *related* patent, claiming that it was not relevant. No. 10-cv-04645, 2013 WL 75770, at \*4 (N.D. Cal. Jan. 4, 2013). That is in stark contrast to Steve Ford's behavior, wherein he disclosed two additional "X" references identified by the European examiners: if Steve Ford were truly attempting to deceive the PTO, he would have rationally withheld all three "X" references. *See* Resp. 5 n. 2 & Ex. 3; Dkt. No. 276-6 at SFORD000553-54. The circumstances surrounding Steve Ford's failure to disclose lead only to the inference of mistake.

Finally, *Konionklijke Philips N.V. v. Zoll Med. Corp.* actually illustrates the reason this case is perfectly situated for summary judgment of no inequitable conduct. In that case, the district court denied the plaintiff's motion in part because there were "dueling witness

*PLAINTIFFS' REPLY TO DEFENDANT FORD'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - Page 6*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

statements" over the factual issue of deceptive intent. No. 10-cv-11041, 2013 WL 6169331, at *5 (D. Mass. Nov. 19, 2013). There are no dueling witness statements here. There is only one set of undisputed facts: that Steve Ford intended to disclose the Hitachi reference during the prosecution of the '137 but failed to achieve what he intended due to an administrative error.

### III.   CONCLUSION

Ford cannot show, as it must, that there is a genuine issue of material fact as to any inequitable conduct during the prosecution of the '137 patent. Ford has pointed to no facts that support an inference of the required intent to deceive the PTO on the part of Dan Preston and Steve Ford. In fact, the Federal Circuit has soundly rejected reliance on the only evidence that Ford offers—knowledge of the Hitachi reference and failure to disclose it—to support an inequitable conduct claim. Ford cannot manufacture a genuine issue of material fact by making a bare allegation concerning Steve Ford's credibility. Medius respectfully requests that this Court grant Medius's motion for summary judgment of no inequitable conduct.

Dated: July 3, 2014                    By: /s/ E. Lindsay Calkins
                                       Parker C. Folse III (WSBA No. 24895)
                                       Ian B. Crosby (WSBA No. 28461)
                                       Floyd G. Short (WSBA No. 21632)
                                       Genevieve V. Wallace (WSBA No. 38422)
                                       Jordan Connors (WSBA No. 41649)
                                       E. Lindsay Calkins (WSBA No. 44127)

                                       SUSMAN GODFREY L.L.P.
                                       1201 3rd Avenue, Suite 3800
                                       Seattle, WA 98101
                                       Tel: (206) 516-3861
                                       Fax : (206) 516-3883
                                       E-Mail:   pfolse@susmangodfrey.com
                                                 icrosby@susmangodfrey.com
                                                 fshort@susmangodrey.com
                                                 gwallace@susmangodfrey.com
                                                 jconnors@susmangodfrey.com
                                                 lcalkins@susmangodfrey.com

                                       *Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who have registered for electronic notifications as follows:

| | |
|---|---|
| Duncan E. Manville<br>**Savitt Bruce & Willey LLP**<br>1425 Fourth Ave, Suite 800<br>Joshua Green Building<br>Seattle, WA 98101<br>Tel: (206) 749-0500<br>Fax:  (206) 838-2661<br>Email:  dmanville@sbwllp.com | Michael J. Summersgill<br>Sarah Beigbeder Petty<br>Rebecca Izzo<br>Michaela P. Sewall<br>Michael Heyison<br>Jonathan Woodard<br>Alexandra Amrhein<br>**Wilmer Cutler Pickering Hale & Dorr LLP**<br>60 State Street<br>Boston, MA 02109<br>Tel:  (617) 526-6000<br>Fax: (617) 526-5000<br>Emails:<br>    michael.summersgill@wilmerhale.com<br>    sarah.petty@wilmerhale.com<br>    rebecca.izzo@wilmerhale.com<br>    michaela.sewall@wilmerhale.com<br>    michael.heyison@wilmerhale.com<br>    jonathan.woodard@wilmerhale.com<br>    alexandra.amrhein@wilmerhale.com |
| Todd C. Zubler<br>Grant K. Rowan<br>Elise Miller<br>Stuart Allen<br>**Wilmer Cutler Pickering Hale & Dorr LLP**<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Tel:  (202) 663-6636<br>Fax: (202) 663-6363<br>Emails:  grant.rowan@wilmerhale.com<br>    todd.zubler@wilmerhale.com<br>    elise.miller@wilmerhale.com<br>    stuart.allen@wilmerhale.com | David Smith<br>**Wilmer Cutler Pickering Hale & Dorr LLP**<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 858-6168<br>Fax: (650) 858 6100<br>Emails: david.smith@wilmerhale.com |
| Cosmin Maier<br>**Wilmer Cutler Pickering Hale & Dorr LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Tel: (212)230-8816 | Frank A. Angileri<br>John S. LeRoy<br>Amy C. Leshan<br>Johnathan D. Nikkila<br>**Brooks Kushman P.C.**<br>1000 Town Center, 22nd Floor |

*CERTIFICATE OF SERVICE*
*Case No. 3:11-cv-05503-BHS*
*Page 1*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| Fax: (212) 230 8888<br>Emails: cosmin.maier@wilmerhale.com | Southfield, MI 48075<br>Tel:  (248)358-4400<br>Fax: (248) 358-3351<br>Emails: fangileri@brookskushman.com<br>jleroy@brookskushman.com<br>aleshan@brookskushman.com<br>jnikkila@brookskushman.com |
|---|---|
| Peter T. Petrich<br>**DAVIES PEARSON P.C.**<br>920 Fawcett Ave.<br>P.O. Box 1657<br>Tel: (253) 620-1500<br>Fax: (253) 572-3052<br>Email: ppetrich@dpearson.com | |

/s/ *E. Lindsay Calkins*

*CERTIFICATE OF SERVICE*
*Case No. 3:11-cv-05503-BHS*
*Page 2*

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883