UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C11-5503 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") motion for leave to amend (Dkt. 278). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 30, 2011, Eagle Harbor Holdings, LLC and MediusTech, LLC (collectively "Medius") filed a complaint for patent infringement against Ford. Dkt. 1. On February 24, 2012, Medius filed a second amended complaint. Dkt. 61. On March

1  12, 2012, Ford answered and filed counterclaims for noninfringement, invalidity, and

2  unenforceability. Dkt. 62.

3       On May 29, 2014, Ford filed a motion for leave to amend the answer to add a

4  counterclaim for trade secret misappropriation and to add Dan Alan Preston as a

5  counterclaim-defendant. Dkt. 278. On June, 16, 2014, Medius responded. Dkt. 293. On

6  June 20, 2014, Ford replied. Dkt. 303.

7  ## II. FACTUAL BACKGROUND

8       In late 2012, Meduis produced to Ford some documents relevant to the instant

9  motion. These documents are correspondence between Medius's CEO Dan Preston and a

10  former contractor of Ford, David Patterson. Ford contends that these documents show

11  possible misappropriation of Ford's trade secrets. On March 18, 2014, during the

12  deposition of Mr. Patterson, Ford asserts that it received the remaining facts that establish

13  a claim for trade secret misappropriation. The instant motion followed, requesting leave

14  to add the counterclaim and add Mr. Preston as a counterclaim-defendant.

15  ## III. DISCUSSION

16  **A.    Rule 16**

17       Fed. R. Civ. P. 16 governs where a court, as here, entered a Rule 16 scheduling

18  order governing the timing of amendments to the pleadings. Rule 16 also governs when

19  the deadlines for such amendments have passed. *See* Fed. R. Civ. P. 16; *see also Johnson*

20  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under such a

21  situation, the moving party must show good cause for granting leave to amend. *See, e.g.,*

22

1  *id*. To establish good cause, the moving party must show that it has acted with diligence
2  to meet the initial deadline set by the Court. *Johnson*, 975 F.2d at 609.
3     In this case, the parties dispute whether Ford was diligent in pursuing the proposed
4  counterclaim. While Ford concedes that it possessed some documents that may have
5  shown possible trade secret misappropriation, Ford contends that the documents alone did
6  not tell the whole story and that Ford obtained the facts necessary to support its claim
7  during the deposition of Mr. Patterson. Dkt. 303 at 5. Ford asserts that, once it obtained
8  the facts necessary to establish the counterclaim, it filed the motion for leave to amend.
9  *Id*. Meduis counters that Ford lacked diligence in investigating this potential claim
10 because Ford should have more actively pursued discovery once Ford possessed the
11 relevant documents. Dkt. 293 at 10. The Court disagrees with Medius that Ford's
12 actions show a lack of diligence. Although the three months between Mr. Patterson's
13 deposition and filing the motion, as well as the fact that Ford filed the motion one week
14 after the new scheduling order, raise concerns, these facts are insufficient to show a lack
15 of diligence pursuing the proposed counterclaim.[1] Even if Ford immediately filed this
16 motion after receiving the relevant documents in late 2012, Ford could not have met
17 either the Court's established deadline for filing amended pleadings or the deadline for
18 responding to Meduis's amended complaint. Therefore, the Court concludes that Ford
19 has shown good cause for failing to meet the Court's deadline.
20
21 _____
22   [1] These facts will be considered if Ford requests additional discovery or an extension of the current scheduling order.

ORDER - 3

### B.     Rule 15

If "good cause" can be shown, the movant must then demonstrate that amendment is warranted under Fed. R. Civ. P. 15. *Johnson*, 975 F.2d at 608. Courts are to consider the following factors when determining whether or not granting leave is proper: undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, and futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading. *Lockheed Martin*, 194 F.3d at 986. Of these factors, prejudice to the opposing party is the most important factor. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

In this case, the remaining unresolved issues are undue prejudice and futility. With regard to prejudice, Medius's main arguments are the burden of additional discovery and the possibility of delaying trial. Dkt. 293 at 14–15. The Court finds that there is sufficient time to conduct discovery on the counterclaim, especially because additional expert deadlines remain to be set after the supplemental claim construction is completed. Dkt. 275. Therefore, although Meduis will suffer some prejudice, it is not undue prejudice.

1    With regard to futility, the sufficiency of a pleading is based on factual allegations

2 under a valid cause of action. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

3 Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under

4 the amendment to the pleadings that would constitute a valid and sufficient claim or

5 defense."). Based on the proposed counterclaim, Ford has met its burden to show that the

6 claim as alleged is not futile, and the Court concludes that Ford has met its burden under

7 Rule 15.

## IV. ORDER

9    Therefore, it is hereby **ORDERED** that Ford's motion for leave to amend (Dkt.

10 278) is **GRANTED**. Ford shall file an amended answer as a separate docket entry no

11 later than July 16, 2014.

12    Dated this 9th day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge