UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC,
and MEDIUSTECH, LLC,

          Plaintiffs,

v.

FORD MOTOR COMPANY,

          Defendant.

CASE NO. C11-5503 BHS

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT

      This matter comes before the Court on Plaintiffs Eagle Harbor Holdings, LLC, and MediusTech, LLC's (collectively "Medius") motion for summary judgment (Dkt. 276). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On February 24, 2012, Medius filed a second amended complaint alleging Defendant Ford Motor Company ("Ford") infringes numerous patents, including U.S.

1  Patent No. 6,615,137 ("'137 Patent"). Dkt. 61. On March 21, 2012, Ford answered and

2  asserted that the '137 Patent is unenforceable based on inequitable conduct. Dkt. 62.

3        On May 29, 2014, Medius filed a motion for summary judgment on Ford's claim

4  of inequitable conduct. Dkt. 276. On June 30, 2014, Ford responded. Dkt. 306. On July

5  3, 2014, Medius filed a reply. Dkt. 318. On July 7, 2014, Medius filed an amended

6  reply. Dkt. 322. On July 8, 2014, Ford filed a motion for leave to file a surreply and

7  proposed surreply. Dkt. 323. Medius did not oppose this motion. Ford's motion is

8  granted, and the Court will consider Ford's brief surreply.

9  ## II. FACTUAL BACKGROUND

10        The facts relevant to the instant motion are undisputed. The parties, however,

11  dispute the inferences that may be drawn from these facts. On June 26, 2001, patent

12  prosecution attorney Steve Ford filed the '137 patent application on behalf of Dan

13  Preston. On June 26, 2002, Mr. Ford filed an international application that in all material

14  respects was identical to and relied upon the '137 application. On January 27, 2003, the

15  European Patent Office sent Mr. Ford a communication identifying prior art references,

16  including European Patent Application No. 841,648 (the "Hitachi Reference").

17  Approximately two months later, Mr. Ford submitted an information disclosure statement

18  to the U.S. Patent Office, but failed to cite the Hitachi Reference. Mr. Ford declares that

19  he intended to cite the Hitachi Reference, but did not because of a clerical mistake. Dkt.

20  276-2 at 13–15. Mr. Ford asserts that the error was a mistake between information

21  disclosure statements in two of Medius's patent applications wherein the other

22  application was abandoned. *Id.*

## III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.   Inequitable Conduct**

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011).

> To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO. The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence.

*Id*. at 1287 (citing *Star Scientific Inc. v. R.J. Reynolds Tobacco Co*., 537 F.3d 1357, 1365 (Fed. Cir. 2008)). "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id*. at 1290 (quoting *Star*, 537 F.3d at 1366).

In this case, the parties dispute whether there exists a question of fact regarding Mr. Ford's intent to deceive. Drawing all inferences in the light most favorable to Ford, the Court concludes that, at this time, a reasonable inference exists that Mr. Ford intended to deceive the patent office. If the factfinder finds Mr. Ford to not be credible, then there exists a reasonable inference that the error was not a mistake. With an intentional filing

occurring after knowledge of a prior art reference, it can be inferred that Mr. Ford intentionally failed to cite the reference. This inference is supported by the absence of the other abandoned patent application involved in the mixed up information disclosure statements. Therefore, the Court denies Medius's motion because a material question of fact exists on the issue of Mr. Ford's intent to deceive.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Medius's motion for summary judgment (Dkt. 276) is **DENIED**.

Dated this 12th day of August, 2014.

BENJAMIN H. SETTLE
United States District Judge