UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC,
and MEDIUSTECH, LLC,

                        Plaintiffs,

            v.

FORD MOTOR COMPANY,

                        Defendant.

CASE NO. C11-5503 BHS

ORDER ADOPTING CLAIM
CONSTRUCTIONS

This matter comes before the Court on the Special Master Lawrence Graham's

("Special Master") proposed claim construction order (Dkt. 333) and Plaintiffs Eagle

Harbor Holdings, LLC and MediusTech, LLC's ("Plaintiffs") objections (Dkt. 336). The

Court has considered the pleadings filed in support of and in opposition to the motions

and the remainder of the file and hereby adopts the Special Master's constructions for the

reasons stated herein.

# I. PROCEDURAL HISTORY

On June 30, 2011, Plaintiffs filed a complaint for patent infringement against Ford.  Dkt. 1.  On October 20, 2011, Plaintiffs filed an Amended Complaint asserting U.S. Patents Nos. 6,615,137, 6,629,033, 6,778,073 ("'073 Patent"), 7,146,260, 7,778,739, 7,793,136, 8,006,117, 8,006,118, 8,006,119, 8,020,028, and 8,027,268 (the "'268 Patent") (the "Patents in Suit").  Dkt. 33.

On February 24, 2012, Plaintiffs filed a second amended complaint asserting the Patents in Suit.  Dkt. 61.  On February 25, 2013, the parties agreed to a stipulated dismissal of Plaintiffs' claim of infringement of the 6,629,033 patent.  Dkt. 135.

On March 18, 2013, the Court appointed Lawrence Graham as a Special Master to assist the Court with the issues of claim construction.  Dkt. 140.

On July 29, 2013, the Special Master filed an order regarding claim constructions of certain terms of the Patents in Suit. On November 13, 2013, the Court adopted the Special Master's constructions.  Dkt. 184.

On May 21, 2014, the Court issued a revised scheduling order setting a schedule for a second claim construction proceeding.  Dkt. 275.  On June 13, 2014, both parties submitted opening claim construction briefs.  Dkts. 284 & 288.  On June 30, 2014, both parties responded.  Dkts. 310 & 314.  On July 9, 2014, the Special Master held a claim construction hearing.  Dkt. 326.

On August 8, 2014, the Special Master issued an order regarding construction of the terms "download" and "move."  Dkt. 333.  On August 15, 2014, Plaintiffs filed objections.  Dkt. 336.  On August 22, 2014, Ford responded.  Dkt. 339.

## II. DISCUSSION

In this case, Plaintiffs argue that (1) the terms in question should not have been construed, (2) the Special Master erred by assigning a specific narrow meaning, (3) the Special Master erred by relying on expert testimony to contradict the plain and ordinary meaning of the terms, and (4) the terms in question should not be used synonymously.

**A.     Necessity**

The meaning of language used in a patent claim is construed as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Id.* at 976. "Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997).  Although "district courts are not (and should not be) required to construe every limitation present in a patent's asserted claims, . . . it is the court's duty to resolve [a fundamental dispute regarding the scope of a claim term]." *O2 Micro Int'l v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

In this case, Plaintiffs argue that "the Court should issue an order stating that no construction is required for the disputed terms."  Dkt. 336 at 6.  Although the Special Master did not directly address this issue, he implicitly rejected Plaintiffs' argument by providing constructions for the terms in question.  What the Special Master implicitly recognized, the Court explicitly concludes: the parties have presented a fundamental

1   dispute that relates to the scope of the patent claims.  The Special Master summarized the

2   dispute as follows:

> This is the essence of the dispute, in which Ford argues that
> loading/downloading in the context of the patents requires the entire
> application to be made available in an address space for execution while
> Medius contends that it would be understood to encompass the transfer of
> only a tiny part of an application from a permanent memory to a working
> memory so that it can be executed.

6   Dkt. 333 at 5.  "In this case, the 'ordinary' meaning of a term does not resolve the parties'

7   dispute . . . ."  *O2 Micro*, 521 F.3d at 1361.  Instead, "each party [has provided] an

8   argument identifying the alleged circumstances when the requirement specified by the

9   claim term must be satisfied . . . ."  *Id*.  Therefore, the Court concludes that the parties

10  have presented a fundamental legal dispute that must be resolved as a matter of law.

11  **B.   Meaning**

12          "Unless otherwise compelled, when different claims of a patent use the same

13  language, we give that language the same effect in each claim."  *Innova/Pure Water, Inc.*

14  *v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1119 (Fed. Cir. 2004).

15          In this case, Plaintiffs argue that the Special Master erred by construing similar

16  terms in the narrowest possible sense.  Dkt. 336 at 6–8.  First, Plaintiffs assert that

17  "absent a disavowal or definition, when a patentee uses terms interchangeably, all assume

18  the full scope of the broadest term's ordinary meaning."  Dkt. 336 at 6 (citing *Safari*, 381

19  at 1120).  This proposition is not a rule of law, and, absent such a rule, the Court finds no

20  error of law in the Special Master's synonymous construction of the terms "move,"

21  "download," and "load."  To the extent Plaintiffs argue the Special Master construed the

1  terms in the narrowest possible sense, Plaintiffs have failed to show that such a

2  construction is erroneous in the context of these particular patents.

3       Second, Plaintiffs argue that the Special Master "justified his decision on the

4  grounds that Ford's expert had proposed a definition of 'load' that was based on treatises,

5  and Medius had not." Dkt. 336 at 7. The Court disagrees with Plaintiffs' assessment of

6  the Special Master's order. In fact, the Special Master specifically stated how a person of

7  ordinary skill in the art would have understood the patents and the terms in question.

8  Dkt. 333 at 17. Therefore, the Court concludes that Plaintiffs' argument on this issue is

9  without merit.

10  **C.    Expert Testimony**

11       In this case, Plaintiffs argue that the Special Master erred by admitting and

12  considering expert opinions. First, Plaintiffs contend that "it is error to consider expert

13  testimony *at all* in claim construction without first finding that the terms at issue are

14  ambiguous in light of the intrinsic record." Dkt. 336 at 8 (citing *Bell & Howell*

15  *Document Mgmt. Products Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed. Cir. 1997)).

16  Plaintiffs, however, are simply wrong. Extrinsic evidence in the form of expert testimony

17  is useful for a variety of reasons, and "it is permissible for the district court in its sound

18  discretion to admit and use such evidence." *Phillips v. AWH Corp.*, 415 F.3d 1303,

19  1318–1319 (Fed. Cir. 2005).

20       Second, Plaintiffs contend that "even when it is properly considered, expert

21  testimony may not be used to 'vary or contradict' disputed claim language." Dkt. 336 at

22  9 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996)).

1    Plaintiffs argue that it is "undisputed that the sense of 'load' chosen by Ford's expert and

2    the Special Master is unrelated to any ordinary meaning of the terms 'move' or

3    'download' themselves . . . ." Dkt. 336 at 9.  Plaintiffs, however, fail to recognize that

4    the terms of a claim are generally given their ordinary and customary meaning as they

5    would have been understood by a person of ordinary skill in the art at the time of the

6    invention.  *Phillips*, 415 F.3d at 1312–13.  The fact that terms may vary from their

7    ordinary meaning is different than construing terms that vary from how an ordinary

8    person of skill in the art would understand those terms.  On the latter issue, the Special

9    Master stated that "the patent seems to presume that a person of ordinary skill would

10   understand what happens when an application is downloaded or moved to a processor."

11   Dkt. 333 at 9.  In other words, the intrinsic evidence does not resolve the parties' dispute,

12   and the Special Master accepted extrinsic evidence to help fill that void.  Therefore, the

13   Court concludes that the Special Master's use of extrinsic evidence was not legal error.

14   **D.     Synonymous Terms**

15            In this case, Plaintiffs argue that the patents do not use "move" or "download"

16   synonymously with "load."  Plaintiffs essentially disagree with the Special Master's

17   reasoning.  Dkt. 336 at 9–13.  The Special Master provided a thorough explanation for his

18   constructions and Plaintiffs fail to provide the Court with alternative rational

19   constructions.  Therefore, the Court adopts the Special Master's constructions.

20

21

22

1

**III. ORDER**

2        Therefore, the Court hereby **ADOPTS** the Special Master's order construing

3    "download" and "move."  The Clerk shall issue a partial scheduling order pursuant to

4    Dkt. 275.

5        Dated this 22nd day of September, 2014.

6

7    _____

     BENJAMIN H. SETTLE

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22