UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C11-5503 BHS<br><br>ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on the parties' joint discovery motion (Dkt. 360). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 29, 2013, Plaintiffs Eagle Harbor Holdings, LLC, and Mediustech, LLC (collectively "Eagle Harbor") served Defendant Ford Motor Company ("Ford") a supplemental privilege log. Dkt. 257 at 3. After Ford objected to the withholding of numerous documents, Plaintiffs agreed to produce some documents. *Id*. at 4.

ORDER - 1

On March 10, 2014, the parties filed a joint discovery motion in which Ford requested an order compelling Eagle Harbor to produce over 300 withheld documents. *Id*. One of the issues in that motion was Eagle Harbor's assertion of the "common interest privilege." *Id*. at 16-22. On April 28, 2014, the Court denied the motion concluding that the common interest privilege existed, but cautioning that the rule existed to prevent waiver of otherwise privileged communications instead of establishing an independent privilege in and of itself. Dkt. 273 at 3.

On November 24, 2014, the parties filed the instant motion in which Ford requests an order compelling Eagle Harbor to "produce 52 communications between Eagle Harbor and third parties David Patterson, Earl Hughson and Denis Marchand." Dkt. 360 at 1.

## II. DISCUSSION

**A.  Timeliness and Prior Motion**

Eagle Harbor moves the Court to deny the motion because (1) it is tardy or (2) the law of the case establishes that the Court has already denied a previous motion on these issues. Dkt. 360 at 3. With regard to timeliness, the Court finds the motion timely. The parties used the procedure under Local Rule CR 37 and Ford served Eagle Harbor its portion of the motion before discovery was closed.

With regard to law of the case, Eagle Harbor's position takes the previous order out of context. In the previous motion, Ford sought to compel the production of entire categories of documents. *See* Dkt. 257. Recognizing that the discovery disputes were general in nature, the Court stated that

> As a threshold matter, the parties' categorical approach to the 300 documents at issue makes it nearly impossible for the Court to rule as to every document in question. Therefore, the Court will address Plaintiffs' categories in an effort to narrow the dispute so that the parties may resolve the remaining dispute among themselves or file a motion regarding a manageable number of specific documents.

Dkt. 273 at 2.  While the Court provided some guidance on the current dispute regarding the common interest privilege, the Court did not establish a specific law of the case rendering the current motion a "do-over."  If anything, the current motion is a more specific discovery dispute regarding a manageable number of specific documents.  Therefore, the Court will not deny Ford's motion to compel due to procedural matters.

**B.     Privilege**

"Rather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).  "[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception." *Id*. (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)).  "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id*.

In this case, Eagle Harbor contends that the common interest privilege extends to the communications in the privilege log submitted with the motion.  Ford objects to assertion of the privilege because it contends that the privilege requires a common legal interest instead of a common business interest.  Dkt. 360 at 5–10.  The parties fail to cite,

1 and the Court is unaware of, any binding authority for this proposition.  Some district

2 courts, however, require a common legal interest to support an exception to waiver of the

3 attorney-client privilege.  *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579–

4 580 (N.D. Cal. 2007) (collecting cases).  For example, "communications between client

5 and attorney for the purpose of relaying communication to a third party is not confidential

6 and not protected by the attorney-client privilege." *United States v. Bergonzi*, 216 F.R.D.

7 487, 493 (N.D. Cal. 2003).

8       In light of these opinions, to the extent that Eagle Harbor asserts attorney-client

9 privilege over communications with business partners, this is an improper assertion of the

10 privilege even if the communication includes advice from counsel.  The attorney-client

11 privilege protects open and frank discussions with counsel when seeking legal advice, but

12 does not protect disclosure of such advice to third parties.  As applied to this case, Eagle

13 Harbor asserts that the attorney-client privilege protects an email from Dan Preston, CEO

14 of MediusTech, to Earl Hughes, a business associate, "reflecting advice of counsel

15 regarding infringement of patent." *See* Dkt. 361-1 at 3 (document ID00100297).  Under

16 no formulation of any rule is this email a privileged communication.  While Mr. Preston's

17 initial conversation with his attorney may be privileged, divulging or paraphrasing such

18 advice to a third person waives the privilege regardless of a joint business interest.

19 Therefore, the Court grants the motion to compel as to this and similar business-person-

20 to-business-person discussions regarding what counsel may have conveyed to them or

21 they conveyed to counsel.

22

On the other hand, the common interest privilege may be used to protect work-product that is disclosed to third parties. The work-product doctrine extends beyond confidential communications between the attorney and client to "any document prepared in anticipation of litigation by or for the attorney." *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 304 (6th Cir. 2002). "The work product privilege provides protection against adversaries and is not as easily waived as the attorney-client privilege." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007). Such "protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information." *United States v. Bergonzi*, 216 F.R.D. 487, 495–96 (N.D. Cal. 2003).

In this case, the evidence suggests that Eagle Harbor and the challenged third parties had a common business interest. Eagle Harbor has shown that the intended interest was to leverage Eagle Harbor's intellectual property and the third parties' manufacturing abilities to benefit from Ford's implementation of the SYNC system in its vehicles. Dkt. 364 at 3. For example, Mr. Preston testified that there existed a

> joint venture that we had envisioned in 2007, but the products in the markets were far more mature and it all came together in 2010. We then put together a team that have included us, DGE Engineering, Navox, SMIS, ourselves and likely others. It was -- it was a team that would deliver a full system to Ford as a product.

Dkt. 364 at 3[1]. This evidences a joint venture to leverage intellectual property as well as other services against a potential common adversary, Ford. To that extent, any work product that was developed in anticipation of this litigation or for this litigation would be subject to protection against the common adversary. These materials, however, must "contain the impressions, conclusions or theories of counsel . . . ." *Bergonzi*, 216 F.R.D. at 494. A powerpoint presentation reflecting the advice of counsel would most likely be considered work product. *See* Dkt. 361-1 at 3 (document ID 00121772). On the other hand, an email string between business associates, Mr. Preston and Dennis Marchand, regarding possible patent infringement in anticipation of litigation would require some foundational basis to meet the requirement of impressions, conclusions or theories of counsel. *Id*. (document ID122531). While Mr. Preston and Mr. Marchand may have a joint business interest in patent litigation, their own personal opinions are not protected by the work-product privilege. Therefore, the Court grants Ford's motion to compel at least to the extent that Eagle Harbor is required to provide a more detailed privilege log for these documents.

C.  **Crime-Fraud Exception**

Ford argues that any assertion of privilege is void under the crime-fraud exceptions. To invoke the crime-fraud exception, Ford bears the burden to (1) "show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the

---

[1] Although the parties have requested this document remain sealed, the Court finds that this excerpt does not contain any confidential business information. If a party disagrees with this finding, they may file an appropriate motion to redact.

1 advice of counsel to further the scheme"; and (2) "demonstrate that the attorney-client
2 communications for which production is sought are sufficiently related to and were made
3 in furtherance of [the] intended, or present, continuing illegality." *In re Napster, Inc.*
4 *Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007).

In this case, Ford has failed to meet its burden. Nothing Ford has submitted rises to the level of a crime or civil fraud. Therefore, the Court denies Ford's motion on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ford's motion to compel (Dkt. 273) is **GRANTED** as stated herein. The parties shall meet and confer within one week from the date of this order. Failure to agree on further explanations of the withheld communications, further productions, and/or proper redactions will be addressed via *in camera* review of the fifteen documents Ford has requested. *See* Dkt. 360 at 13.

Dated this 14th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge