1

The Honorable Benjamin H. Settle

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

10

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

Case No. 3:11-cv-05503-BHS

11

Plaintiffs,

12

v.

NOTE ON MOTION CALENDAR:
January 26, 2015

13

FORD MOTOR COMPANY,

14

15

Defendant.

16

17

**COUNTERCLAIM PLAINTIFF FORD MOTOR COMPANY'S
OPPOSITION TO COUNTERCLAIM DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON TRADE SECRETS**

18

19

20

21

22

23

24

25

26

27

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    FORD IS ENTITLED TO INJUNCTIVE AND MONETARY RELIEF
        BASED ON THE IMPROPER ACQUISITION AND USE OF FORD'S
        TRADE SECRETS ............................................................................................... 5

        A.      Ford Is Entitled to Relief Based on Plaintiffs' Improper
                Acquisition of Ford's Trade Secrets ....................................................... 5

        B.      Ford Is Entitled to Relief Based on Plaintiffs' Use of Ford Trade
                Secrets to Harm Ford and Enrich Themselves ....................................... 6

                1.      Ford Has Presented Substantial Evidence that Plaintiffs
                        Used Ford's Trade Secrets to Harm Ford ................................... 7

                2.      Ford Is Entitled to Recover Damages Based on Plaintiffs'
                        Unjust Enrichment ...................................................................... 8

IV.     FORD'S CLAIM IS NEITHER PREEMPTED BY FEDERAL PATENT
        LAW NOR IMMUNIZED UNDER THE *NOERR-PENNINGTON*
        DOCTRINE ......................................................................................................... 12

        A.      Ford's Claim Is Not Preempted by Federal Patent Law ..................... 13

        B.      Ford's Claim Is Not Barred by the *Noerr-Pennington* Doctrine ........ 15

V.      FORD'S TRADE-SECRETS CLAIM IS NOT RIPE FOR SUMMARY
        JUDGMENT AS NUMEROUS MATERIAL FACTS ARE IN
        DISPUTE ............................................................................................................. 17

        A.      The Schematics and BOM Are Trade Secrets and Were
                Misappropriated ................................................................................... 17

                1.      Plaintiffs Knew the Schematics and BOM Were
                        Confidential ............................................................................... 17

                2.      The Schematics and BOM Derive Independent Economic
                        Value From Not Being Known .................................................. 18

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - i
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

3.    There Is No Requirement that Ford Show Its Trade Secret Designs Are "More Efficient or Effective than Its Competitors"........................................................................... 22

B.    Ford Has Presented Substantial Evidence Demonstrating that the "2007 Navox Documents" Were Misappropriated............................................... 23

C.    A Reasonable Juror Could Conclude that the TDI Specification Was Misappropriated........................................................................... 24

VI.    CONCLUSION ............................................................................................ 24

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*800 Adept, Inc. v. Murex Sec., Ltd.*,
539 F.3d 1354 (Fed. Cir. 2008) ........................................................................ 13

*Ada Motors v. Butler*,
2014 WL 4067876 (W.D. Wash. Aug. 18, 2014) ........................................ 6, 10

*Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*,
649 F. Supp. 2d 702 (N.D. Ohio 2009) ............................................................ 10

*Becher v. Contoure Labs.*,
279 U.S. 388 (1929) .......................................................................................... 14

*Becher v. Contoure Labs.*,
29 F.2d 31 (2d Cir. 1928) ................................................................................. 14

*BP Chemicals Ltd. v. Jiangsu Sopo Corp.*,
285 F.3d 677 (8th Cir. 2002) .............................................................................. 5

*Clark v. Bunker*,
453 F.2d 1006 (9th Cir.1972) ........................................................................... 20

*Gearheard v. De Puy Orthopaedics, Inc.*,
No. CIV.A.99-1091, 2000 WL 533352 (E.D. La. Mar. 17, 2000) .................... 16

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
362 F.3d 1367 (Fed. Cir. 2004) ............................................................. 13, 14, 15

*Handi Inv. Co. v. Mobil Oil Corp.*,
550 F.2d 543 (9th Cir. 1977) ............................................................................ 12

*Hauck Mfg. Co. v. Astec Indus., Inc.*,
376 F. Supp. 2d 808 (E.D. Tenn. 2005) ........................................................... 20

*Int'l Motor Contest Ass'n, Inc. v. Staley*,
434 F. Supp. 2d 650 (N.D. Iowa 2006) ............................................................ 16

*Kewanee Oil Co. v. Bicron Corp.*,
416 U.S. 470 (1974) .......................................................................................... 15

*McEuen v. Riverview Bancorp, Inc.*,
No. C12-5997, 2013 WL 6729632 (W.D. Wash. Dec. 19, 2013) .................... 12

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - iii
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

*PepsiCo, Inc. v. Redmond*,
   54 F.3d 1262 (7th Cir. 1995) ................................................................... 6

*Richardson v. Suzuki Motor Co.*,
   868 F.2d 1226 (Fed. Cir. 1989) ...................................................... 14, 16, 20

*RKI, Inc. v. Grimes*,
   177 F. Supp. 2d 859 (N.D. Ill. 2001)................................................... 7, 24

*Russo v. Ballard Med. Products*,
   550 F.3d 1004 (10th Cir. 2008) ...................................................... passim

*Spear Pharm., Inc. v. William Blair & Co., LLC*,
   610 F. Supp. 2d 278 (D. Del. 2009) ................................................... 2, 16

*Univ. of Colorado Found., Inc. v. Am.  Cyanamid*,
   342 F.3d 1298, 1306 (Fed. Cir. 2003) ........................................... 13, 14, 15

*Veteran Med. Products, Inc. v. Bionix Dev. Corp.*,
   No. 1:05-CV-655, 2008 WL 696546 (W.D. Mich. Mar. 13, 2008) ................... 7

*Wyeth v. Natural Biologics, Inc.*,
   No. CIV. 98-2469, 2003 WL 22282371 (D. Minn. Oct. 2, 2003), *aff'd*, 395 F.3d 897 (8th Cir. 2005)........................................................................... 5

**State Cases**

*Boeing Co. v. Sierracin Corp.*,
   108 Wash. 2d 38 (1987) ............................................................. passim

*Confederated Tribes v. Johnson*,
   135 Wash. 2d 734 (1998) ................................................................ 22

*Crabtree v. Bowers*,
   102 Wash. App. 1017, 2000 WL 1224320 (Wash. App. Div. 1) (2000)............. 6

*Ed Nowogrowski Ins., Inc. v. Rucker*,
   137 Wash. 2d 427 (1999) ................................................................ 17

*ILG Indus., Inc. v. Scott*,
   273 N.E.2d 393 (Ill. 1971)................................................................ 8

*Kassa Ins. Servs., Inc. v. Pugh*,
   180 Wash. App. 1051, 2014 WL 1746059 (Wash. App. Div. 3) ..................... 9

*Murphy Electronics, Inc. v. K.R. Anderson Co.*,
   102 Wash. App. 1029, 2000 WL 1279302 (Wash. App. Div. 1) (2000)............. 6

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - iv
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

*Petters v. Williamson & Associates, Inc.*,
151 Wash. App. 154 (2009) ........................................................................... 10

*Spokane Research & Def. Fund v. City of Spokane*,
96 Wash. App. 568 (1999) ............................................................................. 22

*Woo v. Fireman's Fund Ins. Co.*,
137 Wash. App. 480, 154 P.3d 236 (2007) ..................................................... 23

**State Statutes**

RCW 19.108.010 ...................................................................................................... 15

RCW 19.108.010(2) .................................................................................................... 5

RCW 19.108.010(2)(a) .............................................................................................. 23

RCW 19.108.010(2)(a) ................................................................................................ 1

RCW 19.108.020(1) ............................................................................................... 1, 5

RCW 19.108.030(1) ............................................................................................... 8, 9

Unif. Trade Secrets Act § 3 cmt. ................................................................................ 9

**Rules**

Fed. R. Civ. P. 56(c)(1)(A) ....................................................................................... 12

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - v
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## I.     INTRODUCTION

Caught in the act of stealing Ford's trade secrets, Counterclaim Defendants (hereafter "Plaintiffs") now attempt to avoid liability by arguing their wrongful acts have not harmed Ford and by trying to wrap themselves in the First Amendment, the *Noerr-Pennington* doctrine, and related federal preemption case law.  Plaintiffs do not contest that they repeatedly sought and received Ford's technical information and targeted Ford's SYNC product with their patent claims.  Instead, they attempt to avoid liability by relying on flawed technical and procedural arguments.  Plaintiffs, however, cannot escape liability for their wrongful theft.

*First,* Plaintiffs are wrong that Ford's claim fails because Ford has not established that it has been or will be harmed by their theft of Ford's trade secrets.  As an initial matter, Ford need not show past use of its trade secrets or past harm to establish liability and obtain relief— harm is not an element of a misappropriation claim.  Plaintiffs' improper ***acquisition*** of Ford's trade secrets is itself actionable under the Washington Uniform Trade Secrets Act ("UTSA"), which permits Ford to seek to enjoin actual or threatened use.  *See* RCW 19.108.010(2)(a), 19.108.020(1).  In any event, Ford has presented substantial evidence of harm.  As detailed below, Plaintiffs' own documents and emails show that they stole sensitive confidential information with the intention of subsequently prosecuting patents and drafting claims targeting Ford SYNC. ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

*Second,* Plaintiffs' misreading of the *Noerr-Pennington* doctrine and federal preemption defy both logic and the law.  The alleged improper conduct in the *Noerr-Pennington* and preemption cases cited by Plaintiffs was government petitioning or patent-assertion activity: *i.e.,* the patent prosecution or patent assertion was, ***by itself***, the alleged wrongful conduct. Here, by contrast, the tortious conduct—*i.e.,* Plaintiffs' theft of Ford's trade secrets—***preceded***

---

[1] Unless otherwise noted, all exhibits are to the Declaration of Rebecca Izzo, dated January 16, 2015.

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 1
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  any petitioning or patent-assertion activity and was independently wrongful.  A party "is not

2  relieved from liability for [trade secret] claims merely because they then used a petition to a

3  government agency as the mechanism for allegedly harming" the owner of the trade secrets.

4  *Spear Pharm., Inc. v. William Blair & Co., LLC*, 610 F. Supp. 2d 278, 288 (D. Del. 2009).

5  Under Plaintiffs' misreading of the law, "[a]ny defendant could (and would have a significant

6  incentive to) insulate itself from a trade secret misappropriation claim simply by patenting the

7  stolen idea." *Russo v. Ballard Med. Products*, 550 F.3d 1004, 1015 (10th Cir. 2008).

8        ***Finally,*** Plaintiffs' other arguments about the merits of Ford's claim are all the subject

9  of material factual disputes that a jury must decide.  These disputes cannot be resolved on

10  summary judgment.  Ford has presented significant evidence from which a reasonable juror

11  could conclude that Plaintiffs unlawfully misappropriated Ford's trade secrets.

## II.   FACTUAL BACKGROUND

13        Plaintiffs' motion fails to provide any factual background for Ford's claim and entirely

14  ignores the substantial evidence showing that Plaintiffs stole Ford's confidential information

15  and used it to harm Ford and enrich themselves.



26  [2] *See* Dkt. 393, X-10; Ex. 01 [Ford's Int. Resp.] at 13-15.
[3] *See* Ex. 02 at EHH0265268; Dkt. 393, X-8 at EHH0178990-92; Ex. 01 [Ford's Int. Resp.] at 15-16.
27  [4] *See* Dkt. 393, X-9; Ex. 25  [Pres. Dep. IV] at 239:9-10; Ex. 01 [Ford's Int. Resp.] at 16.

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 2
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500



5 Unless otherwise noted, all emphases have been added.
6 See Dkt. 61-7, 61-8, 61-9, 61-10, 61-11; Exs. 36-37.
7
8 See Ex. 18 [Patt. Dep. II] at 75:8-9.

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 3
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23          Finally, Plaintiffs' patent activities using Ford's confidential information are not the

24   only harm to Ford arising from Plaintiffs' misappropriation.

25

26

27

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 4
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

████████████████████████████████████████

████████████████████████████████████

### III. FORD IS ENTITLED TO INJUNCTIVE AND MONETARY RELIEF BASED ON THE IMPROPER ACQUISITION AND USE OF FORD'S TRADE SECRETS

Plaintiffs argue that Ford cannot obtain relief on its trade-secret misappropriation claim because "Ford cannot establish that it has been harmed or will be harmed" by Plaintiffs' misappropriation. (Mot. at 2.)  Plaintiffs are wrong.   Under Washington law, Ford need not present any evidence of past harm to obtain relief.   But in any event, Ford has presented substantial evidence showing that (1) it has been harmed by Plaintiffs' theft of Ford information and, absent an injunction, will continue to be threatened with harm, and (2) Ford is entitled to damages based on Plaintiffs' unjust enrichment from their theft.

#### A.    Ford Is Entitled to Relief Based on Plaintiffs' Improper Acquisition of Ford's Trade Secrets

Plaintiffs are wrong that Ford must show that they *actually used* Ford's trade secrets to harm Ford.  Liability can be based on *either* the improper "*acquisition* of a trade secret" *or* the wrongful disclosure/use of a trade secret.  RCW 19.108.010(2).[9]  *Improper acquisition* alone is actionable because of the *continuing threat* of disclosure and use of those secrets.  The Washington statute authorizes courts—based on wrongful acquisition alone—to impose injunctive relief to prevent "[a]ctual *or threatened* misappropriation."  *See* RCW 19.108.020(1).  The law authorizes such injunctive relief because "the misappropriator cannot be relied upon to 'unlearn' or abandon the misappropriated technology."  *Wyeth v. Natural Biologics, Inc.*, No. CIV. 98-2469, 2003 WL 22282371, at *26 (D. Minn. Oct. 2, 2003) (UTSA

---

[9] *See also BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 683 (8th Cir. 2002) ("The Uniform [Trade Secrets] Act provides that misappropriation of trade secrets may occur in any of three forms: improper acquisition, disclosure, or use.  Its Prefatory Note explains that liability . . . exists when 'either a person's acquisition of the trade secret, disclosure of the trade secret to others, or use of the trade secret [is] improper.'").

1   jurisdiction), *aff'd*, 395 F.3d 897 (8th Cir. 2005).[10]

2          Plaintiffs now have possession and knowledge of Ford trade secrets through their

3   unlawful solicitation and acquisition of Ford confidential documents, and Ford is therefore

4   entitled, at a minimum, to an injunction prohibiting the use and/or disclosure of Ford's trade

5   secrets and requiring Plaintiffs to return the confidential materials to Ford.  Moreover, Plaintiffs

6   continue to prosecute patents in related technological fields that could be used to attempt to

7   harm Ford.  Indeed, Plaintiffs have refused to sign a "prosecution bar"—a standard practice in

8   patent cases, under which parties who receive access to confidential information agree to

9   refrain from further patent prosecution in the technical area of the information they have seen.

10  (*See* Ex. 32 [9/25/2014 Email from L. Calkins to G. Teran].)  Thus, absent specific injunctive

11  relief against Plaintiffs' patent prosecution and patent assertion against Ford, Ford is threatened

12  with further harm from the theft of its trade secrets.

13         Finally, the cases Plaintiffs cite to suggest that Ford must identify specific past damages

14  to obtain relief do not, in fact, support that proposition.  In *Ada Motors v. Butler*, and *Murphy*

15  *Electronics, Inc. v. K.R. Anderson Co.* only monetary relief, not injunctive relief, was at issue.

16  *Ada*, 2014 WL 4067876, at *1 (W.D. Wash. Aug. 18, 2014); *Murphy*, 102 Wash. App. 1029,

17  2000 WL 1279302, at *1 (Wash. App. Div. 1) (2000).  In *Crabtree v. Bowers,* only a breach of

18  contract claim, where "damages are an essential element," was at issue.  102 Wash. App. 1017,

19  2000 WL 1224320, at *1 (Wash. App. Div. 1) (2000).  As explained above, the Washington

20  statute is clear, and does ***not*** identify damages as a necessary element of a trade-secrets claim.

21     **B.    Ford Is Entitled to Relief Based on Plaintiffs' Use of Ford Trade Secrets to**
              **Harm Ford and Enrich Themselves**

22

23         Ford also has presented substantial evidence that Plaintiffs have, in fact, used Ford's

---

[10] For example, Courts routinely bar employees from working for a competitor because "knowledge of [the] trade secrets and confidential information would inevitably shape" their work and they "could not be trusted to avoid that conflict of interest."  *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1272 (7th Cir. 1995) (applying Ill. UTSA); *see also Boeing Co. v. Sierracin Corp.*, 108 Wash. 2d 38, 63(1987) (upholding injunction "against using information or materials derived from Boeing drawings, tooling and Sierracin FAA authorized drawings, and ***against employing those who 'reviewed or had knowledge' of Boeing drawings, tooling, or derivative information***.").

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 6
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

trade secrets to harm Ford and have unjustly benefitted from their theft.  The Washington trade-secret statute expressly authorizes Ford to recover damages based on that unjust enrichment.

### 1. Ford Has Presented Substantial Evidence that Plaintiffs Used Ford's Trade Secrets to Harm Ford

Ford has presented both deposition testimony and Plaintiffs' own documents showing how they sought Ford's trade secrets precisely to support their patent strategy and amended the patents-in-suit after obtaining those trade secrets.  As described above, ████████████ █████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Any juror could reasonably conclude from this record that Plaintiffs used knowledge of Ford's trade secrets to prepare and execute their overall patent and litigation strategy, to determine whether claims were sufficient to cover products, and/or to draft claims or make amendments to claims.

Faced with this incriminating evidence, Plaintiffs argue that Ford must "identify information from specific patent claims that was added or amended related to Ford's alleged trade secrets."  (Mot. at 3.)  That is incorrect.  A trade-secret plaintiff need not present direct evidence showing precisely how the defendant used the trade secrets.  Indeed, misappropriation and misuse are "rarely" proved by direct evidence.  *RKI, Inc. v. Grimes*, 177 F. Supp. 2d 859, 876 (N.D. Ill. 2001) (UTSA jurisdiction) ("In most [trade secret] cases, plaintiffs . . . must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place."); *see also Veteran Med. Products, Inc. v. Bionix Dev. Corp.*,

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 7
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

No. 1:05-CV-655, 2008 WL 696546, at *9 (W.D. Mich. Mar. 13, 2008) (UTSA jurisdiction) ("[R]equiring direct evidence [of use] would foreclose most trade-secret claims from reaching the jury" because defendants "rarely keep direct evidence of their use ready for another party to discover.").  Moreover, courts routinely impose broad relief in trade-secret cases precisely because it would "***be an insurmountable task to determine***" specifically how a secret was used and whether a defendant's product was based on the stolen secrets or independent information. *ILG Indus., Inc. v. Scott*, 49 Ill. 2d 88, 95-96 (Ill. 1971).

Plaintiffs present no contrary authority to support their assertion that Ford must show precisely how their theft of Ford's confidential information affected their patent prosecution and litigation strategy. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████

### 2.     Ford Is Entitled to Recover Damages Based on Plaintiffs' Unjust Enrichment

Plaintiffs next argue that Ford's claim for damages fails because (1) Ford has not shown that the unjust enrichment it seeks to recover "would have gone to [Ford], absent the misappropriation," (Mot at. 6), and (2) "Ford has produced no evidence to support its claim to any particular amount of damages."  (Mot at 7.)  Plaintiffs' arguments are wrong:  under Washington law, a claimant may recover damages based on unjust enrichment, separate and apart from the plaintiff's "actual loss."  *See* RCW 19.108.030(1).  Here, Plaintiffs used Ford's trade secrets to gain funding for their effort to assert EHH's patents against Ford.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 8
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

a.    Ford Can Recover the Benefits Obtained by the Plaintiffs, Separate from Ford's Actual Losses

Under Washington's trade-secret statute, a claimant (1) may recover "for the actual loss caused by misappropriation" and (2) "*also may recover* for the unjust enrichment caused by misappropriation *that is not taken into account in computing damages for actual loss*."  RCW 19.108.030(1).  Although Ford has clearly suffered actual monetary loss from having to defend this lawsuit, Ford is seeking damages here based on the Plaintiffs' unjust enrichment.

Contrary to Plaintiffs' argument, Ford has no burden to show that Plaintiffs' unjust enrichment constituted money that Ford otherwise would have received.  The plain text of the UTSA confirms this by making clear that the unjust enrichment is an alternative measure of damages under which a trade-secret plaintiff can recover funds "*not taken into account in computing damages for actual loss*."  RCW 19.108.030(1).  Indeed, it is black-letter law that a trade-secret plaintiff (such as Ford) is entitled to recover both its own actual losses and the misappropriator's unjust benefit.  *See Russo*, 550 F.3d at 1021 ("Under [the UTSA], a plaintiff has *the express choice of seeking unjust enrichment damages to remedy trade secret misappropriation.*"); *Kassa Ins. Servs., Inc. v. Pugh*, 180 Wash. App. 1051, 2014 WL 1746059 (Wash. App. Div. 3) (ordering unjust enrichment damages of defendant's commissions because it was "*a benefit to him separate from the damages* [plaintiff] suffered for the actual loss of the clients and *directly arises from the misappropriated client information*."); Unif. Trade Secrets Act § 3 cmt. ("As long as there is no double counting, Section 3(a) adopts the principle of the recent cases allowing recovery of both a complainant's actual losses and a misappropriator's unjust benefit that are caused by misappropriation.").

b.    There Is Substantial Evidence to Support Damages Based on Plaintiffs' Unjust Enrichment

Plaintiffs are also wrong that Ford has presented no evidence to support "any particular amount of damages."  (Mot. at 7.)  As an initial matter, "[t]hat the precise extent of [Ford]'s damages may be uncertain does not, in and of itself, entitle the [Counterclaim] Defendants to

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 9
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  summary judgment." *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 649 F.

2  Supp. 2d 702, 719 (N.D. Ohio 2009) (UTSA jurisdiction).  Moreover, under Washington law—

3  including cases cited by Plaintiffs—Ford's burden to establish ***unjust enrichment*** requires

4  showing only (1) misappropriation, and (2) revenues obtained by Plaintiffs.  *See Petters v.*

5  *Williamson & Associates, Inc.*, 151 Wash. App. 154, 164-65 (2009).  The burden then shifts to

6  Plaintiffs to show what portion of the revenue is ***not*** attributable to the stolen trade secrets.  *See*

7  *id.* at 165 (once misappropriation and revenue have been established, "***the party in possession***

8  ***of the relevant information—the defendant—[has] the burden of demonstrating which***

9  ***portion, if any, of the revenue obtained through the transfer of a trade secret was not, in fact,***

10  ***attributable to the transfer***"); *Ada*, 2014 WL 4067876, at *3 ("[P]laintiff's initial burden is to

11  prove only 'sales,' not 'damages from sales,' before the burden shifts to the defendant.").

12       Ford has met its burden.  As explained above, Plaintiffs used Ford's trade secrets for

13  purposes of prosecuting and obtaining continuation patents.  (*See supra* § II.) ████████████

14  ████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████

18  ██████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████

22  ████████████  Plaintiffs, by contrast, have presented ***no evidence*** that these financial gains were

23  ***unrelated*** to their wrongful acts.

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ██████████████████████████████████████████████████████████████

27

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 10
No. 3:11-cv-05503-BHS

Savitt Bruce & Willey llp
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21        Ford described this evidence in its interrogatory responses, which Plaintiffs' summary

22  judgment motion ignores.  (*See* Ex. 01 at 143-49 (Resp. to Int. 22).)  Instead, Plaintiffs argue

23  that Ford's unjust-enrichment damages theory must fail because Ford's corporate designee

24  answered that ███████████ (Mot. at

25  7.)  This argument is wrong for three reasons.

26        ***First***, Ford's interrogatory responses and the evidence cited therein are sufficient to

27

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 11
No. 3:11-cv-05503-BHS

support Ford's damages theory and—at a minimum—create a genuine issue of material fact that precludes summary judgment.  *See* Fed. R. Civ. P. 56(c)(1)(A); *Handi Inv. Co. v. Mobil Oil Corp.*, 550 F.2d 543, 546 (9th Cir. 1977) (test on summary judgment is whether "a genuine issue of material fact remains after examination of pleadings, depositions, ***answers to interrogatories***, and admissions on file, together with affidavits."); *McEuen v. Riverview Bancorp, Inc.*, No. C12-5997, 2013 WL 6729632, at *1 (W.D. Wash. Dec. 19, 2013) (same).

   ***Second***, the context of the deposition testimony shows that Ford's corporate designee

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

   ***Third***, Ford's unjust enrichment claim is, by definition, not based on Ford's loss but on the Plaintiffs' gain—that is, on information possessed by ***Plaintiffs***, not Ford.  Ford's information regarding unjust enrichment comes from Plaintiffs' confidential discovery responses, and Ford's corporate designee had no additional information to present.

## IV. FORD'S CLAIM IS NEITHER PREEMPTED BY FEDERAL PATENT LAW NOR IMMUNIZED UNDER THE *NOERR-PENNINGTON* DOCTRINE

   Plaintiffs cannot evade liability for misappropriating Ford's trade secrets simply because they later used the information they stole to draft patents and file a lawsuit.  The *Noerr-Pennington* and federal preemption doctrines protect the right to petition the government and to seek and assert patents; they do not protect theft of trade secrets and subsequent use of those wrongfully acquired secrets to obtain and assert patents.

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 12
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    *Noerr-Pennington* is a doctrine, grounded in the First Amendment, that immunizes

2    legitimate "petitioning" activity—including lawsuits—from liability under certain federal and

3    state laws, such as the Sherman Act and state unfair competition laws. *See Globetrotter*

4    *Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004). The Federal

5    Circuit has similarly held that state tort claims are preempted if they impose liability for good

6    faith assertion of patent infringement. *See id.* at 1377 ("The federal patent laws preempt state

7    laws that impose tort liability for a patentholder's good faith conduct in communications

8    asserting infringement of its patent and warning about potential litigation."); *800 Adept, Inc. v.*

9    *Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008).

10    Plaintiffs attempt to squeeze themselves under these two doctrines, arguing that "Ford's

11    only allegations relate to [Plaintiffs'] petitioning activity—(1) that [Plaintiffs] applied to a

12    federal agency (the USPTO) for patents, and (2) that [Plaintiffs] filed a patent infringement

13    lawsuit against Ford to enforce [Plaintiffs'] patent rights." (Mot. at 10.) Plaintiffs are wrong.

14    Ford's allegations are grounded in the illegal acquisition of Ford's trade secrets—activity that

15    *preceded* Plaintiffs' petitioning and patent-assertion activity and was ***independently wrongful***.

16    No case cited by Plaintiffs (or known to Ford) has ever extended the *Noerr-Pennington*

17    doctrine or federal preemption to immunize a party from a trade secret claim simply because

18    the party, after stealing the secrets, then used them to apply for a patent or to prepare a patent

19    litigation lawsuit. To the contrary, recent federal cases have allowed such trade-secret claims

20    to proceed. *See Russo*, 550 F.3d at 1015; *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*,

21    342 F.3d 1298, 1306 (Fed. Cir. 2003). Any contrary holding would defy logic and allow

22    defendants to "insulate [themselves] from a trade secret misappropriation claim simply by

23    patenting the stolen idea." *Russo*, 550 F.3d at 1015.

24    **A.    Ford's Claim Is Not Preempted by Federal Patent Law**

25    Plaintiffs' argument that Ford's misappropriation claim is preempted is not supported

26

27

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 13
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

by a single case concerning a claim of trade secret misappropriation.[12]  Indeed, all relevant authority holds to the contrary:  the Supreme Court and several circuits have rejected preemption arguments and allowed state trade-secret claims to proceed even where, as here, the stolen secrets were used for patent prosecution.

In *Becher v. Contoure Labs.*, 279 U.S. 388 (1929), the Supreme Court allowed a state-law claim to proceed that asserted the use of stolen trade secrets to obtain a patent.  The Supreme Court stated that the trade secret owner's "right was ***independent of and prior to*** any arising out of the patent law, and it ***seems a strange suggestion that the assertion of that right can be removed from the cognizance of the tribunals established to protect it by its opponent going into the patent office for a later title***." *Id.* at 391; *see also Becher v. Contoure Labs.*, 29 F.2d 31, 33-34 (2d Cir. 1928) (state court had jurisdiction to enjoin misappropriator against improper use: "Authority, as well as principle, sustains the state court's jurisdiction to grant such relief" to "prevent the enjoyment of the fruits of such fraud."). [13]

More recently, in *American Cyanamid*, the Federal Circuit similarly allowed a state-law unjust enrichment claim based on a defendant's wrongful use of the plaintiffs' confidential information to obtain a patent.  342 F.3d at 1306.  The Federal Circuit held that the claim was not preempted because "***the unjust enrichment claim springs not from an attempt to enforce intellectual property rights, but instead from [the defendant's] alleged wrongful use of the [plaintiffs'] research results***." *Id.*

The Tenth Circuit subsequently followed *American Cyanamid* in *Russo*, finding that a trade secrets claim was not preempted by federal patent law where Defendant used Plaintiff's confidential information to secure patents.  550 F.3d at 1015.  The Tenth Circuit explained that

---

[12]   Unlike the instant case, all of the cases cited by Plaintiffs concerned antitrust or business tort claims asserted based on petitioning or patent-assertion activity.  *See e.g., Globetrotter,* 362 F.3d at 1374 (tortious interference with prospective economic advantage and unfair competition based on filing of infringement lawsuit and notice letters).

[13] *Cf. Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989) (citing *Becher* and rejecting defendant's argument that plaintiff must seek remedy from PTO because the "courts are not powerless to redress wrongful appropriation of intellectual property by those subject to the courts' jurisdiction").

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 14
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  "'[t]he fact that [the defendant] improperly secured [a] patent and used this patent to obtain

2  incremental profits' can be properly used as evidence to show misappropriation of a trade

3  secret and the extent of the plaintiff's resulting damages ...." *Id.* at 1015 (quoting *Am.*

4  *Cyanamid*, 342 F.3d at 1306).[14]

5        Federal preemption does not apply here because, just as in *Becher* and *American*

6  *Cyanamid,* the underlying wrongful act is not Plaintiffs' patent activity, but the theft that

7  preceded their patent activity.  In *Globetrotter* and other cases cited by Plaintiffs, the actionable

8  conduct under the preempted claims was the patent activity itself.  Here, by contrast, Plaintiffs'

9  theft was independently wrongful, actionable, and prior to any patent activity.  As explained

10  above, under the UTSA, the improper "*[a]cquisition* of a trade secret"—prior to any use—is

11  independently actionable.  RCW 19.108.010 *et seq*; *see* Dkt. 329 [Ford's Amended

12  Counterclaim] at ¶¶ 101-102.  Plaintiffs' patent prosecution and lawsuit are ***evidence*** of how

13  Plaintiffs later used the stolen information to harm Ford, and Ford can rely on that use to seek

14  monetary and/or injunctive relief.  *See Russo*, 550 F.3d at 1015 ("'[t]he fact that [the defendant]

15  improperly secured [a] patent and used this patent to obtain incremental profits' ***can be***

16  ***properly used as evidence to show misappropriation of a trade secret and the extent of the***

17  ***plaintiff's resulting damages***") (quoting *Am. Cyanamid*, 342 F.3d at 1306).  Indeed, if

18  Plaintiffs' arguments were correct, a trade secret defendant could immunize theft of trade

19  secrets simply by using the misappropriated secrets in later patent prosecution or litigation.  But

20  that is plainly not the law.  *See Russo*, 550 F.3d at 1015 ("it would be incongruous indeed" as

21  "[a]ny defendant could (and would have a significant incentive to) insulate itself from a trade

22  secret misappropriation claim simply by patenting the stolen idea.")

      **B.**    **Ford's Claim Is Not Barred by the *Noerr-Pennington* Doctrine**

24        Ford's trade secret claim is also not barred by the *Noerr-Pennington* doctrine, for

25

26  _____

[14] *See also Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 487 (1974) (finding no conflict between state trade-
secret claims and federal law) ("Nothing in the patent law requires that States refrain from action to prevent
27  industrial espionage. ... [T]he state interest in denying profit to such illegal ventures is unchallengeable.").

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 15
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

essentially the same reasons as above.  The *Noerr-Pennington* doctrine protects the right to petition the government; it does not protect the underlying theft of trade secrets.  As with preemption, no case cited by Plaintiffs (or known to Ford) has ever extended the *Noerr-Pennington* doctrine to bar a trade secret misappropriation claim simply because the defendants used the stolen trade secrets to prosecute patents or to prepare a patent lawsuit.

The court's decision in *Spear Pharmaceuticals* shows precisely why *Noerr-Pennington* does not protect the use of stolen material in a petition to the government.  There, the court held that the *Noerr-Pennington* doctrine did not apply where Defendant used confidential information obtained under a Confidentiality Agreement to file a Citizen's Petition with the FDA:  "Plaintiffs state bona fide claims for trade secret misappropriation, breach of contract, and unjust enrichment" and Defendant "*is not relieved from liability for these claims merely because they then used a petition to a government agency as the mechanism for allegedly harming Plaintiffs*."  *Spear Pharm., Inc.*, 610 F. Supp. 2d at 288.  By the same token, Plaintiffs are not relieved from liability for their underlying "wrongful conduct" simply because they used the fruits of that wrongful conduct to petition the government.  *See also Int'l Motor Contest Ass'n, Inc. v. Staley*, 434 F. Supp. 2d 650, 663 (N.D. Iowa 2006) ("The *Noerr-Pennington* doctrine does not … bar defenses (or even claims) in which the filing of the lawsuit, or other action in petitioning the government, is not identified as the inequitable or wrongful conduct."); *Gearheard v. De Puy Orthopaedics, Inc.*, No. CIV.A.99-1091, 2000 WL 533352, at \*2 (E.D. La. Mar. 17, 2000) (*Noerr-Pennington* did not apply where "challenged actions are not necessarily limited to DePuy's filing of a counterclaim.").

Any other rule would immunize a party for stealing trade secrets so long as the party used those trade secrets in the context of patent prosecution and assertion.  Public policy cannot allow such a result, and courts have rightly rejected it.  *See Russo*, 550 F.3d at 1015; *see also Richardson*, 868 F.2d at 1249-50 (rejecting argument that Plaintiff had "no remedy" other than at the PTO because the "courts are not powerless to redress wrongful appropriation of

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 16
No. 3:11-cv-05503-BHS

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

intellectual property" and "[t]o hold otherwise would ratify and indeed reward the wrongdoing.").

## V.   FORD'S TRADE-SECRETS CLAIM IS NOT RIPE FOR SUMMARY JUDGMENT AS NUMEROUS MATERIAL FACTS ARE IN DISPUTE

Finally, Plaintiffs argue that particular Ford trade secrets either were not misappropriated or were not truly trade secrets.  (Mot. at 14-24.)  These arguments fail on the merits, and, in any event, numerous disputed issues of material fact prevent disposition on summary judgment.  *See Ed Nowogrowski Ins., Inc. v. Rucker*, 137 Wash. 2d 427, 436 (1999) ("[W]hether specific information is a trade secret is a factual question.").

### A.   The Schematics and BOM Are Trade Secrets and Were Misappropriated

Plaintiffs argue that the stolen Schematics and BOM were not trade secrets and/or were not misappropriated.  (Mot. at 18-24.)  Plaintiffs, however, have taken testimony out of context and ignored abundant contrary evidence, including documentary evidence from their own files. They also have attempted to impose evidentiary burdens on Ford that have no basis in law.

#### 1.   Plaintiffs Knew the Schematics and BOM Were Confidential

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 17
No. 3:11-cv-05503-BHS

**Savitt Bruce & Willey** llp
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500



**2.** **The Schematics and BOM Derive Independent Economic Value From Not Being Known**

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Plaintiffs are doubly wrong:  most of the information in the Ford documents was *not* publicly known, and "a trade secrets plaintiff need *not* prove that every element of an information compilation [like the schematics and BOM] is unavailable elsewhere." *Boeing Co. v. Sierracin Corp.*, 108 Wash. 2d 38, 50 (1987). [REDACTED]

[REDACTED]

        a.    <u>The Schematics and BOM In Their Entirety Are Non-Public Information</u>

[REDACTED]

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 19
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

3

4

5

6

7

8

9

10 ——creates an issue of fact

11 that precludes summary judgment.  *See Hauck Mfg. Co. v. Astec Indus., Inc.,* 376 F. Supp. 2d

12 808, 821 (E.D. Tenn. 2005) (UTSA jurisdiction) (whether "particular part or product may be

13 readily and practicably reverse engineered is ***a question of fact***, and the law provides no

14 specific tipping point in terms of time, cost, or expertise beyond which reverse engineering is

15 deemed impractical."); *Richardson*, 868 F.2d at 1243-44 (trade secrecy "is not negated because

16 defendant by an expenditure of effort might have collected the same information from sources

17 available to the public.") (quoting *Clark v. Bunker*, 453 F.2d 1006, 1010 (9th Cir.1972)).

18

19

20

21

22

23

24

25

26

27



**b.** <u>Ford Is Not Required to Show that Each "Non-Public Aspect" in the Schematics Constitutes a Trade Secret.</u>

Plaintiffs are also wrong that Ford must itemize each "non-public aspect" in the schematics and BOM and prove that each such aspect derives independent economic value from not being generally known or readily ascertainable.  This approach misses the forest for the trees and has been rejected by the Washington Supreme Court.

In *Boeing*, the court held that "Engineering Drawings are Prima Facie Trade Secrets," and rejected an argument that such drawings were not trade secrets merely because some of the information in them could be obtained by analyzing publicly available "common tooling."  108 Wash. 2d at 50, 52.  The *Boeing* court recognized that "trade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets," and the court specifically held that "[a] trade secrets plaintiff ***need not prove that every element of an information compilation is unavailable elsewhere***."  *Id.* at 50 ("[s]uch a burden would be insurmountable.").  The court upheld a finding of misappropriation because the publicly available information "did not provide ***all*** the information necessary to construct" the product at issue, and "did not contain the ***complete and detailed*** specifications and tolerances necessary" for a complete engineering drawing.  *Id.*

Under governing Washington law, Ford has provided substantial evidence that the Schematics and BOM are trade secrets.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ██████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ██████████████████  █  ████████████████████████████████████

6  ██████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████

11    ████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████

16 ██████████████████████████████████████████████████

17 ████████████████████████████████████████████████

Ford has presented substantial evidence that the Schematics and BOM constitute and contain trade secrets.  In view of this evidence, summary judgment is inappropriate.

### 3.   There Is No Requirement that Ford Show Its Trade Secret Designs Are "More Efficient or Effective than Its Competitors"

Finally, Plaintiffs argue that Ford's trade-secret claim fails because Ford has failed to show that its trade secrets in the schematics and BOM are "more efficient or effective than its competitors."  (Mot. at 23.)  Washington law requires no such showing.

Washington law requires only that "[t]o be a trade secret, information must be 'novel'

---

[20] ████████████████████████████████████████████████████████████████ But as explained above, the *Boeing* case makes clear that no such comparison is required under Washington state law.

*in the sense that the information must not be readily ascertainable from another source*." *Spokane Research & Def. Fund v. City of Spokane*, 96 Wash. App. 568, 578 (1999) (citing *Confederated Tribes v. Johnson,* 135 Wash. 2d 734, 749 (1998)).  There is no requirement that a party's trade secrets be "more efficient or effective" than those of its competitors.  Indeed, the Washington Supreme Court has stated just the opposite: "Engineering Drawings are Prima Facie Trade Secrets," *regardless* of whether the designs are "more efficient or effective" than competitors' designs.  *See Boeing*, 108 Wash. 2d at 52.

The one lower-court case that Plaintiffs rely on—*Woo v. Fireman's Fund Ins. Co.*, 137 Wash. App. 480, 489 (2007)—does not suggest a different result.  (*See* Mot. at 23-24.)  *Woo* held that certain information in insurance manuals was not shown to have economic value from being confidential.  *See* 137 Wash. App. at 489.  *Woo* did not  impose a "more efficient or effective" requirement on Washington trade secret law, and is inapposite to this case, involving engineering documents and information that are *prima facie* trade secrets and supported by substantial evidence of confidentiality and independent economic value.

**B.      Ford Has Presented Substantial Evidence Demonstrating that the "2007 Navox Documents" Were Misappropriated**

The statute, however, does not require knowledge, but only "reason to know that the trade secret was acquired by improper means." RCW 19.108.010(2)(a).

- •

███████████████████████

█ ████████████████████████████████████

█████████████████████████████████

████████████████████████████████

█ ██████████████████████████████████████

████████████████████████████████

This evidence is more than sufficient to create an issue of fact precluding summary judgment.

    **C.**    **A Reasonable Juror Could Conclude that the TDI Specification Was Misappropriated**

       Finally, Plaintiffs argue that Ford has failed to show that the Ford TDI Spec was misappropriated because Ford did not present evidence in its interrogatory responses "concerning under what circumstances Medius obtained" it.  (Mot. at 18.) ██████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████. *See RKI*, 177 F. Supp. 2d at 876

██████████████████████████

(misappropriation and misuse "rarely" proved by direct evidence).

**VI.**    **CONCLUSION**

       The overwhelming evidence shows that Plaintiffs improperly solicited, obtained, and then misused highly confidential Ford technical information.  Ford respectfully requests that the Court deny Plaintiffs' motion for summary judgment on trade secrets.

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 24
No. 3:11-cv-05503-BHS

**Savitt Bruce & Willey LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED:  January 16, 2015

SAVITT BRUCE & WILLEY LLP


By:   /s/ Duncan E. Manville
      Duncan E. Manville, WSBA #30304
      Tel.:  (206) 749-0500
      Fax:  (206) 749-0600
      Email: dmanville@sbwllp.com

WILMER CUTLER PICKERING HALE AND DORR LLP
Michael J. Summersgill (pro hac vice)
Sarah Beigbeder Petty (pro hac vice)
60 State Street
Boston, Massachusetts  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email: michael.summersgill@wilmerhale.com
       sarah.petty@wilmerhale.com

WILMER CUTLER PICKERING HALE AND DORR LLP
Todd C. Zubler (pro hac vice)
Grant K. Rowan (pro hac vice)
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.:  (202) 663-6636
Fax:  (202) 663-6363
Email: todd.zubler@wilmerhale.com
       grant.rowan@wilmerhale.com

BROOKS KUSHMAN P.C.
Frank A. Angileri (pro hac vice)
John S. Le Roy (pro hac vice)
1000 Town Center, 22nd Floor
Southfield, Michigan  48075
Tel.:  (248) 358-4400
Fax:  (248) 358-3351
Email: fangileri@brookskushman.com
       jleroy@brookskushman.com

Attorneys for Defendant Ford Motor Company

FORD'S OPPOSITION TO COUNTERCLAIM DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON TRADE SECRETS - 25
No. 3:11-cv-05503-BHS

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## **CERTIFICATE OF SERVICE**

2          I certify that a copy of the foregoing document was filed electronically with the Court

3   and thus served simultaneously upon all counsel of record, this 16th day of January, 2015.

4

5                                        _____/s/ *Duncan E. Manville*_____
                                         Duncan E. Manville

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500