UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C11-5503 BHS<br><br>ORDER REGARDING WAIVER |

This matter comes before the Court on the parties' simultaneous briefs regarding Plaintiffs Eagle Harbor Holdings, LLC, and MediusTech, LLC's (collectively "Eagle Harbor") assertion of work-product privilege. Dkts. 438, 440.

On January 14, 2015, the Court granted Defendant Ford Motor Company's ("Ford") motion to compel and ordered Eagle Harbor to produce certain documents that had been withheld under the attorney-client privilege and/or work-product privilege. Dkt. 397. After reviewing the order, Eagle Harbor produced some of the withheld documents. Dkt. 440 at 4. With respect to other documents, Eagle Harbor changed its

ORDER - 1

assertion of privilege from attorney-client to work-product and withheld the documents. *Id.* Ford objected to the new assertion of privilege, the parties contacted the Court regarding the issue, and the Court ordered the parties to submit simultaneous briefs on the issue. *Id.*

The Ninth Circuit has rejected a *per se* waiver rule if the waiver is not made within Federal Rule of Civil Procedure 34's thirty-day time limit. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the district court should use the thirty-day period as a default guideline and make a case-by-case determination taking into account the following factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Id.* "These factors should be applied in the context of a holistic reasonableness analysis . . . ." *Id.*

In this case, the Court finds that Eagle Harbor did not waive its work-product privilege by failing to initially assert the privilege as to the few documents in question. Under the holistic reasonableness approach, the Court declines to impose a rule that, in such a massive production as in this case, a party must initially assert every possible privilege on every relevant document or face a subsequent production based on waiver.

ORDER - 2

1  Moreover, the common interest and joint defense exceptions to ordinary waiver rules are
2  an evolving area of the law and less than clear.  Forcing Eagle Harbor to guess how the
3  Court would rule on these issues at the time it initially asserted the privileges would be
4  fundamentally unfair.  Therefore, the Court finds that Eagle Harbor's late assertion of the
5  work-product privilege does not result in waiver.

6      **IT IS SO ORDERED**.

7      Dated this 30th day of January, 2015.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge