The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC, and
MEDIUSTECH, LLC,

    Plaintiffs,

        *v.*

FORD MOTOR COMPANY,

    Defendant.

Case No. 3:11-cv-05503-BHS

**JOINT PRETRIAL STATEMENT**

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## I. Federal Jurisdiction

The Court's subject matter jurisdiction is not disputed and is based on 28 U.S.C. §§ 1331, 1338, 1367, and 2201. Personal jurisdiction is not contested for purposes of this action.

## II. Claims and Defenses the Parties Will Pursue At Trial

### A. Eagle Harbor's Claims for Relief

Eagle Harbor Holdings, LLC and MediusTech, LLC ("Eagle Harbor"[1]) will pursue at trial causes of action against Ford Motor Company ("Ford") for infringement of the following claims of the following patents (collectively, the "Asserted Claims" of the "Patents in Suit"):

1.  U.S. Patent No. 6,615,137, entitled "Method and Apparatus for Transferring Information Between Vehicles" (the '137 patent), claim 29;

2.  U.S. Patent No. 7,146,260, entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System" (the '260 patent), claim 9;

3.  U.S. Patent No. 7,778,739, entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System" (the '739 patent), claims 1, 3, and 5;

4.  U.S. Patent No. 7,793,136, entitled "Application Management System With Configurable Software Applications" (the '136 patent), claims 1, 3, and 5;

5.  U.S. Patent No. 8,006,117, entitled "Method for Multi-tasking Multiple Java Virtual Machines in a Secure Environment" (the '117 patent), claim 1;

6.  U.S. Patent No. 8,006,118, entitled "System and Method for Application Failure Detection" (the '118 patent), claims 1, 12, and 15;

7.  U.S. Patent No. 8,006,119, entitled "Application Management System" (the '119 patent), claim 1;

8.  U.S. Patent No. 8,020,028, entitled "Application Management System for Mobile Devices" (the '028 patent), claims 1, 3, 5, 15, and 31; and

9.  U.S. Patent No. 8,027,268, entitled "Method and Apparatus for Dynamic Configuration of Multiprocessor System" (the '268 patent), claims 1, 2, 4, 5, 6, 9, 10, 11, and 12.

---

[1] In the context of Ford's counterclaim for misappropriation of trade secrets, which has also been asserted against Dan Preston, "Medius" shall refer to Dan Preston as well.

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 1*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Eagle Harbor seeks the following relief for Ford's patent infringement:

1. Declaratory judgment that Ford infringes each of the Asserted Claims;

2. Damages arising out of Ford's infringement of the Asserted Claims, together with prejudgment and post-judgment interest;

3. Award of a royalty for post-judgment infringement;

4. Award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

5. Award of such other costs and further relief as the Court may deem just and proper.

**B.    Ford's Affirmative Defenses**

1. Ford does not directly infringe and has not directly infringed, and does not indirectly infringe and has not indirectly infringed, any valid and enforceable claim of any of U.S. Patent Nos. 6,615,137; 7,146,260; 7,778,739; 7,793,136; 8,006,117; 8,006,118; 8,006,119; 8,020,028; 8,027,268.

2. The claims of the patents-in-suit are invalid for failing to meet one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code §§ 102, 103, and 112.  Under § 112, Ford alleges that the patents-in-suit are invalid for a lack of written description and/or lack of enablement.  Further, Ford contends that the parties offer differing positions with respect to the proper scope of the claims and interpretation of the Court's claim constructions, and therefore, Ford reserves the right to argue that the patents-in-suit are invalid as indefinite under § 112, depending upon the evidence and testimony provided at trial and any Court rulings as to claim scope and/or claim interpretation.

3. Plaintiffs' claims for infringement of U.S. Patents Nos. 8,006,117; 8,006,118; 8,006,119; 8,020,028; and 8,027,268 are barred by the doctrine of unclean hands, due to Plaintiffs' misappropriation of Ford's trade secrets.

**C.    Ford's Claims for Relief**

1. Ford is seeking declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,615,137; 7,146,260; 7,778,739; 7,793,136; 8,006,117; 8,006,118; 8,006,119; 8,020,028; 8,027,268.

2. Ford is seeking declaratory judgment of unenforceability of U.S. Patent Nos. 8,006,117; 8,006,118; 8,006,119; 8,020,028; and 8,027,268 under the doctrine of unclean hands due to Plaintiffs' misappropriation of Ford's trade secrets.

3. Ford claims that Plaintiffs misappropriated the following Ford Trade Secrets in violation of RCW 19.108, which prohibits the improper acquisition, disclosure, or use of trade secrets:

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 2*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

a. TS1: SYNC Generation 2 Schematics (contained in the documents produced at EHH0157341-EHH0157374). The SYNC Generation 2 Schematics in their totality constitute trade secret information. Ford also claims additional trade secrets within the SYNC Generation 2 Schematics (TS1(a)-(n)), reflecting technological features and design choices that were used in SYNC Generation 2 and/or under consideration for subsequent versions of SYNC.

1)

b. TS2: SYNC Generation 2 Bill of Materials (contained in the document produced at EHH0157340). The SYNC Generation 2 Bill of Materials in its totality constitutes trade secret information. Furthermore, the SYNC Generation 2 Bill of Materials combined with the SYNC Generation 2 Schematics, collectively, constitute trade secret information. Additional trade secrets within the SYNC Generation 2 Bill of Materials include, but are not limited to:

1) TS2(a): The quantity and performance specifications of the various components intended for use in SYNC;

2) TS2(b): For each component, the total quantity, performance specifications, manufacturer, and manufacturer part number;

3) TS2(c): For each component, the Ford Part Number and Part Reference information, corresponding to the location and use of the component in Ford's SYNC Schematics.

c. TS3 and 3(a): Technical and sales volume information about SYNC contained in the document produced at EHH0265268.

1)

d. TS6: A confidential SYNC Traffic, Directions, & Information Specification contained the document produced at EHH0472262.

4. Ford is seeking declaratory judgment that Plaintiffs' have misappropriated Ford's trade secrets.

5. Ford is seeking injunctive relief to prevent further misappropriation of its trade secrets by Plaintiffs.

6. Ford is seeking money damages and attorneys' fees for Plaintiffs' misappropriation of trade secrets, based on the harm and unjust enrichment that Ford has identified in detail in its response to Plaintiffs' Interrogatory No. 22.[1]

---

[1] The parties dispute the level of detail Ford is required to include in the Joint Pretrial Statement regarding its claim for misappropriation of trade secrets.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

7.    Ford is pursuing its claim that this is an "exceptional case" pursuant to 35 U.S.C. § 285 for which Ford is entitled to its costs and reasonable attorneys' fees incurred in defending this action.

## III.    Undisputed Facts

1.    Eagle Harbor Holdings, LLC is a limited liability company duly organized under the laws of the state of Washington, with its principal place of business at 175 NE Parfitt Way, Suite S140, Bainbridge Island, Kitsap County, WA 98110.

2.    Eagle Harbor Holdings, LLC is the owner of the Patents in Suit.

3.    MediusTech, LLC is a limited liability company duly organized under the laws of the state of Washington, with its principal place of business at 175 NE Parfitt Way, Suite S140, Bainbridge Island, Kitsap County, WA 98110.

4.    Ford Motor Company is a Delaware corporation having its principal place of business at 1 American Road, Dearborn, MI 48126.

---

Eagle Harbor's Position: Eagle Harbor requested that Ford provide more specificity about the trade secret misappropriation and damages theories that Ford intends to present at trial. Ford's citation to an interrogatory response is improper because the interrogatory response is a broad and general list of information responsive to the broad request to describe "all facts that you contend support your allegation that 'Counterclaim Defendants' conduct has caused and is causing damage to Ford,'" and it is not attached. Ford refused to provide any further detail. Eagle Harbor specifically requested that Ford explain whether the trade secret misappropriation claim it intends to present at trial includes the following four claims, any particular subset of them, or additional claims beyond what is listed here: (1) unjust enrichment related to the Invotronics agreement, (2) unjust enrichment related to a litigation loan, (3) actual damages related to any judgment entered against Ford in this action, and (4) actual damages related to any of Eagle Harbor's prosecution of patent claims. Ford refused to provide any further detail other than to cite to a broad interrogatory response.

Ford's refusal to set forth the claim that it intends to assert is prejudicial to Eagle Harbor, which needs to know what claim it is defending against. Moreover, Ford's refusal to specify what claim it intends to present at trial is prejudicial because, while Ford kept its claim alive during summary judgment by convincing the Court that "Ford's damages claim is based on theories of unjust enrichment" (Dkt. No. 482 at 5), Ford changed its proposed jury instructions to reassert a claim for damages for "actual loss" based on petitioning activity protected by the First Amendment. Ford's refusal to identify the claims it intends to present at trial makes Eagle Harbor's efforts to get relief on this subject more difficult.

Eagle Harbor has offered, in turn, to provide Ford with more detail on any of Eagle Harbor's claims that Ford, in good faith, says that it requires to defend itself. Ford has declined to make any such request.

Ford's Position:  With resepct to Ford's trade secret misappropriation claim, Ford has provided more specificity than is required and more specificity that Eagle Harbor has provided for any of its claims for relief.  Each of Ford's requests for relief on this claim is identified with specificity in Ford's three-page response to Eagle Harbor's Interrogatory No. 22.  Ford also explained these bases to Eagle Harbor's counsel, who nevertheless demanded that Ford provide a further summary of its claims for relief in this pretrial statement.  Eagle Harbor itself, however,  has provided only the most vague descriptions of their their Claims for Relief—asking for "damages," an "award for royalties," an "award of attorney's fees," and "other such costs."  Eagle Harbor's demand for greater specificity than they have provided themselves is improper, particularly given that Eagle Harbor's counsel cannot claim prejudice in light of Ford's detailed disclosure in response to Interrogatory No. 22.

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 4*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

5. Eagle Harbor's predecessor Medius, Inc. was founded in 2000.

6. Medius, Inc. is the original assignee of U.S. Patent Nos. 6,615,137; 7,146,260; and 7,778,739.

7. Eagle Harbor Holdings, LLC is the original assignee of U.S. Patent Nos. 7,793,136; 8,006,117; 8,006,118; 8,006,119; 8,020,028; and 8,027,268.

8. U.S. Patent Nos. 6,615,137; 7,146,260; and 7,778,739 were assigned from Medius, Inc. to Eagle Harbor Holdings, LLC.

9. The date of first sale for the SYNC system was on or about July 2007.

10. The date of first sale for the APA system was on or about July 2009

11. Between the date of first sale and the end of Q4 2014, Ford sold in the United States 10,271,365 SYNC units.

12. Between the date of first sale and the end of Q4 2014, Ford sold in the United States 373,818 APA units.

13. Plaintiffs have never produced and offered for sale to the public any commercial product (excluding prototypes, models, and the provision of services), that embodies each element of any asserted claim in this lawsuit.

14. Prior to filing their First Amended Complaint on October 20, 2011, Plaintiffs did not send Ford communications that identified the '117, '118, '119, '028, and '268 patents by U.S. Patent Number.

15. At least some of the products Plaintiffs have accused embody at least some technology that is not claimed in the Patents-in-Suit.

16. The Clarion AutoPC model 310C was on sale in the United States before April 24, 2000.

17. Plaintiffs, Dan Preston and Robert Pierce Lutter had no involvement with the Bluetooth Special Interest Group in the development of any Bluetooth standard.

18. The Microsoft Windows CE operating system was used in the automotive industry before February 2001.

19. David Patterson was an employee of Invotronics, and at one time, Invotronics was a subsidiary of Flextronics, which supplied components to Ford.

20. Mr. Patterson has signed a sourcing agreement between Flextronics and Ford.

21. Mr. Patterson had access to a Ford SYNC Gen 2 schematics document and a SYNC Gen 2 Bill of Materials.

22. Medius and Mr. Preston were aware that Mr. Patterson, at one time, expressed interest in employment with Medius.

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 5*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

23.     Dan Preston received a copy of one version of a Ford SYNC Generation 2 schematic and one version of a Ford SYNC Generation 2 bill of materials from David Patterson on September 20, 2010.

24.     Eagle Harbor produced in this litigation a document titled "North American Standard Service Functional Specification SYNC Traffic Directions, & Information."

25.     A License Agreement between Eagle Harbor Holdings LLC and MediusTech LLC grants MediusTech LLC an exclusive license to the Patents-in-Suit in the "Field of Use" defined to mean "any products and services that are within the scope of any claim of a Patent included within the Licensed Technology and which are designed and sold for use in an automobile." *See* EHH0335550.

26.     Ford supplies owner's manuals and instructions on how to use APA to its customers. (Feb. 26, 2015 Order Granting in Part and Denying in Part Ford's Motion for Summary Judgment (Dkt. No. 530) at 5).

27.     Ford's Ron Miller received an email message dated July 20, 2004, from Dan Preston, which is labeled EHH0032868.

28.     Ford received a letter dated January 16, 2009, from Medius's counsel, which is labeled EHH0230439.

29.     Ford received a letter dated May 4, 2009, from Medius's counsel, which is labeled EHH0230471.

30.     Ford's counsel received an email communication from Dan Preston on December 17, 2009, which is labeled EHH0284243.

31.     Ford received a letter dated March 23, 2010, from counsel for Medius, Inc., which is labeled EHH0288727.

32.     Ford received a letter dated April 12, 2010, from counsel for Medius, Inc., which is labeled EHH0288737.

33.     Ford received an email communication dated August 27, 2010, from Medius's counsel, which is labeled EHH0441276.

## IV.     Issues of Law

By providing these statements of issues of law, neither party intends to waive any legal argument related to the ongoing negotiations between the parties of proposed jury instructions, the outstanding *Daubert* motions filed by both parties, the motions *in limine* filed by both parties, or legal issues addressed in the parties' motions for summary judgment. The parties reserve the right to modify or supplement their statements of issues of law that remain to be litigated to the

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 6*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

**A.      Eagle Harbor's Statement of Issues of Law**

Eagle Harbor contends that the following issues of law, or issues of fact and law, remain to be litigated:

1.    Whether Eagle Harbor has proven, by a preponderance of the evidence, that Ford's SYNC system infringes the Asserted Claims of the '260, '739, '136, '117, '118, '119, '028, and '268 patents (collectively, "the SYNC Patents");

2.    Whether Eagle Harbor has proven, by a preponderance of the evidence, that Ford has induced infringement of claim 29 of the '137 patent;

3.    Whether Ford has proven, by clear and convincing evidence, that the Asserted Claims are invalid;

4.    If the jury finds that Eagle Harbor is entitled to damages, whether Eagle Harbor is entitled to prejudgment interest and post-judgment interest and costs;

5.    Whether Ford may pursue any claim for trade secret misappropriation based on disclosure or use of alleged trade secrets where that disclosure or use implicates petitioning activity protected by the First Amendment and the doctrine of federal preemption;

6.    Whether Ford may seek an injunction as relief for its misappropriation of trade secrets counterclaim without demonstrating any actual harm or high degree of probability of future harm from Counterclaim Defendants' alleged misappropriation of trade secrets; and

7.    Whether Ford is entitled to damages for trade secret misappropriation without any jury finding that "as a result of the misappropriation, Eagle Harbor and Dan Preston received money or benefits that in justice and fairness belong to Ford."

Eagle Harbor bases this Statement of Additional Issues of Law on the arguments it expects to make to establish infringement and damages, as well as its understanding of the arguments that Ford will likely make in an attempt to prove its claims and defenses. To the extent that Ford intends or attempts to introduce different or additional legal arguments, Eagle Harbor reserves its right to supplement this statement, to contest those legal arguments, and to present any and all rebuttal evidence in response to those arguments. By providing this Statement, Eagle

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 7*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Harbor does not concede that all of the recited issues are appropriate for trial, or appropriate for a Court ruling prior to a determination by a jury.

### B.    Ford's Statement of Additional Issues of Law

It is Ford's position that the following legal questions are also at issue in this case.

1.    If Ford prevails on Eagle Harbor's patent infringement claims, whether this is an "exceptional case" pursuant to 35 U.S.C. § 285 for which Ford is entitled to its costs and reasonable attorneys' fees incurred in defending this action;

2.    If the jury finds that Ford is entitled to damages, whether Ford is entitled to prejudgment interest and post-judgment interest and costs;

3.    If the jury finds that Counterclaim Defendants' trade secret misappropriation was willful and malicious, whether Ford is entitled to an award of exemplary damages and attorneys' fees;

4.    Whether merely instructing users how to use a product is sufficient to establish affirmative intent for purposes of proving induced infringement;

5.    Whether Ford's non-infringement and invalidity defenses are objectively reasonable; and

6.    The proper scope and construction of the asserted claims of the patents in suit.

Ford bases this Statement of Additional Issues of Law on the arguments it expects to make to prove its claims and defenses, as well as its understanding of the arguments that Plaintiffs will likely make in an attempt to prove their claims and defenses.  To the extent that Plaintiffs intend or attempt to introduce different or additional legal arguments, Ford reserves its right to supplement this statement, to contest those legal arguments, and to present any and all rebuttal evidence in response to those arguments. By providing this Statement, Ford does not concede that all of the recited issues are appropriate for trial, or appropriate for a Court ruling prior to a determination by a jury.

### V.    List of Witnesses

### A.    Eagle Harbor's Expert Witnesses

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 8*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

The following expert witnesses may be called by Eagle Harbor:

| WITNESS | WILL CALL | MAY CALL |
|---|---|---|
| Vijay Madisetti<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Madisetti is an expert witness on technical matters who will testify as to the validity of the SYNC Patents and technical issues regarding Ford's trade secrets counterclaim | X | |
| Dr. Paul S. Min<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Dr. Min is an expert witness on technical matters who will testify as to Ford's infringement of the Patents in Suit and as to the validity of the '137 Patent. | X | |
| Michael J. Wagner<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Wagner is an expert witness on economic matters who will testify about the reasonable royalty to which Eagle Harbor is entitled to compensate for Ford's infringement. | X | |

**B.    Ford's Expert Witnesses**

| Witness | Will Call | May Call |
|---|---|---|
| Scott Andrews<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Andrews is a technical expert who will testify regarding background technology and invalidity of the Processor Patents. | X | |
| Julie Davis<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Ms. Davis is an expert witness on damages who will testify about a reasonable royalty for alleged infringement and respond to the damages opinion of Plaintiffs' damages expert Michael Wagner. | X | |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 9*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | WILL CALL | MAY CALL |
|---|---|---|
| John Hansman<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Dr. Hansman is a technical expert who will testify regarding background technology and non-infringement and invalidity of the '137 patent. | X | |
| Phillip Koopman<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Dr. Koopman is a technical expert who will testify regarding background technology, non-infringement of the Processor Patents; technical matters underlying the opinions of Ford's damages expert, Julie Davis; and technical matters related to Ford's trade secrets misappropriation claim. | X | |

### C.    Eagle Harbor's Fact Witnesses

The following fact witnesses may be called by Eagle Harbor:

| WITNESS | WILL CALL | MAY CALL |
|---|---|---|
| Richard Bridgewater<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Bridgewater is a Ford employee who Eagle Harbor may call by deposition to testify about the accused SYNC system, including the ACM. | | X |
| F. Paul Carlson<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Carlson is the former Chairman of the Board of Directors at Airbiquity. He may testify – live or by deposition – as to Airbiquity and distinctions between technologies developed by Airbiquity and those developed by Eagle Harbor | X | |
| Roger Collis<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Collis is an original founder of Medius, Inc. and may testify – | | X |

| | | |
|---|---|---|
| live or by deposition – as to its history. | | |
| Michael Cops<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Cops is a former Medius, Inc. employee who Eagle Harbor may call to testify by deposition as to Medius's business model and history and interactions between Medius and Ford. | | X |
| Dennis Curlew<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Curlew is a Ford employee who Eagle Harbor may call by deposition to testify as to pricing for the accused SYNC system. | | X |
| Doron Elliot<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Elliot is a Ford employee who Eagle Harbor may call by deposition to testify as to the accused SYNC system, including Bluetooth aspects. | | X |
| James Farley<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Farley is a Ford employee who Eagle Harbor will call by deposition to testify as to the importance of the accused SYNC system to Ford. | X | |
| Samuel Hemingway<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Hemingway is a current Eagle Harbor employee who Eagle Harbor may call live to testify live as to Eagle Harbor's business model and history. | | X |
| Kenneth Hipp<br>c/o Franklin D. Ubell<br>GreenbergTraurig<br>3161 Michelson Drive, Suite 1000<br>Irvine, CA  92612 | | X |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 11*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| Mr. Hipp is a representative of Clarion Corporation of America who Eagle Harbor may call by deposition to testify as to audio control modules (ACMs) it developed and provided to Ford for use in the accused SYNC system. | | |
| Henry Huang<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Huang is a Ford employee who Eagle Harbor may call by deposition to testify about the accused SYNC system. | | X |
| Gary Jablonski<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Jablonski is a Ford employee who Eagle Harbor may call by deposition to testify about the accused SYNC system. | | X |
| Timothy Lloyd<br>c/o Pioneer Automotive Technologies, Inc.<br>22630 Haggerty Road<br>Farmington Hills, MI 48335<br><br>Mr. Lloyd is an employee for Ford's supplier Pioneer Automotive Technologies who Eagle Harbor may call by deposition to testify about the accused SYNC system. | | X |
| Robert Pierce Lutter<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Lutter is a co-inventor of the Patents in Suit. Eagle Harbor will call him by deposition to testify about conception and reduction to practice, Medius's business model and history, and interactions between Medius and Ford, and Airbiquity. | X | |
| David Marsing<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Marsing is a current Eagle Harbor employee who Eagle Harbor will call to testify live as to Eagle Harbor's business model and history. | X | |
| Paul Mascarenas<br>c/o Wilmer Hale<br>60 State Street | X | |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 12*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| Boston, MA 02109<br><br>Mr. Mascarenas is a Ford employee Eagle Harbor will call live adverse to testify as to the importance of the accused SYNC system to Ford. | | |
| Ronald Miller<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Miller is a Ford employee who Eagle Harbor may call by deposition to testify as to Ford's knowledge of the Patents in Suit. | | X |
| Michelle Moody<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Ms. Moody is a Ford employee who Eagle Harbor will call by deposition to testify as to pricing and marketing for the accused SYNC system. | X | |
| David Nason<br>2404 Pathway Drive<br>Chapel Hill, NC<br><br>Mr. Nason is a former Medius, Inc. employee who Eagle Harbor may call by deposition to testify as to his work for Medius and interactions between Medius and Ford. | | X |
| Tracey Olson<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Ms. Olson is a former Medius, Inc. employee who Eagle Harbor may call by deposition to testify as to its history and development of the patented technology. | | X |
| David Orris<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Orris is a Ford employee who Eagle Harbor may call by deposition to testify as to Ford's alleged trade secrets. | | X |
| David Patterson<br>5436 Versailles Avenue<br>Brighton, Michigan 48116 | | X |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 13*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| Mr. Patterson is a former Invotronics employee who Eagle Harbor may call by deposition to testify as to Ford's alleged trade secrets. | | |
| Krishnaswamy Venkatesh Prasad<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Prasad is a Ford employee who Eagle Harbor may call by deposition to testify as to the accused SYNC product, interactions between Medius and Ford, and Ford's alleged prior art systems. | | X |
| Dan Preston<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Dan Preston is a co-inventor on the Patents in Suit and Counterclaim Defendant. He will testify about conception and reduction to practice, Medius's business model and history, interactions between Medius and Ford, and Airbiquity. | X | |
| Joseph Preston<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Joe Preston is a former Medius employee. He will testify live about the development of Medius's technology, Medius's business model and history, interactions between Medius and Ford, and Airbiquity. | X | |
| Vladimir Rasin<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Rasin is a Ford employee Plaintiffs may call by deposition to testify as to Ford's alleged prior art systems. | | X |
| Jeffrey Rupp<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Rupp is a Ford employee who Eagle Harbor will call live adverse to testify as to interactions between Medius and Ford. | X | |
| Kenneth Schofield<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800 | | X |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| Seattle, WA 98101<br><br>Mr. Schofield is an employee of Eagle Harbor Holdings, LLC who Eagle Harbor may call by deposition to testify as to Medius's technology and interactions with third parties. | | |
| Craig Simonds<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Simonds is a Ford employee who Eagle Harbor may call by deposition to testify as to Ford's alleged prior art systems. | | X |
| Peter Tassie<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Tassie is a Ford employee who Eagle Harbor may call by deposition to testify as to Ford's license agreements. | | X |
| William Tolhurst<br>2603 Trinity PA<br>San Antonio, TX 78261-2343<br><br>Mr. Tolhurst is a former employee of Cross Country Automotive Services who Eagle Harbor may call by deposition to testify as to Ford's alleged trade secrets. | | X |
| Douglas VanDagens<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. VanDagens is a Ford employee who Eagle Harbor may call by deposition to testify as to Ford's alleged trade secrets. | | X |
| Wilford Yopp<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Yopp is a former Ford employee who Eagle Harbor may call by deposition to testify about interactions between Medius and Ford. | | X |

### D.    Ford's Fact Witnesses

#### 1.    Live Fact Witnesses

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| Witness | Will Call | May Call |
|---------|:---------:|:--------:|
| Jason Farmer<br>c/o Judith Jennison<br>Perkins Coie<br>1201 Third Avenue. Suite 4900<br>Seattle, WA 98101-3099<br><br>Mr. Farmer is a Microsoft employee who will testify regarding Microsoft software, SYNC, and Microsoft's collaboration with Ford. | X | |
| Gary Jablonski<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Jablonski is a Ford employee who will testify regarding the development and operation of the SYNC system and Ford's trade secrets misappropriation claim. | X | |
| Paul Mascarenas<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Mascarenas is a former Ford employee who will testify regarding the history and business of Ford and the accused systems. | X | |
| Heinz Mattern<br>c/o Dawn Rudenko Albert<br>Dickstein Shapiro<br>1633 Broadwav<br>New York, New York 10019-6708<br><br>Mr. Mattern is a Valeo employee who will testify regarding the development and operation of Ford's APA system, Rear Park Aid, Valeo, and the state of the art in parking assistance systems. | X | |
| Michelle Moody<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Ms. Moody is a Ford employee who may testify regarding Ford's market research regarding the accused products and the importance of the allegedly patented features of the accused products to Ford's customers. | | X |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 16*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| David Orris<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Orris is a Ford employee who may testify regarding Plaintiffs' misappropriation of Ford's trade secrets. | | X |
| Jeff Ostrowski<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Ostrowski is a Ford employee who may testify regarding the development and operation of Ford's SYNC system. | | X |
| Krishnaswamy Venkatesh Prasad<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Prasad is a Ford employee who may to testify regarding the development and operation of the SYNC system, interactions between Medius and Ford, and prior art to the Processor Patents. | | X |
| Darrell Recker<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Recker is a Ford employee who will testify regarding the development and operation of the APA system. | X | |
| Jeffrey Rupp<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. Rupp is a Ford employee who will testify regarding Ford's interactions with Plaintiffs' predecessor company, Medius, Inc. | X | |
| Robert Schumacher<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Schumacher will testify regarding prior art to the Processor Patents. | X | |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 17*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | Will Call | May Call |
|---|---|---|
| Craig Simonds<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Simonds is a former Ford employee who will testify regarding prior art to the Processor Patents. | X | |
| William Taylor<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Taylor will testify regarding prior art to the '137 patent and the state of the art at the time of the alleged invention of the '137 patent. | X | |
| Doug VanDagens<br>c/o WilmerHale<br>60 State Street<br>Boston, MA 02116<br><br>Mr. VanDagens is a Ford employee who may testify regarding Ford's SYNC product, Ford's relationship with Microsoft, and Ford's trade secrets misappropriation claim. | | X |

### 2.     Fact Witnesses By Deposition

| Witness | Will Call | May Call |
|---|---|---|
| Niall Berkery<br>908 Longfellow Ave.<br>Royal Oak, MI 48067-4527<br><br>Mr. Berkery may testify by deposition regarding Ford's trade secrets misappropriation claim. | | X |
| Michael Cops<br>c/o Susman Godfrey, LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA, 98101<br><br>Mr. Cops is a former Medius, Inc. employee and may testify by deposition regarding background on Medius Inc., interactions between Ford and Medius, Inc; and Plaintiffs infringement allegations. | | X |
| Stephen Ford<br>Stolowitz Ford Cowger LLP<br>621 Southwest Morrison St., Suite 600<br>Portland, OR 97205<br><br>Mr. Ford may testify by deposition regarding Medius, Inc. and Plaintiffs and the prosecution of the patents in suit. | | X |

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 18*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| Steven Grant<br>c/o Judith Jennison<br>Perkins Coie<br>1201 Third Avenue. Suite 4900<br>Seattle, WA 98101-3099<br><br>Mr. Grant is a Microsoft employee who may testify by deposition regarding the development and operation of SYNC and Microsoft's collaboration with Ford. | | X |
| Samuel Hemingway<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Hemingway is an employee of Plaintiffs who may testify by deposition regarding background on Medius, Inc. and Plaintiffs, Plaintiffs' acquisition of the asserted patents; the value of the patents in suit, the relationship between Plaintiffs and Invotronics, and Northwater Capital's investment in Plaintiffs; and Plaintiffs misappropriation of Ford's trade secrets. | | X |
| Brian Hewitt<br>c/o Susman Godfrey, LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA, 98101<br><br>Mr. Hewitt is a former employee of Medius, Inc. who may testify by deposition regarding Medius, Inc., the patents in suit, invalidity and Plaintiffs' infringement allegations. | | X |
| Hakan Kostepen<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Kostepen is a former Ford employee who may testify by deposition regarding Ford's interactions with Medius, Inc. | | X |
| R. Pierce Lutter<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Lutter is a co-inventor on the Patents in Suit who will testify by deposition regarding background on Medius, Inc.; the asserted patents; Plaintiffs infringement allegations; and the validity of Plaintiffs' patents. | X | |

| | | |
|---|---|---|
| David Marsing<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Marsing is a former Medius, Inc. employee who may testify by deposition regarding Medius's business model and history | | X |
| Ronald Miller<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Miller is a former Ford employee who may testify by deposition regarding interactions between Medius, Inc. and Ford. | | X |
| Tracey Olson<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Ms. Olson is a former Medius, Inc. employee who may testify by deposition regarding Medius, Inc's history and development of the allegedly patented technology. | | X |
| David Patterson<br>5436 Versailles Avenue<br>Brighton, Michigan 48116<br><br>Mr. Patterson is a former employee of Invotronics / Flextronics who will testify by deposition regarding Plaintiffs misappropriation of Ford's trade secrets. | X | |
| Carl Peterson<br>5617 49th Ave. SW<br>Seattle, WA 98136<br><br>Mr. Peterson is a former Medius, Inc. employee who may testify by deposition regarding Medius, Inc. | | X |
| Dan Alan Preston<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Preston is a co-inventor on the Patents in Suit and CEO of Plaintiffs who will testify by deposition regarding background on Medius, Inc. and Plaintiffs; the asserted patents; Plaintiffs infringement allegations; the validity of Plaintiffs' patents, and Plaintiffs misappropriation of Ford's trade secrets. | X | |

| | | |
|---|---|---|
| Vladimir Rasin<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Rasin is a former Ford employee who may testify by deposition regarding prior art to the Processor Patents. | | X |
| Ken Schofield<br>c/o Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101<br><br>Mr. Schofield may testify by deposition regarding the patents-in-suit, invalidity, Plaintiffs' infringement allegations, Plaintiffs' misappropriation of Ford's trade secrets | | X |
| Wilford ("Trent") Yopp<br>c/o Wilmer Hale<br>60 State Street<br>Boston, MA 02109<br><br>Mr. Yopp is a former Ford employee who may testify by deposition regarding interactions between Medius, Inc. and Ford. | | X |

## VI. Exhibits

A list of the exhibits Plaintiffs may use is attached as Attachment 1. Plaintiffs intend to introduce one or more exhibits that are summaries, charts or calculations to prove the content of voluminous writings that cannot be conveniently examined in court, pursuant to Federal Rule of Evidence 1006.

A list of the exhibits Ford may use is attached as Attachment 2. In addition Ford may introduce one or more exhibits that are summaries, charts or calculations reflecting the content of voluminous writings pursuant to Federal Rule of Evidence 1006.

The parties agree that the Patents-in-Suit, and printed publications or patents that are cited and relied upon in Ford's invalidity expert reports, are admissible. Notwithstanding their admissibility, these documents may only be admitted if they are introduced through a testifying witness who is questioned about the exhibit.

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 21*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Further, the parties have agreed that:  1) there shall be no objections to the authenticity of exhibits produced by the Parties unless there is a genuine belief that the exhibit is a fake or altered, unless the objecting party has a substantial good faith belief that the document is not what the offering party claims it is; and 2) neither side shall require the other to lay a business record foundation for the introduction of a document authored by any Party to this case and produced in discovery unless there is a good faith belief that the exhibit was not a document created and maintained in the ordinary course of business.  The parties are continuing to meet and confer to identify all of the exhibits covered by these stipulations, as well as to reach additional agreements, and will file amended exhibit lists by March 6, 2015.

## VII.   Trial Procedure Stipulations

### A.   Exhibits in Native Format

Both parties request that they be permitted to present jurors with exhibits in native electronic format pursuant to LCR 43(h)(4).

### B.   Juror Notebooks

The parties agree that, at the start of trial, the jurors shall be provided with notebooks containing the asserted patents, the Court's claim constructions, and the Glossary accompanying the parties' jury instructions.

### C.   Jury Questionanaire

The parties intend to submit at the pretrial conference an agreed jury questionnaire. So that the parties may meaningfully use the results of the questionnaire, the parties request that the questionnaire be sent to the pool of potential jurors with enough time for the parties to receive the results by Friday, March 6, 2015.

### D.   Time Limits

For the purpose of allocating the time available for trial, the parties jointly propose the following guidelines:

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 22*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1.    That the Court divide the available trial time during the hours of 9:00 am to 4:30 pm (and excluding lunch and breaks), equally between Eagle Harbor and Ford and enforce that allocation of time;

2.    That time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by the other party, closing and rebuttal arguments, and its argument on any motions for judgment as a matter of law;

3.    That to the extent deposition designations are read or played in open court, each party will be charged for the time taken to read or play its own designations, as measured by the proportion of lines of testimony for its designations to the total number of lines of testimony read, or by the actual time elapsed on the video recording when played;

4.    That with respect to attorney argument on objections during sidebars or outside the presence of jury, during the hours of 9:00 am to 4:30 pm (and excluding lunch and breaks), the time taken to argue and decide such objections will be subtracted from the time for trial available to the party losing the issue (e.g., the party making an objection, if the objection is overruled, or the party against whom an objection is made, if the objection is sustained. With respect to arguments that do not result in a decision by the Court, the parties agree to split the time charge evenly.

## VIII.  Disputed Trial Procedure Issues

### A.    Sponsoring Witnesses and Publication of Exhibits

The parties have a dispute concerning the necessity of a sponsoring witness, admission of exhibits, and publication of exhibits to the jury.

1.    <u>Eagle Harbor's Position</u>: No exhibit should be admitted into evidence unless it is introduced through a testifying witness who is questioned about the exhibit. Absent agreement of the parties, no exhibit may be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment. For clarity, the parties have agreed to a procedure—set out below—for disclosure of demonstratives and resolution of any objections before use. Eagle Harbor's proposal is not intended to bar the use of disclosed demonstratives—whether in opening or otherwise. Eagle Harbor requested that Ford provide a proposal for admitting exhibits throught the reading of interrogatory responses and requests for admission, and Ford has not done so.

2.    <u>Ford's Position</u>: The Court should decline to adopt a special rule for the admission of exhibits into evidence, and the parties should proceed to according to the Federal Rules of Evidence. Eagle Harbor's position would improperly bar, for example, the proper introduction of exhibits through requests for admission or interrogatory responses. Eagle Harbor's position also could be read to bar the use of demonstrative exhibits or the use of exhibits in opening statements. Eagle Harbor has expressed no

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 23*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

reason why the Court should adopt special rules for such permitted uses or why a departure from the Federal Rules should be adopted in this case.

## B.     Live and Deposition Testimony Offered from Same Witness

The parties have a dispute regarding the procedure for playing deposition testimony of a witness who previously testified live.

1.     Eagle Harbor's Position: When any witness testifies live, that witness shall be examined by each party on all issues in the case. Witnesses who are called live shall not be recalled, whether as an individual or in a corporate representative capacity, for live testimony or deposition testimony, except that any party may call its own witness live in rebuttal.

This rule is consistent with the strong preference for live testimony, particularly where credibility determinations are at stake. *See, e.g.*, *Obrey v. England*, 215 Fed. Appx. 621, 623-24 (9th Cir. 2006). Depositions are not intended to substitute at trial for the witness himself. As Judge Learned Hand stated, "(t)he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939); *see also G.E.J. Corp. v. Uranium Aire, Inc.*, 311 F.2d 749, 755 (9th Cir. 1962). Furthermore, courts can put reasonable limits on the use of deposition testimony, as they have in numerous cases where a deponent appears to testify live at trial. *See, e.g.*, *id.*; *U.S. v. Int'l Business Mach. Corp.*, 90 F.R.D. 377, (S.D.N.Y. May 27, 1981) (depositions of those witnesses who testified at trial not admissible when offered after witnesses' appearances, particularly in light of fact that offering party made no attempt to elicit the testimony it sought to offer by way of those depositions when witnesses were on the stand); *Young & Assocs. Pub. Relations, LLC v. Delta Airlines, Inc.*, 216 F.R.D. 521 (D. Utah Aug. 4, 2003) (precluding use of depositions for live trial witnesses, even if they are otherwise unavailable under Fed. R. Civ. P. 32(a)). Further, this rule facilitates the efficient presentation of evidence and economizes the Court and the jury's time by ensuring that duplicative testimony from the same witness is not presented live and by deposition. Ford's citation of Wright and Miller on this point is inapposite because the authority addresses the admission of deposition testimony for a witness who is available to testify, not one who has already testified and been subject to unrestricted cross examination.

2.     Ford's Position: Ford agrees that when any witness testifies live, that witness may be examined by each party on all issues in the case. However, this does not prevent either party from playing deposition testimony of the other party's officers or 30(b)(6) witnesses pursuant to Fed. R. Civ. P. 32(a)(3).  *See id.* ("Deposition of Party, Agent, or Designee. An adverse party *may use for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).") (emphasis added)

Indeed, Wright and Miller is clear that deposition testimony may be introduced under Rule 32 even if a witness has also testified. *See* 8A Wright & Miller, *Federal Practice and Procedure* § 2145 (3d ed.) ("[Rule 32(a)(3)] should be liberally construed.  The trial court has discretion to

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 24*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but *it may not refuse to allow the deposition to be used merely because the party is available to testify in person…* It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and *it is quite immaterial that the adversary* is available to testify at the trial or *has testified there*. Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him."). Plaintiffs' attempt to depart from the Federal Rules of Civil Procedure should again be rejected. Indeed, Plaintiffs' attempt to justify such departure on the basis of "ensuring that duplicative testimony from the same witness is not presented" is inconsistent with their position below seeking a default rule where each party would have to play deposition testimony from the same witness separately, which, as explained below, would result in duplication of testimony.

**C.      Procedure for Playing Deposition Designations for Witnesses Affirmatively Designated by Both Parties**

1.      Eagle Harbor's Position: For witnesses called to testify by deposition, where both sides have made affirmative designations, the designations will be treated separately. In Eagle Harbor's case-in-chief or rebuttal case, Eagle Harbor may offer its affirmative designations (along with Ford's counter-designations for completeness, and Eagle Harbor's counter-counter-designations for completeness). In Ford's case-in-chief or rebuttal case, Ford may offer its affirmative designations (along with Eagle Harbor's counter-designations for completeness, and Ford's counter-counter-designations for completeness).

Eagle Harbor's proposal would permit each party to play deposition testimony pertinent to its case-in-chief in that party's own case. This proposal is consistent with the Rules. Federal Rule of Evidence 106 permits a party to introduce other parts of a recorded statement that "in fairness ought to be considered at the same time." But Ford's proposal goes far beyond this "rule of completeness," and suggests that Ford may counter-designate, and play in Eagle Harbor's affirmative case, *any other portion* of the deposition. Neither Federal Rule of Evidence 106 nor Federal Rule of Civil Procedure 32(a)(4) permit such a result. *See, e.g.*, *Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487 (E.D.N.Y. April 19, 2001).

This rule would promote fairness, such that neither party could drown out the other party's leaner deposition designations with voluminous unrelated testimony. And this proposal would not prejudice either party, because of course, Federal Rule of Evidence 106 does not "circumscribe the right of the adversary to develop the matter on cross examination or as part of his [or her] own case." Fed. R. Evid. 106 advisory committee's note.

2.      Ford's Position: Ford is willing to consider Eagle Harbor's position on a witness-by-witness basis, but does not agree that Medius's position should be the default rule. Eagle Harbor's proposed rule could result in duplication of testimony where, for example, testimony that is part of one party's case-in-chief would be replayed during the other party's rebuttal

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 25*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

(as part of the first party's counter-designations).   Although Eagle Harbor's proposal may be appropriate in certain instances, it would not be efficient as a blanket rule.   Further, Ford disputes that a party's counter-designations are limited to testimony "for completeness," which is not the governing standard under the Federal Rules.   *See* Fed. R. Civ. P. 32(a)(6) (allowing introduction of "other parts that in fairness should be considered with the part introduced"); *Great Am. Ins. Co. v. Moye*, No. 8:10-CV-00330, 2010 WL 2889665, at *6 (M.D. Fla. July 19, 2010) (allowing additional deposition excerpts that addressed "points of contention in the Plaintiff's previous motions and pleadings").

## IX.     Trial Stipulations

1.     By March 2, 2015 at 2:00 p.m. PT, the Parties will provide to each other the order in which live witnesses are expected to be called in their cases-in-chief. If the order of witnesses changes for any reason, if a Party no longer expects to call a witness identified on the "will call" list, or if a Party expects to call live a witness on the "may call" witness list, that Party shall provide the other side notice of the change as soon as possible.

2.     The Parties agree to give the other side a list of live witnesses who will be called for each day of trial, in the order in which they will be called, by 8:00 a.m. the morning before the day said witnesses are expected to be called. If events during the day cause a change in a Party's witness list, the Parties agree to give the other side notice of any such changes in the witness list as soon as possible, but in no event later than: (1) 1:00 p.m. if the change involves adding a witness that was not included on the list of witness provided at 8:00 a.m., or (2)  7:00 p.m. or two hours after the close of the hearing day, whichever is earlier, on the evening before said witnesses shall be called if the change involves dropping a witness from the list of witnesses provided at 8:00 a.m.

3.     By March 6, 2015, the Parties will agree to a stipulated list of trial exhibits that they will jointly move to admit.

4.     With respect to direct examination, the Parties agree to provide to the other side a good-faith list of exhibits, and copies of demonstratives, expected to be used for purposes of direct examinations by 7:00 p.m. (or two hours after the close of the hearing day, whichever is earlier) the day before said direct examinations. If the list changes during witness preparation

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 26*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

after 7:00 p.m., the Parties agree to give each other prompt notice of any such changes. The Parties agree that this provision does not require the disclosure of exhibits, including demonstratives, to be used solely for cross-examination.

5.     With respect to the good-faith list of exhibits and the demonstratives to be exchanged pursuant to the preceding paragraph, the Parties agree to reserve foundation objections to exhibits until their use at trial; however, the Parties agree to advise the other side of any other objections that they anticipate lodging by 9:00 p.m. the evening before the day of proposed use of said exhibits. The Parties will meet and confer at 9:30 p.m. before the day of proposed use of the exhibit to attempt to resolve any objections.

6.     Demonstratives to be used during opening statements will be exchanged by 7:00 p.m. on the day before opening statements. The Parties agree to provide any objections to such demonstrative exhibits by 9:00 p.m. on the day before opening statements. The parties will meet and confer at 9:30 p.m. the night before opening statements to attempt to resolve any objections.

7.     The Parties agree that demonstratives created during testimony need not be provided to the other side in advance of their use.

8.     The Parties agree that there shall be no objections to the authenticity of exhibits produced by the Parties unless there is a genuine belief that the exhibit is a fake or altered, unless the objecting party has a substantial good faith belief that the document is not what the offering party claims it is.

9.     The Parties agree to give the other side a list of depositions that they expect to offer for each day of trial, in the order in which they will be offered, by 10:00 a.m. two days before they expect said depositions to be offered.

10.     The Parties agree that when a party is permitted to introduce deposition designations, counter-designations and counter-counter-designations at trial (which turns in part on resolution of the dispute identified in Section VIII(B) *supra*), the permitted designations will be read or played together in the sequence in which the testimony originally occurred.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

11.     If the parties are unable to resolve any objections to designations of sworn testimony, the Parties will submit any unresolved objections to the Court for ruling no later than 6:00 p.m. the evening before that deposition is to be introduced into evidence.

12.     The Parties reserve the right to drop part or all of their deposition designations or counter-designations at trial. If the Party offering a deposition decides to drop any part of its designation, it will provide the other Party with its revised designation no later than 10:00 a.m., two days before the designation is to be played or read in order to enable that Party to modify its counter-designation. In that event, or in the event that the offering Party has not decided to alter its designation but the other Party desires to drop part of its counter-designation, the other Party will provide its revised counter-designation no later than 10:00 a.m. the day before the designation is to be played or read.

13.     The Parties agree that neither side shall require the other to lay a business record foundation for the introduction of a document authored by any Party to this case and produced in discovery unless there is a good faith belief that the exhibit was not a document created and maintained in the ordinary course of business.  Any dispute as to a document's status as a business record will be raised at the same time the objecting Party serves objections to exhibits as set forth in paragraph 5 above.

14.     In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked as a different exhibit number, a Party may substitute one exhibit for the other.

15.     The Parties agree that one corporate representative (who also may be a witness) from each side may attend the entire trial. The Parties further agree that expert witnesses may attend the entire trial. Fact witnesses other than each side's corporate representative will be excluded from the live testimony of other witnesses prior to their testimony.

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 28*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Dated:  February 27, 2015

By:   /s/ Floyd G. Short
Parker C. Folse III (WSBA No. 24895)
Ian B. Crosby (WSBA No. 28461)
Floyd G. Short (WSBA No. 21632)
Genevieve V. Wallace (WSBA No. 38422)
Jordan Connors (WSBA No. 41649)
E. Lindsay Calkins (WSBA No. 44127)
SUSMAN GODFREY L.L.P.
1201 3rd Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3861
Fax : (206) 516-3883
E-Mail:  pfolse@susmangodfrey.com
     icrosby@susmangodfrey.com
     fshort@susmangodrey.com
     gwallace@susmangodfrey.com
     jconnors@susmangodfrey.com
     lcalkins@susmangodfrey.com
*Counsel for Plaintiffs*


By:      /s/ Michael J. Summersgill
Duncan E. Manville, WSBA #30304
Tel.:  (206) 749-0500
Fax:  (206) 749-0600
Email: dmanville@sbwllp.com


**WILMER CUTLER PICKERING HALE AND DORR LLP**
Michael J. Summersgill *(pro hac vice)*
Sarah Beigbeder Petty *(pro hac vice)*
60 State Street
Boston, Massachusetts  02109
Tel.:  (617) 526-6000
Fax:  (617) 526-5000
Email: michael.summersgill@wilmerhale.com
     sarah.petty@wilmerhale.com


**WILMER CUTLER PICKERING HALE AND DORR LLP**
Todd C. Zubler *(pro hac vice)*
Grant K. Rowan *(pro hac vice)*
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.:  (202) 663-6636
Fax:  (202) 663-6363
Email: todd.zubler@wilmerhale.com
     grant.rowan@wilmerhale.com

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 29*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**BROOKS KUSHMAN P.C.**
Frank A. Angileri (*pro hac vice*)
John S. Le Roy (*pro hac vice*)
1000 Town Center, 22nd Floor
Southfield, Michigan  48075
Tel.:  (248) 358-4400
Fax:  (248) 358-3351
Email:  fangileri@brookskushman.com
           jleroy@brookskushman.com

Attorneys for Defendant Ford Motor Company

*JOINT PRETRIAL STATEMENT*
*Case No. 3:11-cv-05503-BHS*
*Page 30*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883