UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOR HOLDINGS, LLC, and MEDIUSTECH, LLC, <br><br>             Plaintiffs, <br><br>      v. <br><br> FORD MOTOR COMPANY, <br><br>             Defendant. | CASE NO. C11-5503 BHS <br><br> ORDER RE: TRIAL BRIEF |

This matter comes before the Court on Defendant Ford Motor Company's ("Ford") motion for leave to file response to sections IV and V of Plaintiffs' trial brief (Dkt. 567), Ford's brief in response (Dkt. 568-1), and Plaintiffs' reply (Dkt. 570).

On March 9, 2015, Ford filed the instant motion and brief responding to five issues set forth in Plaintiffs' trial brief, which are as follows: (1) Trade Secrets/Continuations/Amendments, (2) Stipulation Regarding References to Plaintiffs, (3) Juror Notebooks and Claim Construction, (4) Jury Instructions, and (5) Ford's witnesses.

ORDER - 1

With regard to the parties' stipulation as to how to refer to Plaintiffs, that issue was addressed during the hearing.

With regard to jury instructions, those issues will be addressed with the jury instructions.

With regard to juror notebooks, the Court's constructions were clearly set forth and the Court denies Ford's attempt to include specific portions of any analysis for any particular claim. Therefore, the juror notebooks shall reflect the language set forth in Plaintiffs' proposed jury instruction on claim construction. *See* Dkt. 536 at 11–13.

With regard to Ford's witnesses, they may testify as lay witnesses but not as experts. The Court reserves ruling on this issue.

With regard to trade secrets and continuation claims, Ford has the better argument. While broadening claims during prosecution to capture a competitor's products is not improper, the written description must support the broadened claims. *See Liebel–Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 909 n. 2 (Fed. Cir. 2004) ("[I]t is not improper for an applicant to broaden his claims during prosecution in order to encompass a competitor's products, as long as the disclosure supports the broadened claims.") (citing *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988)).

Although the Court has excluded Ford's circular trade secret patent infringement theory, there is an absence of case law that precludes Ford from arguing that Plaintiffs filed continuation applications that "covered" Ford's trade secrets. This is based on Ford's theory that at least one patent is invalid for lack of a written description. Such a theory "is a question of fact." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351

ORDER - 2

(Fed. Cir. 2010).  The question of fact incorporates a number of factors such as "the existing knowledge in the particular field, the extent and content of the prior art, the maturity of the science or technology, [and] the predictability of the aspect at issue." *Id.* (quoting *Capon v. Eshhar*, 418 F.3d 1349, 1359 (Fed. Cir. 2005)).  In a recent opinion, the Federal Circuit upheld a verdict of invalidity based partially on expert testimony regarding the alleged infringer's "direct experience developing the accused products ...." *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1342 (Fed. Cir. 2013).

Under this precedent, Ford may offer evidence that Plaintiffs' patents cover technology that was not disclosed in the original specification.  It is, however, unclear how Ford intends to offer such evidence.  For example, cross-examining the listed inventors on the issue of whether certain claims were amended to cover Ford's trade secrets and whether the original specification includes such technology is fair game.  On the other hand, the Court is currently unaware of any expert testimony that a particular claim lacks written description because a particular claim limitation was amended to cover a trade secret that was not in the original specification.  The only invalidity expert Ford has offered so far based his opinion on the failure of the specification to disclose software running on predetermined processors.  Dkt. 385, Declaration of Scott Andrews. In fact, Ford's argument on the current issue at the summary judgment stage was purely attorney argument with no basis in actual fact.  *See* Dkt. 373 at 63–69.  Ford did present some fairly damaging emails from the named inventors, but failed to establish a basis in fact that a claim covers Ford's trade secret and is invalid for a lack of written description. Therefore, to the extent Ford intends to cross-examine on this issue, the Court will allow

1  the questions.  To the extent that Ford intends to offer expert testimony, Ford bears the

2  burden of showing that the testimony has met all of the rules of procedure.

3       Furthermore, Ford's invalidity argument does not conflict with the Court's rulings

4  limiting Ford's trade secret claim.  The trade secret claim is preempted by federal patent

5  law, but that ruling has no effect on a properly disclosed theory of invalidity.  Therefore,

6  the Court denies Plaintiffs' attempt to limit Ford's theory.

7  **IT IS SO ORDERED**.

8  Dated this 10th day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4