UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOR HOLDINGS, LLC,
and MEDIUSTECH, LLC,

        Plaintiffs,

    v.

FORD MOTOR COMPANY,

        Defendant.

CASE NO. C11-5503 BHS

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs Eagle Harbor Holdings, LLC, and Mediustech, LLC's ("Eagle Harbor") motion for reconsideration regarding order excluding in part of Michael Wagner (Dkt. 593). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 10, 2014, Eagle Harbor served Michael Wagner's expert report on damages. *See* Dkt. 421 at 2-200. On December 5, 2014, Ford deposed Mr. Wagner. *Id*. at 202.

On January 22, 2015, Ford filed a motion to exclude Mr. Wagner as a trial witness. Dkt. 419. On March 9, 2015, the Court held a hearing regarding Mr. Wagner's report and proposed testimony. Later that day, the Court granted Ford's motion in part and denied the motion in part. Dkt. 575. On March 12, 2015, Eagle Harbor filed a motion for reconsideration. Dkt. 593. That afternoon, the Court requested a response. On March 13, 2015, Ford filed a response. Dkt. 595.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Eagle Harbor "urges reconsideration" because the Court should not have excluded Mr. Wagner's opinion as to the ultimate value of damages for Ford's alleged induced infringement of the APA. Dkt. 593 at 6. Although a showing of manifest error is the standard for reconsideration, the Court understands the impact of the ruling and will address the merits of Eagle Harbor's motion.

First, Eagle Harbor argues that usage is not a factor in the hypothetical negotiation. Dkt. 593 at 2-6. The Court agrees and declined to exclude Mr. Wagner's opinion on the issue of a reasonable royalty. The Court has not issued any ruling adverse to Eagle Harbor on this issue, and Eagle Harbor properly addressed this reasonable

royalty in its opening statement.  Therefore, the Court concludes that it did not commit manifest error because it did not exclude Mr. Wagner's opinion as to the reasonable royalty.

Second, Eagle Harbor argues that new facts support permitting Mr. Wagner's ultimate conclusion to go to the jury.  Dkt. 593 at 6.  The problem with this argument is the complete lack of, or extreme tardiness of, evidence establishing the multiplier of actual usage by end customers in combination with that reasonable royalty.  Eagle Harbor asserts that "Dr. Paul Min testified yesterday that the Active Park Assist system infringes claim 29 of the '137 patent whenever *the driver uses the system for its intended purpose.*" *Id*.  This is not evidence of how many drivers actually pushed the APA button and allegedly directly infringed.  Eagle Harbor also argues that "a jury could reasonably conclude that a Ford customer who elects to pay over $300 to have the APA system on his or her car would try the system." *Id*.  This is not a reasonable conclusion.  As the Federal Circuit held in *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1361 (Fed. Cir. 2012), evidence that the infringing feature was turned on by a user is not sufficient evidence that a user actually performed each step of the method claim and directly infringed.  Moreover, if it is so reasonable to assume that every user who pays $300 to buy the relevant feature would actually use it, Eagle Harbor should have had no problem obtaining evidence in support of this assumption.  *Id*. at 1362.  Eagle Harbor's assumption is pure speculation and the Court disagrees that such evidence shows actual usage to a reasonable certainty.

## III. ORDER

Therefore, it is hereby **ORDERED** that Eagle Harbor's motion for reconsideration regarding order excluding in part of Michael Wagner (Dkt. 593) is **DENIED**.

Dated this 13th day of March, 2015.

                                                                          */s/ Benjamin H. Settle*  
                                                                          BENJAMIN H. SETTLE  
                                                                          United States District Judge