1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

EAGLE HARBOR HOLDINGS, LLC,
and MEDIUSTECH, LLC,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

CASE NO. C11-5503 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF
LAW AS TO ABANDONED
CLAIMS

14

15

16

17

18

19

This matter comes before the Court on Defendant Ford Motor Company's
("Ford") motion for judgment as a matter of law as to abandoned claims (Dkt. 631). The
Court has considered the pleadings filed in support of and in opposition to the motion and
the remainder of the file and hereby grants in part and denies in part the motion for the
reasons stated herein.

**I. PROCEDURAL HISTORY**

20

21

22

On June 30, 2011, Eagle Harbor Holdings, LLC and MediusTech, LLC ("Eagle
Harbor") filed a complaint against Ford asserting causes of action for infringement of

1  numerous claims in numerous patents.  Dkt. 1.  On November 25, 2013, the Court

2  ordered Eagle Harbor to reduce the number of asserted claims to thirty-five.  Dkt. 186.

3  After amending their complaint, amending their infringement contentions, and

4  voluntarily dismissing several claims before trial, the jury was only asked to determine

5  infringement as to five claims.  Dkt. 648.

6      Ford, however, asserted a counterclaim for declaratory judgment of non-

7  infringement.  In the pretrial order, Ford explicitly asserted that one of its claims for relief

8  was a "declaratory judgment of non-infringement . . . of U.S. Patent Nos. 6,615,137;

9  7,146,260; 7,778,739; 7,793,136; 8,006,117; 8,006,118; 8,006,119; 8,020,028;

10  8,027,268."  Dkt. 537 at 3.

11      On March 24, 2015, Ford filed a motion for judgment as a matter of law as to

12  abandoned claims.  Dkt. 631.  On March 26, 2015, the jury returned a verdict of non-

13  infringement of the five asserted claims.  Dkt. 648.  On April 6, 2015, Eagle Harbor

14  responded to Ford's motion.  Dkt. 658.  On April 10, 2015, Ford replied.  Dkt. 660.

15                    **II. DISCUSSION**

16      In this motion, Ford presents an issue that has not been directly addressed by the

17  Federal Circuit and upon which at least two district courts disagree.  In Delaware, the

18  court granted the counterclaimant's motion to enter judgment in the counterclaimant's

19  favor on voluntarily dismissed claims holding, in relevant part, as follows:

20      [T]he court does not find that defendants abandoned their noninfringement
        counterclaims.  Given plaintiffs' decision not to present evidence of
21      infringement of the '62,832 and '833 patents at trial (for which plaintiffs
        carried the burden of proof), defendants were not required to present
22      rebuttal evidence of noninfringement.

*Cephalon, Inc. v. Mylan Pharm. Inc.*, 962 F. Supp. 2d 688, 723 n.3 (D. Del. 2013).  On the other hand, in Texas, the court denied a similar motion providing in part as follows: "The Court cannot and will not enter judgment upon claims and defenses that were not presented for consideration to the jury.  There is no basis . . . to enter judgment of non-infringement for Apple as to VirnetX's unasserted claims."  *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013), *aff'd in part, vacated in part, rev'd in part sub nom. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014).

In this case, Ford is entitled to judgment as to some of the dismissed claims.  Ford's motion is based on Eagle Harbor's failure to present evidence of infringement at trial on any of its abandoned claims.  The Court, however, ordered Eagle Harbor ***not*** to present such evidence or even pursue such claims of infringement.  Dkt. 186.  Therefore, the Court concludes that it would be fundamentally unfair and plain error for the Court to enter judgment against Eagle Harbor on all of its abandoned claims because Eagle Harbor was under Court order to narrow its claims to thirty-five.

On the other hand, with regard to the thirty-five claims that Eagle Harbor litigated, Ford is entitled to judgment on its counterclaim.  Eagle Harbor bore the burden of persuasion at trial on the issue of infringement.  Although Eagle Harbor withdrew or voluntarily dismissed all but five claims, Ford did not amend its counterclaim to correspond to Eagle Harbor's dismissals.  Therefore, the Court concludes that Ford is entitled to judgment on the thirty claims that the Court allowed Eagle Harbor to pursue through trial, but failed to offer evidence on at trial.

1

**III. ORDER**

2          Therefore, it is hereby **ORDERED** that Ford's motion for judgment as a matter of

3     law as to abandoned claims (Dkt. 631) is **GRANTED in part** and **DENIED in part** as

4     stated herein.

5          Dated this 26th day of May, 2015.

6

7     _____

      BENJAMIN H. SETTLE

8     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4